FILED

2020 JAN 30  PM 12: 54

John Deatherage

706 Palmer St.

Orlando, FL  32801

(716) 830-0118

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| John Deatherage,<br><br>          Plaintiff,<br><br>     vs.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>          Defendant. | Case No.: 6:20-cv-156-ORL-41 GJK<br><br>**Violations of the Fair Credit Reporting Act, [15 U.S.C. § 1681 et. seq.]**<br><br>**Demand for Jury Trial** |

COMES NOW Plaintiff, John Deatherage, ("Plaintiff"), a Pro Se, brings forth his complaint for damages against Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), for violations of the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681 et. seq., and alleges herein as follows:

### Preliminary Statement: FCRA

1.   Congress enacted the FCRA in 1970 to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." See, in general, 15 U.S.C. § 1681. For example, under Congressional Findings and Statement of Purpose, § 1681(a)(4) reads as stated: "There is a need to insure that consumer reporting agencies exercise their

**Complaint for Damages**

grave responsibilities with fairness, impartiality, **and a respect for the consumer's right to privacy**. (Emphasis added).

2. The FCRA governs the "permissible purposes of consumer reports," 15 U.S.C. § 1681b, allowing a consumer reporting agency to furnish a consumer report or allowing a furnisher or prospective employer to access credit history for **specified** purposes ONLY, including, but not limited to, credit transactions initiated by a consumer, employment, licensing, etc. (Emphasis added). Thus, the strict liability provisions set forth in § 1681b operate to support the **confidentiality** of consumer reports by **limiting their dissemination**. (Emphasis added).

3. "The FCRA creates a private right of action against consumer reporting agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute." *Collins v. Experian Information Solutions, Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015), citing *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. at 53, 127 S. Ct. at 2206 (2007).

4. In a 2015 Settlement Agreement signed between the New York Attorney General's office and the consumer reporting agencies ("CRAs"), **including Experian,** the NYAG's BACKGROUND STATEMENT stated in relevant part, "The CRAs maintain **five types of consumer information**: (1) identifying information such as name, address, social security number, and birthdate; (2) current and past credit account information, including information about mortgages, car loans, and credit cards; (3) public records such as bankruptcies, foreclosures, civil judgments, and tax liens; (4) collection accounts; and (5) **inquiries (requests to access a consumer report)**.[1] (Emphasis added). See also Federal Trade Commission, Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 ("FTC Report"), at 2 (Dec. 2012). Plaintiff requests the Court to take judicial notice of the NYAG BACKGROUND STATEMENT and other public documents such as the FTC Report.

---

[1] https://ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf

**Complaint for Damages**

5. Plaintiff has standing to bring forth his claims against Defendant Experian for its negligent and/or willful violations of the FCRA, and to seek redress through a favorable ruling by this Honorable Court. "An injury sufficient for standing purposes is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent.'" *Common Cause/Ga. V. Billups*, 554 F.3d 1340, 1350 (11th Cir. 2009). Plaintiff shall seek damages from Defendant for violations of the FCRA pursuant to the three elements of standing: (a) injury in fact, (b) causation, and (c) redressability. *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

## Jurisdiction and Venue

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681p of the FCRA, and pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in Orlando, in the County of Orange, State of Florida. The harm to Plaintiff occurred within this District, Defendant Experian regularly conducts business in this District, and in the State of Florida, therefore establishing personal jurisdiction.

8. Plaintiff has attempted to mitigate damages by sending multiple NOTICE to Defendant via Certified and Registered Mail regarding the disputed and unverified information described in this lawsuit. Thus, Plaintiff has met all conditions precedent to resolve the dispute prior to filing this civil action.

## Parties

9. Plaintiff is an adult individual, a natural person, and a "person" as defined by 15 U.S.C. § 1681a(b). Plaintiff is also a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Experian is an Ohio corporation listed with the Ohio Secretary of State as a "CORPORATION FOR PROFIT." Experian has a principal and mailing address at 475 Anton Boulevard, Costa Mesa, CA 92626.

**Complaint for Damages**

1    11. Experian may be served at CT CORPORATION SYSTEM, 1200 South
2  Pine Island Rd., Plantation, FL 33324, its registered agent in Florida.

3    12.  Experian is a consumer reporting agency ("CRA") as defined by 15 U.S.C.
4  § 1681a(f), a nationwide consumer reporting agency, as defined by 15 U.S.C. §
5  1681a(p), and a "person," as defined by 15 U.S.C. § 1681a(b).

6    13.  Experian issues consumer reports (also commonly referred to as "credit
7  reports") as defined by 15 U.S.C. § 1681a(d).

8    14.  Experian has a parent company named Experian Holdings, Inc.  Experian
9  knows (or should know) that its parent is **a Delaware corporation that owns**
10 **100% of Experian, and is a completely separate entity from Defendant.**
11 (Emphasis added).

12   15.  Experian knows (or should know) that the parent of *its parent* is Experian
13 plc, an Irish-domiciled company with its Corporate Headquarters in Dublin.[2]
14 Experian plc is not subject to this Honorable Court's jurisdiction.

15   16.  Experian fails to name **all parent companies** when it files its Certificate of
16 interested persons and corporate disclosure statement in lawsuits within the Middle
17 District of Florida.   (Emphasis added). For example, in *Jackson v. Experian*
18 *Information Solutions, Inc.* 8:13-cv-03028 (M.D. Fla. 2013), Experian only
19 identified its Corporate Parent as Experian plc, while omitting Experian Holdings,
20 Inc. (See *Jackson*, Dkt. 15).  For example, in *Robinson v. Experian Information*
21 *Solutions, Inc., et al.*, 8:10-cv-02102 (M.D. Fla. 2010), Experian identified its
22 parent companies as Experian plc, while withholding information from the Plaintiff
23 and the Court of its actual parent being Experian Holdings, Inc.  (See *Robinson*,
24 Dkt. 15).  For example, in *Rumbough v. Experian Information Solutions, Inc., et*
25 *al.*, 6:12-cv-00811 (M.D. Fla. 2012), Experian identified its parent corporation as
26 Experian plc, and withheld naming Experian Holdings, Inc. (See *Rumbough*, Dkt.
27 9).  Plaintiff requests the Court to take judicial notice of these prior filings.

28
---
[2] http://www.experian.com/corporate/experian-locations.html

**Complaint for Damages**

**Factual Allegations**

17.  Plaintiff reaffirms and incorporates by reference the preceding paragraphs as though fully stated herein.

18.  Plaintiff requested his credit report from Experian on or around early August of 2019. Experian sent Plaintiff a 12-page correspondence dated August 8, 2019 titled "Your Credit Report." (Experian Report # 1572-6491-69).

19.  On page 9 of the referenced report, Experian lists a category titled **"Inquires shared with others."** In this category, Experian states as follows: "This section lists companies that have requested your credit information as a result of an action you took, such as applying for credit or financing or as a result of a collection. **These inquiries are shared with companies that receive your credit history.** Examples of inquiries shared with others include a real estate loan, a home mortgage loan, an auto loan, an application for credit." (Emphasis added).

20.  In the category titled "Inquiry Shared with others" Experian listed an item titled **"PERFORMANT FINANCIAL CORP"** ("Performant"), with a date of 02/26/18 and a Reason listed as "Unspecified."  (See "Exhibit A", portions redacted). (Emphasis added).

21.  Plaintiff did NOT at any time whatsoever give Experian permission to share Plaintiff's data regarding his credit information with Performant, and Experian knew (or should have known) that Performant did not have standing to access Plaintiff's credit report, or any item of informational data contained therein.

22.  Experian understood that this inquiry was not listed as a "soft" inquiry, Experian understood that it was a "hard" inquiry, which MUST be specified for reasons as set forth in the FCRA, and no other. Experian further understood that a "hard" inquiry enables a person to obtain private/confidential information regarding Plaintiff and his credit report, and that is shared with others.

23.  At the time Experian issued the credit report, credit information, data, and/or other personal, private and confidential information to Performant, Experian

**Complaint for Damages**

1  knew or should have known, that Plaintiff did NOT give permission to Performant

2  for purposes of extending credit, employment, insurance underwriting, **or any**

3  **other reason outlined in 15 U.S.C. § 1681b of the FCRA.** (Emphasis added).

4      24.  At or about the time Experian shared Plaintiff's credit information with

5  Performant, which also allowed that information to be "shared with others,"

6  Experian knew or should have known, that:

7        a.  Plaintiff did not authorize Experian to furnish his consumer report or

8  any of his personal data to Performant.

9        b.  Plaintiff did not initiate any account with Performant.

10        c.  Plaintiff did not have any existing contractual relationship for credit,

11  collections, loans, or services with Performant.

12        d.  Plaintiff did not owe any alleged debts to Performant, a collection

13  agency and "debt collector" as defined by the Fair Debt Collection Practices Act

14  15 U.S.C. § 1692a(6).

15        e.  Plaintiff did not have any public records such as a judgment by

16  Performant as a result of any collection action by Performant.

17        f.  Plaintiff did not apply for any employment with Performant.

18        g.  Plaintiff did not apply for any insurance with Performant.

19        h.  Plaintiff did not have any existing account/tradeline with Performant.

20        i.  Plaintiff did not have any court order instructing Experian to furnish

21  Plaintiff's consumer report (i.e., credit report) to Performant.

22        j.  No head of state or local child support enforcement agency requested

23  Experian to provide Plaintiff's consumer report to Performant.

24        k.  No agency administering a state plan under § 454 of the Social

25  Security Act (42 U.S.C. § 654) requested Experian to provide a credit report to

26  Performant for use to set an initial or modified child support award.

27        l.  Plaintiff did not receive a "firm offer of credit" as defined by the

28  FCRA, 15 U.S.C. § 1681a(l), from Performant.

**Complaint for Damages**

25. Plaintiff drafted a NOTICE to Experian on September 26, 2019, sent Certified Mail on September 28, 2019, in response to the unauthorized inquiry from Performant and as reported by Experian. (See "Exhibit B").[3]

26. Experian received the correspondence from Plaintiff regarding the unauthorized inquiry on October 5, 2019, as confirmed by certified mail tracking number 7016 3560 0000 2090 1648 at USPS.com. (See "Exhibit C").

27. Experian understood that Plaintiff was disputing the "unauthorized credit inquiry." (See "Exhibit B", letter to Experian, first paragraph). Indeed, Plaintiff stated the following: "I reviewed a copy of my credit report and Performant Financial Corp ran an unauthorized credit inquiry on me on February 26, 2018."

28. Experian did not even hide behind its own shenanigans, even brazenly listing the inquiry on Plaintiff's credit report as **"Unspecified."** (Emphasis added).

29. Experian understood that Performant was a furnisher of information.

30. Experian collects monetary compensation from Performant to provide access to credit information from consumers such as Plaintiff.

31. Experian understood that the FCRA only allows Experian to share Plaintiff's information if there is a permissible purpose.

32. Experian understood that the word "Unspecified" means Experian knew (or should have known) that **it had no basis to send any of Plaintiff's information to Performant**. (Emphasis added).

33. Experian understood that it provided Performant information regarding Plaintiff without any permissible purpose as defined by the FCRA, § 1681b.

34. Experian failed to properly vet the furnisher to determine for what exact purpose was the furnisher accessing Plaintiff's confidential information, in violation of compliance procedures of the FCRA, 15 U.S.C. § 1681e(a).

---

[3] Plaintiff's NOTICE also contained another separate letter disputing an unverified tradeline that is completely unrelated to the Performant inquiry, that is still an ongoing dispute with the furnisher and CRAs, and that is not the subject matter of this lawsuit or cause of action.

**Complaint for Damages**

35. Experian understood and knew or should have known that "Every consumer reporting agency shall maintain reasonable procedures…to limit the furnishing of consumer reports to the purposes listed under section 604 [§ 1681b]."

36. Experian understood that "No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [§ 1681b]." **See 15 U.S.C. § 1681e(a)**. (Emphasis added).

37. Experian understood that Plaintiff was addressing his concerns regarding an invasion of his privacy, and the dispute letter was specific to the "hard" inquiry made by Performant and reported by Experian.

38. Experian forwarded Plaintiff's letter to Performant, along with an automated consumer dispute verification ("ACDV").[4]

39. In the alternative, Experian did not forward Plaintiff's letter to Performant, and did not send an ACDV regarding the disputed inquiry.

40. Experian sent Plaintiff ten pages of correspondence dated October 24, 2019 and titled "Dispute Results." (Experian Report # 1174-0824-80).

41. Experian, on page 1 of the "Dispute Results" referenced 10/24/2019 stated as follows, in relevant part: "Inquires from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquires shared with others" on your personal credit report. These inquiries display on your credit report **when it is accessed by others with a permissible purpose**. These inquires may affect your credit score." (Emphasis added).

42. Experian, in a boilerplate fashion, was simply regurgitating the definition regarding the "inquires" section of the *prior* credit report.

43. Experian did NOT specifically address the dispute regarding the inquiry made by Performant and reported by Experian.

---

[4] An ACDV is an electronic form of communication used by CRAs to send to furnishers upon receipt of a notice of dispute from a consumer.

Complaint for Damages

44. Experian failed to conduct a reasonable reinvestigation, failed to consider all relevant information, and failed to remove the unauthorized inquiry from Plaintiff's credit report, in violation of 15 U.S.C. § 1681i(a) and its sub-parts.

45. Experian knows (or should know) that Performant is a "debt collector" who conducts business in the Middle District of Florida as Performant Recovery, Inc. As such, Experian knew (or should have known) that Performant was NOT a "credit grantor" and that Plaintiff could not have received a "firm offer of credit."

46. Experian allowed the unverified item to remain on Plaintiff's credit report, thereby further invading Plaintiff's right to privacy of his absolutely personal and confidential information, which Experian even admits is "shared with others."

47. Plaintiff gave another chance for Experian to curtail its violations of the FCRA and its deceptive business tactic of listing the inquiry as "Unspecified."

48. Plaintiff drafted a second letter dated November 14, 2019 to Experian, titled "Second Attempt to Investigate an Unauthorized Inquiry." (Attached herewith, marked as "Exhibit D").[5]

49. Plaintiff, this time around, sent the letter to Experian by Registered Mail, postmarked November 19, 2019 with tracking number RE276055282US.

50. In Plaintiff's second letter, it states in part, "This is my second attempt to dispute this Inquiry." Plaintiff also stated, "I hereby demand that you delete this inquiry **it was unauthorized**. This is a violation of the FCRA to report it." (Emphasis added).

51. Experian received the Registered Mail on November 23, 2019 as confirmed by the Registered Mail tracking number on USPS.com. (See "Exhibit E"). Experian knows (and should know) that Registered Mail is the most secured type of delivery available by the United States Postal Service.

---

[5] Plaintiff's NOTICE contained another separate letter demanding the description of reinvestigation for a disputed tradeline that is completely unrelated to the Performant inquiry, that is still in dispute, and that is not the subject matter of this lawsuit or cause of action.

52. Experian understood that Plaintiff was making a second attempt to remove the unauthorized inquiry as reported by Experian.

53. Experian understood that there was NO permissible purpose for the credit inquiry, yet continued to list the reason for the inquiry as "Unspecified."

54. Experian had another chance to vet the furnisher and stop the nonsense.

55. Experian forwarded Plaintiff's letter to Performant, along with an ACDV.

56. In the alternative, Experian did not forward Plaintiff's letter to Performant, and did not send an ACDV regarding the unauthorized inquiry.

57. Experian, armed with now a second dispute letter from Plaintiff, had another opportunity to conduct a reasonable reinvestigation, consider all relevant information provided by Plaintiff, and delete the inquiry from Plaintiff's report.

58. Experian sent Plaintiff a 10-page correspondence titled "Dispute Results" dated November 29, 2019. (Experian Report # 2653-8647-71).

59. Experian once again regurgitated in boilerplate fashion the terminology regarding "inquiries" without actually responding to the specific inquiry by Plaintiff. For example, of the 10 pages in the Experian report, there was no actual dispute results provided to Plaintiff regarding the unauthorized inquiry by Performant. In fact, the section containing inquiries was conveniently omitted. Experian deceptively stated on page 1, **"In response to your recent request, we are sending you this credit report."** (Emphasis added).

60. Experian knew (or should have known) that the Performant inquiry was still being reported without a permissible purpose, in violation of § 1681b.

61. Experian failed to conduct a reasonable reinvestigation, failed to consider all relevant information, and failed to delete the unauthorized inquiry that was inaccurate, incomplete, or could not be verified, thereby violating § 1681i(a) and all of its relevant subparts.

62. Experian failed to properly vet the furnisher in violation of § 1681e(a), and knew (or should have known) that Experian continued to list the reason for

Complaint for Damages

1  dissemination of Plaintiff's credit report or data contained therein to Performant as

2  **"Unspecified."** (Emphasis added).

3      63. Experian knew (or should have known) that NOTHING in the FCRA states

4  that Experian is allowed to share Plaintiff's personal information, including credit

5  information to a third-party for any reason that is "Unspecified." Experian failed

6  to consider the costs to remove the inaccurate item versus the harm to Plaintiff.

7      64. As a result of these violations, Plaintiff has suffered undue and unnecessary

8  expenses, informational injury, emotional distress, humiliation, personal anxiety,

9  and invasions to his privacy.

10      65. Plaintiff ordered another Credit Report from Experian on or around early

11  December 2019, and Experian sent Plaintiff correspondence dated December 9,

12  2019, titled "Your Credit Report." (Experian Report # 3728-2867-16).

13      66. To Plaintiff's shock and dismay, on page 8, Experian was not only still

14  listing the unauthorized "hard" inquiry from Performant dated 02/26/18 with a

15  reason listed as "Unspecified" **but also listing a separate unauthorized inquiry**

16  **from Performant, dated 08/28/19, also stating the reason as "Unspecified."**

17  (Emphasis added). See "Exhibit F" attached herewith, (portions redacted).

18      67. Plaintiff only recognized the second "hard" inquiry by Performant when

19  Plaintiff received the credit report dated **December 9, 2019**, because Experian

20  either negligently or willfully **withheld that information from Plaintiff** when it

21  sent Plaintiff the "Dispute Results" dated 10/24/19 **and** 11/29/19. (Emphasis

22  added). Experian engaged in a pattern of recurring violations of the FCRA.

23      68. Experian failed to follow the FCRA, despite receiving not one but two

24  separate and distinct letters to investigate the unauthorized inquiry. Experian

25  knows (or should know) that if _any_ item of information is either inaccurate,

26  incomplete, or cannot be verified, then it must be DELETED, **and that includes**

27  **inquiries that were not authorized and have no permissible purpose.**

28  (Emphasis added).

69. Experian failed to make an objectively reasonable reading of the statute, and failed to follow the plain reading of § 1681b, § 1681e(a), and § 1681i(a). Instead, Experian made an objectively *unreasonable* reading of the statute, in a careless and reckless disregard for the FCRA, thus making its violations willful.

70. Experian knows (or should know) that most consumers who discover inaccuracies on their credit reports are going to get frustrated in disbelief after sending a few dispute letters if Experian fails to correct the disputed item. Experian further understood that Experian plc reported over $4 BILLION DOLLARS in revenues in preliminary results for its most recent fiscal year 2019, with its CEO Brian Cassin stating, "This was a very good year for Experian." [6]

71. Upon information and belief, 2019 *"was a very good year for Experian"* to reap billions by allowing third-party impostors to access consumer credit reports without a permissible purpose, by failing to maintain basic compliance procedures, and by failing to conduct reasonable reinvestigations upon receipt of notice of dispute from consumers.

## Causes of Action

### Count I, Violation of the FCRA, 15 U.S.C. § 1681b

72. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Permissible purposes of consumer reports" as though fully stated herein.

73. The statute governing "Permissible purposes of consumer reports" provides, in pertinent part: "(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following conditions **and no other**." (Emphasis added).

74. On February 26, 2018, Experian either negligently or willfully allowed Performant to access Plaintiff's credit information with Experian, without a permissible purpose as defined by the FCRA, 15 U.S.C. § 1681b.

---

[6] https://www.experianplc.com/media/news/2019/experian-full-year-results-fy19-150519/

**Complaint for Damages**

75. Experian violated § 1681b by NOT having any permissible purpose to furnish a consumer report to Performant, or any other data contained therein, pursuant to § 1681b(a)(1), § 1681b(a)(2), § 1681b(a)(3)(A)-(G), § 1681b(a)(4)(A)-(C), § 1681b(a)(5), and § 1681b(a)(6).

76. Experian understood that Plaintiff's credit information, including his personal information, was private and confidential.

77. Experian understood that it lacked standing to furnish any credit information to Performant and/or any data contained therein.

78. Experian had no lawful purpose to provide access to Performant in regards to Plaintiff's confidential credit information, especially for a reason designated as **"Unspecified."** (Emphasis added).

79. Experian understood that Plaintiff's private and confidential information was accessed without a permissible purpose, thereby invading his right to privacy.

80. Experian engaged in an action that was negligent, thereby in violation of § 1681o. As a result, Plaintiff suffered damages.

81. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n. As a result, Plaintiff suffered damages.

82. Plaintiff is entitled to actual damages or statutory damages.

83. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

84. Plaintiff is entitled to expenses incurred, plus costs of suit.

### Count II, Violation of the FCRA, 15 U.S.C. § 1681e(a)

85. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Compliance Procedures" as though fully stated herein.

86. Experian understood that prospective users of the information **"certify the purposes for which the information is sought,** and certify that the information will be used for no other purpose." (Emphasis added). 15 U.S.C. § 1681e(a).

87. Experian understood that Performant was a user of credit information, and

Complaint for Damages

had made two attempts to gain access to Plaintiff's credit information.

88. Experian listed the reason as "Unspecified" regarding the inquiry by Performant, as clearly depicted by the Experian Credit Report # 1572-6491-69.

89. Experian failed to vet the furnisher in order to ensure that the furnisher was certifying to Experian **the specific purpose** for which the information was sought regarding Plaintiff. (Emphasis added).

90. Experian knew (or should have known) that it had reasonable grounds for believing the access to Plaintiff's credit information by Performant was NOT for any purpose listed in section 604 of the FCRA.

91. Experian was provided written NOTICE by Plaintiff, **twice**, that Performant had made an unauthorized inquiry. (Emphasis added).

92. Experian understood that Performant was a furnisher, and that Experian collects revenues from its furnishers, also commonly known as "data furnishers" and "subscribers."

93. Experian has a subscriber ID code for Performant, and Experian received compensation by selling Plaintiff's confidential credit information to Performant.

94. Experian chose to line its "greedy" pockets rather than maintain adequate compliance procedures, thereby violating 15 U.S.C. § 1681e(a).

95. Experian engaged in an action that was negligent, thereby in violation of § 1681o. As a result, Plaintiff suffered damages.

96. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n. As a result, Plaintiff suffered damages.

97. Plaintiff is entitled to actual damages or statutory damages.

98. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

99. Plaintiff is entitled to expenses incurred, plus costs of suit.

**Count III, Violation of the FCRA, 15 U.S.C. § 1681i(a)**

100. Plaintiff incorporates all preceding paragraphs by reference relating to

1   violations of the FCRA, "Procedure in case of disputed accuracy" as though fully

2   stated herein.

3       101. Plaintiff wrote NOTICE to Experian dated September 26, 2019 regarding

4   the unauthorized inquiry described herein.  Experian further understood that the

5   NOTICE was sent by Certified Mail on September 28, 2019, and delivered to

6   Experian 10/05/2019. (USPS.com Tracking Number: 70163560000020961648).

7       102. Experian failed to conduct a reasonable reinvestigation pursuant to 15

8   U.S.C. § 1681i(a)(1)(A).

9       103. Experian failed to provide prompt notice of dispute to Performant, the

10   "Furnisher of Information" and thereby violating 15 U.S.C. § 1681i(a)(2)(A).

11       104. Experian failed to include all relevant information regarding the dispute to

12   Performant, thereby violating 15 U.S.C. § 1681i(a)(2)(B).

13       105. Experian failed to consider all relevant information submitted by the

14   consumer with respect to the disputed and unauthorized inquiry by Performant,

15   thereby violating 15 U.S.C. § 1681i(a)(4).

16       106. Experian failed to promptly DELETE the item of information from the

17   consumer report and file of the consumer regarding the unauthorized inquiry by

18   Performant, thereby violating 15 U.S.C. § 1681i(a)(5)(A).

19       107. Experian failed to provide Plaintiff the Notice of Results of

20   Reinvestigation **specifically addressing the disputed unauthorized inquiry**,

21   thereby violating 15 U.S.C. § 1681i(a)(6)(A). (Emphasis added).

22       108. Experian understood that Plaintiff has standing to dispute *any* item of

23   information contained in a credit report that is either inaccurate, incomplete or

24   cannot be verified.

25       109. Experian further understood that the inquiry listed by Performant was

26   unverified.  In fact, Experian even wrote the reason for the inquiry in Plaintiff's

27   credit report dated 08/19/19 as "**Unspecified**." (Emphasis added).

28       110. Experian engaged in an action that was negligent, thereby in violation of §

**Complaint for Damages**

1  1681o.  As a result, Plaintiff suffered damages.

2  111.  In the alternative, Experian engaged in an action that was willful, thereby
3  in violation of § 1681n.  As a result, Plaintiff suffered damages.

4  112.  Plaintiff is entitled to actual damages or statutory damages.

5  113.  Plaintiff is entitled to punitive damages for willful violations in addition to
6  actual or statutory damages.

7  114.  Plaintiff is entitled to expenses incurred, plus costs of suit.

8  ### Count IV, Violation of the FCRA, 15 U.S.C. § 1681i(a)

9  115.  Plaintiff incorporates all preceding paragraphs by reference relating to
10  violations of the FCRA, "Procedure in case of disputed accuracy" as though fully
11  stated herein.

12  116.  Plaintiff sent a NOTICE to Experian titled "**Second Attempt to**
13  **Investigate an Unauthorized Inquiry**" dated November 14, 2019 regarding the
14  unauthorized inquiry described herein.   (Emphasis added). Experian further
15  understood that the NOTICE was sent by Registered Mail on November 19, 2019
16  and delivered to Experian on November 23, 2019 (traceable via USPS.com,
17  Tracking Number: RE276055282US).

18  117.  Experian failed to conduct a reasonable reinvestigation pursuant to 15
19  U.S.C. § 1681i(a)(1)(A).

20  118.  Experian failed to provide prompt notice of dispute to Performant, the
21  "Furnisher of Information" and thereby violating 15 U.S.C. § 1681i(a)(2)(A).

22  119.  Experian failed to include all relevant information regarding the dispute to
23  Performant, thereby violating 15 U.S.C. § 1681i(a)(2)(B).

24  120.  Experian failed to consider all relevant information submitted by the
25  consumer with respect to the disputed and unauthorized inquiry by Performant,
26  thereby violating 15 U.S.C. § 1681i(a)(4).

27  121.   Experian failed to promptly DELETE the item of information from the
28  file of the consumer regarding the unauthorized inquiry by Performant, thereby

**Complaint for Damages**

1   violating 15 U.S.C. § 1681i(a)(5)(A).

2   122.   Experian failed to provide Plaintiff the Notice of Results of
3   Reinvestigation **specifically addressing the disputed unauthorized inquiry**,
4   thereby violating 15 U.S.C. § 1681i(a)(6)(A). (Emphasis added).

5   123.   Experian understood that Plaintiff has standing to dispute _any_ item of
6   information contained in a credit report that is either inaccurate, incomplete or
7   cannot be verified.

8   124.   Experian further understood that the inquiry listed by Performant was
9   unverified. In fact, Experian even wrote the reason for the inquiry in Plaintiff's
10  credit report dated 08/19/19 as **"Unspecified."** (Emphasis added).

11  125.   Experian engaged in an action that was negligent, thereby in violation of §
12  1681o. As a result, Plaintiff suffered damages.

13  126.   In the alternative, Experian engaged in an action that was willful, thereby
14  in violation of § 1681n. As a result, Plaintiff suffered damages.

15  127.   Plaintiff is entitled to actual damages or statutory damages.

16  128.   Plaintiff is entitled to punitive damages for willful violations in addition to
17  actual or statutory damages.

18  129.   Plaintiff is entitled to expenses incurred, plus costs of suit.

19                          **Demand for Jury Trial**

20  130.   Plaintiff demands a jury trial for Counts I, II, III and IV, and retains all
21  rights to add additional Counts in any potential amended complaint.

22  131.   WHEREFORE, Plaintiff prays for a favorable ruling by judgment entered
23  against Defendant for a finding of either willful or negligent violations as follows:

24          a.      Actual damages or statutory damages for willful noncompliance
25  pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Count I; Actual damages for negligent
26  noncompliance pursuant to 15 U.S.C. § 1681o(a)(1) for Count I.

27          b.      Actual damages or statutory damages for willful noncompliance
28  pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Count II; Actual damages for negligent

noncompliance pursuant to 15 U.S.C. § 1681o(a)(1) for Count II.

        c.    Actual damages or statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Count III, and each of its subparts; Actual damages for negligent noncompliance pursuant to 15 U.S.C. § 1681o(a)(1) for Count III, and each of its subparts.

        d.    Actual damages or statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Count IV, and each of its subparts; Actual damages for negligent noncompliance pursuant to 15 U.S.C. § 1681o(a)(1) for Count IV, and each of its subparts.

        e.    Such amount of punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), for Counts I, II, III and IV.

        f.    Costs of the action pursuant to 15 U.S.C. § 1681n(a)(3); Costs of the action pursuant to 15 U.S.C. § 1681o(a)(2).

        g.    Any other relief that the Court finds appropriate.

Date: 1/30/20

Respectfully submitted by:

John Deatherage, Plaintiff
In Pro Per
706 Palmer St.
Orlando, FL 32801
(716) 830-0118
jdeatherage02@gmail.com

**Complaint for Damages**

# VERIFICATION OF COMPLAINT BY AFFIDAVIT

*See Black's Law Dictionary* 1793 (10th ed. 2014), ("**verify** vb. (14c) **1.** To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of."). <u>*Hinkle v. Midland Credit Management, Inc., et al.*</u>, 827 F.3d 1295, 1303 (11th Cir. 2016).

1.    I am a Pro Se, the named Plaintiff in the Complaint, I am over 18 years of age, and I can competently testify if called as a witness to the best of my personal knowledge of the facts and the Exhibits attached herewith.

2.    I sent NOTICE to Experian in a letter dated 9/26/19 via Certified Mail regarding an unauthorized inquiry on my Experian credit report.

3.    I sent a "Second Attempt to Investigate an Unauthorized Inquiry" NOTICE to Experian in a letter dated 11/14/19 via Registered Mail.

4.    I received a credit report from Experian dated 12/09/19 which shows Experian was reporting an inquiry from PERFORMANT FINANCIAL CORP with Date 02/26/18, and with Date 8/28/19, both of which listed the Reason as "Unspecified."

Date: 1/30/20 _____

John Deatherage

## FOR AN OATH OR AFFIRMATION:

STATE OF FLORIDA

COUNTY OF Orange

Sworn to (or affirmed) and subscribed before me this 30th day of 1, 20 20, by (name of person making statement). John Deatherage

_____ (Signature of Notary Public- State of Florida)

(NOTARY SEAL)

Notary Public State of Florida
Erica Tucker
My Commission GG 334347
Expires 05/14/2023

(Name of Notary Typed, Printed, or Stamped)

Erica Tucker

Personally Known _____ OR Produced Identification __✓__

Type of Identification Produced Driver license

**Complaint for Damages**