# EXHIBIT A

John Deatherage, Plaintiff                                           March 6, 2020
706 Palmer St.
Orlando, FL 32801



Maria H. Ruiz
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131


Re: NOTICE TO MEET AND CONFER REGARDING ANSWER (Dkt. 11)

Dear Ms. Ruiz,

I reviewed your ANSWER you recently filed with the Court regarding my FCRA
lawsuit. Ms. Ruiz, the majority of your paragraphs in the pleading are insufficient,
non-responsive, and can be only labeled as follows: a "shotgun."

I have read many cases online before I filed this lawsuit against your client,
Experian. The answer you filed is void of factual support, is a boilerplate, fails to
respond to the substance of the allegations, and fails to admit the part that is true.
Prior to filing this, as an attorney, you are supposed to conduct an inquiry that is
"reasonable" pursuant to Rule 11(b) of the Federal Rules. You did not.

The 11th Circuit has published many opinions regarding the "shotgun" pleading.
One of them, in particular, is quite telling. See *Byrne v. Nezhat* 261 F.3d 1075
(2001). ("In addition to watering down the rights of the parties to have valid
claims litigated efficiently – whether the plaintiff's or the defendant's – shotgun
pleadings wreak havoc on the judicial system. Cases framed by shotgun pleadings
consume an inordinate amount of a court's time. As a result, justice is delayed, if
not denied, for litigants who are standing in the queue to be heard. Their
impression of the court's ability to take care of its business can hardly be
favorable. **As the public becomes aware of the harm suffered by victims of
shotgun pleading, it, too, cannot help but lose respect for the system.**").
(*Byrne*, 1131). (Emphasis added).

Ms. Ruiz, a "shotgun" is still a "shotgun," whether in the hands of a plaintiff **or a defendant**. (Emphasis added).

I plan to file a motion to STRIKE specific paragraphs for being insufficient, non-responsive, in alleged violation of Federal Rule 8(b) and Rule 11(b).

I also plan to strike a portion of your client's affirmative defenses for being insufficient, and not supported in fact.

The reason is very simple: You have chosen to "deny" paragraphs pursuant to Rule 8(b)(5), (effectively a general denial), for things that Experian MUST admit as being true, pursuant to conducting a "reasonable" inquiry as per Rule 11(b).

If your client truly believed that my Complaint had no basis in fact, then the proper filing would have been a motion to dismiss pursuant to Rule 12(b)(6), and then move the Court for sanctions against me, a Pro Se Plaintiff who has nothing better to do than to conduct a hundred plus hours of research on the FCRA, the Federal and Local rules on procedure, and then pay $400 filing fees to fabricate a story. However, my time is valuable to me, just as it as for you.

<u>If I were to accept your client's denials and accept this answer at face value</u>, then ALL of the following must be true:

1.  Dispute letters were never sent to Experian.
2.  Dispute letters were never received by Experian.
3.  Experian Holdings, Inc. is not the parent company of Experian.
4.  Experian never sent me a credit report.
5.  The certified mail tracking numbers are fake.
6.  Experian does not do business with "Performant Financial Corp."
7.  Response to dispute letters were never sent by Experian.
8.  The credit report numbers listed in the Complaint are all fake.
9.  The affidavit signed under penalty of perjury is a fraud.
10. Experian is not familiar with the word "furnisher" or "subscriber."

Ms. Ruiz, there are many more to list. I feel what you have done here is not only extremely egregious, but also highly unethical. This is listed as a "TRACK TWO" case, it is NOT a *"FAST TRACK to discovery by filing a shotgun answer"* case.

Failing to properly answer the complaint by using Rule 8(b)(5) as a "shotgun" is failing to conduct a reasonable inquiry, and appears to be a violation of the rules.

Experian states the following in the majority of the paragraphs: "Experian is without knowledge or information sufficient to support a belief as to the truth of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein."

I plan on moving the court to strike the following paragraphs in the ANSWER, and prior to filing the motion, I am now providing you with fair notice for each:

¶ 8, Plaintiff sent two letters, one by Certified Mail, and one by Registered Mail. The postal service confirmed delivery. I attested by submitting an affidavit. Your client did NOT rebut my affidavit.

¶ 9, "C" in "CRA" stands for "consumer" as in "Consumer Reporting Agency." Experian "admits" that it is a consumer reporting agency in Para 12, yet "denies" that Plaintiff is a "consumer" as defined by statute.

¶ 14, Experian did NOT answer the factual allegation, and/or failed to respond to the substance. I did not ask Experian the name of its "ultimate" parent in Para 14, that was asked in Para 15. See Delaware Secretary of State filing. See CFPB CONSENT ORDER and STIPULATION against Experian, (File No. 2017-CFPB-0012/0013), where Experian "admits" and "consents" to the findings of CFPB.

¶ 16, Experian fails to name its parent company Experian Holdings, Inc. in its certificate of interested persons and corporate disclosure statements, including cases where you are the named attorney on record. See also Federal Rule 7.1(a)(1).

¶ 18, Credit report is documented with Experian.

¶ 19, Same as above. Experian knows what it sent.

¶ 20, Document listed as an exhibit, under penalty of perjury. Experian failed to conduct "reasonable" inquiry to deny this. The Exhibit is attached to the Complaint. Response is insufficient, a "shotgun."

¶ 22, Experian knows the difference between a "hard" and "soft" inquiry, as stated on the Credit Report. Failure to conduct reasonable inquiry, failure to respond to the substance, failure to admit the part that is true, and thereby a "shotgun."

¶ 25, Experian knows Plaintiff sent a dispute letter, AND that Experian received it. Exhibits to the complaint. A "shotgun," and in alleged violation of Rules 8(b)(2), 8(b)(4) and 11(b).

¶ 26, USPS tracking number on the Complaint, and tracked at USPS.com. Experian does not have standing to override the US Postmaster.

¶ 27, Dispute letter attached to the complaint. Response is a "shotgun" and insufficient, a "non-response."

¶ 29, Performant is a "furnisher." Experian knows who it contracts with. Experian has been named in *another* lawsuit as a co-defendant in Florida with Performant. Experian's answer is a "shotgun" and a non-response.

¶ 30, Same as above.

¶ 37, A "shotgun" approach. Experian lists both "hard" and "soft" inquires on the Credit Report. Experian received the dispute letter.

¶ 38, Experian claims that it does not have "information to form a belief" if it DID forward the dispute letter.

¶ 39, Experian also claims that it does not have "information to form a belief" if it did NOT forward the dispute letter. Plaintiff pled in the alternative, in compliance with Federal Rules. Experian denied BOTH, a "shotgun."

¶ 40, Experian knows what it sent. It's on file with Experian, and the actual Credit Report listed in the Complaint.

¶ 41, Plaintiff's paragraph was a "cut and paste" directly from the Credit Report. Answer by Experian was a non-response, insufficient, a "shotgun."

¶ 45, Experian knows Performant. Experian has been named as a co-defendant with Performant *in another lawsuit*. Response is a "shotgun." Fails to conduct "reasonable" inquiry, fails to admit the part that is true.

¶ 48, Experian denies the certified mail receipt. Experian does not have standing to override the US Postmaster. Experian answer is a "shotgun" and a non-response. Exhibit was also supported by additional affidavit. Experian failed to respond to the substance, and failed to admit the part that is true.

¶ 49, What "reasonable" inquiry did your client conduct? It's a non-response. Registered Mail tracking # on file, and Experian cannot override the US Postmaster. Response is a "shotgun." See also Local Rule 2.03(a).

¶ 50, Experian claims "without knowledge" of a letter that is attached to the complaint. A "shotgun" and a non-response.

¶ 51, Same as above. Registered Mail tracking # with exhibit, proof of delivery. No reasonable inquiry made. A "shotgun" answer, and a mockery of the rules.

¶ 52, Same as above.

¶ 55 & 56. Experian says it is "without knowledge or information to form a belief" if it DID send the dispute letter AND if it did NOT send the dispute letter. Well, which is it? Pick one. The answer is insufficient, a "shotgun" and a non-response.

¶ 58, Experian has access to the Credit Report #. Experian did no "reasonable" inquiry pursuant to Rule 11(b).

¶ 65, Experian keeps track of when a consumer orders a Credit Report, and what it sends to consumers. NO "reasonable" inquiry pursuant to Rule 11(b).

¶ 66, Exhibit F is attached to Complaint. Plaintiff signed affidavit under penalty of perjury. Experian did not file a counter-affidavit. Response is a "shotgun."

¶ 70, Plaintiff gave the link for Experian to conduct a "reasonable" inquiry. Response is a "shotgun." Experian must admit the part that is true.

¶ 88, Experian knows what it says on the Credit Report # 1572-6491-69.

¶ 91, Plaintiff sent BOTH letters via trackable delivery, and received by Experian.

¶ 92, Performant is a furnisher. Experian claims it does not know who it does business with. A "shotgun" and a non-response.

¶ 93, Same as above.

¶ 101, Experian "denies" Plaintiff sent a dispute letter via certified mail, and "denies" receiving it. Well, then Plaintiff has no FCRA claim, and Experian

should have moved to dismiss.  USPS trackable letter and received by Experian.
An insufficient response, a "shotgun" and a non-response.

¶ 116, Same as above.

¶ 124, Experian knows what it says on the Credit Report, because Experian sent
Plaintiff the report.

I am also going to move the Court to strike the following <u>five</u> affirmative defenses,
as they are insufficient, they have no factual support, are contradictory to the
factual allegations in the Complaint, and can be resolved at the pleading stage.

FOURTH (Failure to Mitigate Damages)
FIFTH (Laches)
SEVENTH (Estoppel)
EIGHTH (Statute of Limitations)
NINTH (Unclean hands)

Ms. Ruiz, to resolve the deficiency in your responsive pleading, I propose that
Experian amends the answer, and re-files it.  I am open to a meet and confer in
person in compliance with the Judge's rules.  If anytime March 11th works for you,
that's great.  If not, then we can try mornings on another date.  According to the
rules, the meeting should take place in the district that I filed, Orange County.

Also, you mentioned in our call the other day that you wish to seek permission
from the Court to meet telephonically for the Case Management Report.  Since I
am open to that, I am also open to meeting telephonically regarding this NOTICE.
I will leave it up to you.

My deadline to file the motion to strike is 21 days from date of your ANSWER,
which is March 24.  If your client refuses to refile, then I _will_ file the motion.  The
party who has to propound additional discovery that could have been answered in
the pleading (i.e., me, the Pro Se who can't get paid for his time), is prejudiced.

Please get back to me as soon as possible.

Sincerely,

John Deatherage

Page 6 of 6