UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DEATHERAGE,

    Plaintiff,

v.                                                                     Case No:   6:20-cv-156-Orl-41GJK

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

## **ORDER**[1]

This cause came on for consideration on Plaintiff's "Notice to the Court and to Defendant Experian" (Doc. 12) and Supplemental Notice (Doc. 13). In the notices, Plaintiff informs the Court of his intention to meet and confer with Defendant regarding the Answer (Doc. 11), pursuant to Local Rule 3.01(g). The notices should not have been filed and are therefore, **STRICKEN** from the docket. Still, the notices provide an opportunity to inform Plaintiff of some of his obligations while appearing pro se in this proceeding.

Pro se litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the United States District Court for the Middle District of Florida (the "Local Rules"), and the Court's Orders. Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).[2] Plaintiff shall not correspond with the Court, any Judge,

---

[1] Judge Smith is temporarily handling this case for Judge Kelly.
[2] All filings with the Court must be made in accordance with the Federal Rules of Civil Procedure and the Local Rules. The Local Rules are available for review on the public website for the Middle District

- 2 -

or Magistrate Judge in email or letter form. In keeping with their sworn duty to maintain complete impartiality in the exercise of their judicial duties, the Judges of this Court will only deliver their decisions and opinions in response to those documents properly filed with the Clerk's Office in accordance with the governing rules of procedure. Any correspondence sent to judicial officers will not be responded to. Moreover, any request for affirmative relief of any kind must be presented to the Court in the form of a motion that complies with the Federal Rules of Civil Procedure and the Local Rules, including a memorandum of legal authority in support of the precise relief requested. *See* Local Rule 3.01(a).

All documents filed with the Court must be in the form of a pleading, see Federal Rule of Civil Procedure 7(a), a motion, see Rule 7(b) and Local Rule 3.01(a)-(f), or a notice. Each pleading, motion, notice, or other paper shall be presented in a separate document. All documents filed with the Court must include a caption; a brief title that describes the nature of the document; the filing party's name and signature; and a Certificate of Service. These last two items are explained below.

All pleadings, motions, or other papers filed with the Court by Plaintiff shall bear Plaintiff's original signature, or they will be rejected by the Court. Among other things, the signature serves as the party's certification, pursuant to Federal Rule of Civil Procedure Rule 11(b), that the document is not submitted for any improper purpose; that the claims or defenses presented in it are warranted by existing law; and that there exists reasonable factual support for the allegations or assertions made. Plaintiff is

---

Court of Florida at www.flmd.uscourts.gov and a copy may be obtained by visiting the Clerk's office. The Federal Rules of Civil Procedure are generally available for review online and at public libraries and in the law libraries of state and federal courthouses.

advised to review and become familiar with Rule 11 as the failure to comply with its provisions can result in the imposition of sanctions, including monetary fines.

All pleadings, motions, or other papers filed with the Court must also include a Certificate of Service. The Certificate of Service is confirmation that the filing party has complied with the requirement of Federal Rule of Civil Procedure 5 by serving on every other party to the action (or the attorney) a copy of the particular pleading, motion, or other paper filed with the Court. At a minimum, a Certificate of Service must state the date upon which a copy of the particular document was served on the other parties to the action (or the attorneys) and the means by which service was made (*e.g.,* U.S. Mail; Federal Express; hand delivery).

Prior to filing most motions, Local Rule 3.01(g) requires that the filing party confer with opposing counsel in a good faith attempt to resolve the issue. Thus, prior to filing any motion, Plaintiff shall confer with opposing counsel, either in person or by telephone, in a good faith attempt to resolve the motion without Court involvement. Plaintiff must include a certification in the motion that he has complied with this requirement and shall also notify the Court whether the parties agree on the relief requested in the motion. Plaintiff should not file a notice with the Court regarding an intention to meet and confer with opposing counsel. The failure to comply with Local Rule 3.01(g) or any other requirement in the Local Rules may result in the denial of the motion.

Plaintiff is also cautioned that he must abide by and comply with all orders of this Court. Failure to do so may result in sanctions, including striking pleadings.

Local Rule 3.01(b) further requires that any brief or legal memorandum in opposition to a motion must be filed within fourteen days after being served with that motion by opposing counsel, or in the time expressly provided by the Court in an order. Plaintiff must timely respond to the motions filed by other parties in this case, for if he does not, the Court may assume that he does not oppose that motion and the relief requested therein. If Plaintiff misses a filing deadline, then he must file a motion seeking leave of Court to file a response out of time.

Lastly, Plaintiff is reminded that, although he is proceeding pro se, he is not relieved of all the obligations that rest upon an attorney. Plaintiff is warned that the failure to comply with these requirements and obligations can have significant consequences.

While the Court has set forth some of the more prominent procedural obligations and requirements of litigants before this Court, this Order does not purport to set forth all of those requirements and should not be relied upon as limiting Plaintiff's duties and obligations in litigating this case.

**DONE** and **ORDERED** in Orlando, Florida, on March 9, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties