1 | John Deatherage
2 | 706 Palmer St.
3 | Orlando, FL  32801
4 | (716) 830-0118
5 | Plaintiff in Pro Per

**2020 MAR 20 PM 2: 49**

**FILED**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| John Deatherage, | Case No.: 6:20-cv-156-ORL-41GJK |
| Plaintiff, | **PLAINTIFF'S MOTION TO** |
| vs. | **STRIKE DEFENDANT'S ANSWER** |
| EXPERIAN INFORMATION | **AND AFFIRMATIVE DEFENSES** |
| SOLUTIONS, INC., | **AS NON-RESPONSIVE AND** |
| Defendant. | **INSUFFICIENT** |
| | **Federal Rule 12(f)** |

COMES NOW Plaintiff, John Deatherage, ("Plaintiff"), a Pro Se, brings forth his MOTION TO STRIKE specific paragraphs and affirmative defenses in the ANSWER filed by Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant"), and states as follows:

### Background

Plaintiff filed his Complaint against Defendant Experian for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. on January 20, 2020 (Dkt. 1).

1       The Court issued an ORDER for parties to follow the rules, and that failing
2   to follow the rules could result in a dismissal or default judgment, and sanctions
3   (Dkt. 5).

4       Counsel for Experian, Maria H. Ruiz ("Ms. Ruiz") did not request Plaintiff
5   for an extension of time to respond to the Complaint, which if requested Plaintiff
6   would <u>not</u> have opposed.  Also, Defendant did not file a motion with the Court
7   requesting an extension of time to file its ANSWER.

8       Ms. Ruiz filed an ANSWER on behalf of Experian on March 3, 2020, on the
9   due date (Dkt. 11).  Plaintiff reviewed the responsive pleading, and found it littered
10  with deficiencies and in alleged non-compliance with the rules.

11      Plaintiff sent opposing counsel a NOTICE TO MEET AND CONFER letter
12  via Postal Mail on March 6, 2020,[1] with a follow-up SUPPLEMENTAL NOTICE
13  on March 9, 2020, indicating his intention to move the Court to strike certain
14  **responses** to his factual allegations as being insufficient, non-responsive, and a
15  "shotgun."  Plaintiff also indicated his intention to move the Court to strike certain
16  **affirmative defenses** for being insufficient, and not supported in fact.  (Emphasis
17  added).

18      Plaintiff sent a follow up e-mail, and then met telephonically on March 12,
19  2020 at approximately 2pm, whereby counsel indicated to Plaintiff that she would
20  file an amended ANSWER by Friday March 20, but could not "guarantee" that
21  Experian would agree to replead the responses to all of the paragraphs that Plaintiff
22  objected to, or agree to withdraw all of the affirmative defenses that Plaintiff
23  planned to strike.  There was no proper "meeting of the minds."  Either Plaintiff
24  had to take counsel "at her word" or proceed with taking the necessary steps to
25  prepare his motion to strike.

26
27
28

[1] Plaintiff apologizes to the Honorable Judge Carlos E. Mendoza for also addressing the NOTICES to the Court (which were stricken by the Magistrate).  Plaintiff, being a Pro Se, was being overly cautious about the meet and confer Local Rule 3.01(g).

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

## Legal Standard

1  Federal Rule of Civil Procedure 8(a) provides that a complaint must contain
2  "a short and plain statement of the claim showing that the pleader is entitled to
3  relief. Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual
4  allegations, but it demands more than unadorned, the-defendant-harmed-me
5  accusation." _Ashcroft v. Iqbal,_ 556 U.S. 662, 678 (2009) (quoting _Bell Atlantic_
6  _Corp. v. Twombly,_ 550 U.S. 544, 555 (2007). Courts must also view the complaint
7  **in the light most favorable to the plaintiff** and resolve any doubts **as to the**
8  **sufficiency of the complaint in the plaintiff's favor.** _Hunnings v. Texaco, Inc.,_
9  29 F.3d 1480, 1483 (11ᵗʰ Cir. 1994). (Emphasis added).
10  Under Rule 8(b)(2), Defendant "must fairly respond to the substance of the
11  allegation."
12  Under Rule 8(b)(4), if Defendant intends "in good faith to deny only a part
13  of an allegation," it "must admit the part that is true and deny the rest."
14  Under Rule 10(c), "a copy of a written instrument that is an exhibit to a
15  pleading is a part of the pleading for all purposes."
16  Under Rule 11(b), "by presenting to the court a pleading, written motion, or
17  other paper – whether by signing, filing, submitting, or later advocating it – an
18  attorney or an unrepresented party **certifies** that to the best of the person's
19  knowledge, information, and belief, **formed after an inquiry reasonable under**
20  **the circumstances.**" Rule 11(b)(4) states "the denials of factual contentions are
21  warranted on the evidence or, **if specifically so identified**, are reasonably based on
22  belief or a lack of information." (Emphasis added).
23  Under Rule 12(f), a party may move to strike from a pleading "an
24  insufficient defense or any redundant, immaterial, impertinent, or scandalous
25  matter." The Court enjoys broad discretion in determining whether to grant or
26  deny these motions to strike. _Anchor Hocking Corp. v. Jacksonville Elec. Auth.,_
27  419 F.Supp. 992, 1000 (M.D. Fla. 1976). "The purpose of a motion to strike is to

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1  clean up the pleadings, streamline the litigation, and avoid unnecessary forays into
2  immaterial matters." *Hutchings v. Fed. Ins. Co.*, 2008 WL 4186994, *2 (M.D. Fla.
3  Sept. 8, 2008).

4      Given the Court's broad discretion, it may <u>also</u> treat the motion as a "motion
5  to compel" or a "motion to replead." *Bruce v. Anthem Insurance Companies, Inc.*,
6  3:15-cv-00353 (N.D. Tex., 2015). ("When an answer does not comply with Rule
7  8(b), a plaintiff may move to require the defendant to replead."). (Fitzwater, S.)
8  (*Rodriquez v. Prof'l Servs. Assistance, Inc.*, 2007 WL 667166, at *1 (W.D. Tex.
9  Feb. 16, 2007) (granting alternative motion to require defendants to replead their
10 answer **in accordance with the Rules**). (Emphasis added).

## Memorandum

12     Defendant's ANSWER (Dkt. 11) fails to satisfy these well-known pleading
13 standards described above. In particular, Experian failed to fairly respond to the
14 substance of the allegations, failed to admit the part that is true, and failed to
15 conduct an inquiry reasonable under the circumstances. Defendant also failed to
16 provide Plaintiff with fair notice of certain affirmative defenses, which lacked
17 factual support, which are "boilerplate," and are insufficient.

18     In a nutshell, the ANSWER filed by Experian can only be described as
19 follows: a "shotgun." The 11th Circuit has published many opinions regarding the
20 "shotgun" pleading. See *Byrne v. Nezhat* 261 F.3d 1075 (2001). ("In addition to
21 watering down the rights of parties to have valid claims litigated efficiently –
22 whether the plaintiff or the defendant's – shotgun pleadings wreak havoc on the
23 judicial system. Cases framed by shotgun pleadings consume an inordinate
24 amount of a court's time. As a result, justice is delayed, if not denied, for litigants
25 who are standing in the queue to be heard. Their impression of the court's ability
26 to take care of its business can hardly be favorable. **As the public becomes aware**
27 **of the harm suffered by victims of shotgun pleading, it, too, cannot help but**
28 **lose respect for the system**."). (*Byrne*, 1131). (Emphasis added).

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

1    Courts in this District, when faced with "shotgun" pleadings *filed by a*
2  *Plaintiff,* routinely grant a motion to dismiss, with leave to amend.  See, for
3  example, *Harris v. Experian, 6:18-cv-00268 (M.D. Fla. 2018)* (Mendoza, C.).
4  *Daley v. Bono, 8:18-cv-1465-T-27AAS (M.D. Fla. 2018)* (Whittemore, J.) (same).
5  *Edward Saadi v. Pierre A Maroun et al., 8:07-cv-1976-T-24JSS (M.D. Fla. 2019)*
6  (Bucklew, S.) (same).  *Wendy Lynne McCane v. School District of Pasco County,*
7  *8:18-cv-1559-T-36AAS (M.D. Fla. 2020)* (Honeywell, C.) (labeling a complaint as
8  a "shotgun.").  *Connie Plate v. Pinellas County and Mike Twitty, 8:18-cv-2534-T-*
9  *36CPT (M.D. Fla. 2020)* (Honeywell, C.) (dismissing Pro Se complaint for filing a
10 "shotgun.").  It would, of course, only be **equitable** if the same standards are held
11 when a *Defendant* files a "shotgun" *responsive pleading.*  (Emphasis added).

## Defendant's ANSWER is a disguised 12(b)(6)

13    Defendant failed to fairly respond to the following paragraphs in Plaintiff's
14 Complaint (Dkt. 1): ¶¶'s 8, 9, 14, 16, 18, 19, 20, 22, 25, 26, 27, 29, 30, 37, 38, 39,
15 40, 41, 45, 48, 49, 50, 51, 52, 55, 56, 58, 65, 66, 70, 88, 91, 92, 93, 101, 116 and
16 124.  As Plaintiff shall clearly describe to this Honorable Court, Experian evaded
17 the **majority** of Plaintiff's factual allegations.  (Emphasis added).

18    The Court should strike Defendant's ANSWER in this case as insufficient
19 because it does not meet the pleading requirements of Rule 8(b).  For example,
20 Rule 8(b)(1) provides, "In responding to a pleading, a party must (A) state in short
21 and plain terms its defenses to each claim asserted against it; and (B) admit or deny
22 the allegations asserted against it by an opposing party."  The Rule also allows a
23 party which "lacks knowledge or information sufficient to form a belief about the
24 truth of the allegation" to so state.  Federal Rule 8(b)(5).

25    However, Plaintiff alleges that Experian converted its responsive pleading
26 into a "shotgun" by improperly utilizing Rule 8(b)(5) to deny many allegations
27 without **conducting an inquiry "reasonable" pursuant to Rule 11(b), and thus,**
28 **its response is insufficient, and redundant**.  (Emphasis added).

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1    In response to the paragraphs referenced in Dkt. 1 mentioned herein, with
2  the exceptions of paragraphs 14 and 16, Experian states as follows: "Experian is
3  without knowledge or information sufficient to support a belief as to the truth of
4  the allegations contained therein, and, on that basis, denies, generally and
5  specifically, each and every allegation contained therein." (See ANSWER, Dkt.
6  11, ¶¶'s 8, 9, 18, 19, 20, 22, 25, 26, 27, 29, 30, 37, 38, 39, 40, 41, 45, 48, 49, 50,
7  51, 52, 55, 56, 58, 65, 66, 70, 88, 91, 92, 93, 101, 116 and 124.
8    In paragraph 8, Plaintiff mentions sending two letters to Experian, one by
9  Certified Mail, and the other by Registered Mail. BOTH letters were attached as
10  Exhibits to the Complaint (See Dkt. 1, Exhibits "B" and "D"). The postal services
11  confirmed delivery (See Dkt. 1, Exhibits "C" and "E"). Plaintiff attested to these
12  exhibits via affidavit, even though a Plaintiff is not required to attach an affidavit
13  to a Complaint. Experian did not rebut the affidavit. Instead, it "denied" the
14  factual evidence right in front of it. Logic dictates that counsel did not conduct an
15  inquiry that was "reasonable" under the circumstances, thus Experian failed to
16  properly respond, and failed to admit the part that is true.
17    In paragraph 9, Plaintiff states he is a "consumer" but Experian "denied" it.
18  "C" in "CRA" stands for "consumer" as in "Consumer Reporting Agency."
19  Experian failed to admit the part that is true.
20    In paragraph 14, Plaintiff made three separate factual allegations in the same
21  paragraph: that Experian has a parent company named Experian Holdings, Inc.,
22  that its parent is a Delaware Corporation that owns 100% of Experian, and that it is
23  a completely separate entity from Defendant. Experian knows the name of its
24  domestic parent, because Experian Holdings, Inc. is a registered entity with the
25  Delaware Secretary of State, and the CFPB has issued a CONSENT ORDER
26  whereby Experian "admits" and "consents" to the findings of the CFPB. Experian
27  MUST name any parent company AND any publicly held parent, pursuant to
28  Federal Rule 7.1(a)(1). Experian's answer is insufficient, and highly evasive.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1    In paragraph 16, Plaintiff listed just a few of researched cases whereby
2  Experian fails to name its parent company Experian Holdings, Inc. in its certificate
3  of interested persons and corporate disclosure statements, including a case where
4  Ms. Ruiz is counsel on record. *Jackson v. Experian Information Solutions, Inc.,*
5  *8:13-cv-03028 (M.D. Fla. 2013)*.   Experian's "denial" is once again, highly
6  evasive, and ONLY naming Experian plc makes the answer insufficient.

7    In paragraph 18, Plaintiff makes a factual statement that he ordered a credit
8  report from Experian, and that Experian sent the report.  Plaintiff even listed the
9  exact report number.  Experian failed to conduct a reasonable inquiry, evaded
10 answering, thus failed to respond to the substance, and failed to admit the part that
11 it MUST admit is true.

12    In paragraph 19, Plaintiff states exactly what Experian lists on the report.
13 This was also attached as to the Complaint (See Exhibit "A").  Experian knows
14 what it sent, and thus failed to conduct an inquiry that was "reasonable."

15    In paragraph 20, Plaintiff cited the listing on the Credit Report, under
16 penalty of perjury.  Experian failed to conduct an inquiry "reasonable" to deny it.
17 The Exhibit was attached to the Complaint (See Exhibit "A").

18    In paragraph 22, Experian "denied" that it knows the difference between an
19 inquiry listed as a "hard" inquiry and a "soft" inquiry, despite the Plaintiff's factual
20 statements supported by the Exhibits.  Experian's response is "non-responsive."

21    In paragraph 25, Experian "denied" certified mail letter sent by Plaintiff.
22 Experian failed to admit the part that is true.

23    In paragraph 26, Plaintiff listed the USPS tracking number, which is easily
24 confirmed through a "reasonable" inquiry **at the pleading stage**. (See Exhibit
25 "C").  (Emphasis added).  Experian does not have standing to override the US
26 Postmaster, and this issue can be resolved by Experian following Rule 8(b)(2).

27    In paragraph 27, Plaintiff cited the dispute letter, which Plaintiff also
28 attached as an exhibit, AND also attested via affidavit. Experian failed to respond

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

to the substance, and failed to admit the part that is true.  Experian response is a "non-response" to evade Rule 8(b)(2), and without conducting any reasonable inquiry pursuant to Rule 11(b).

In paragraph 29, Plaintiff states, in simple plain language, that "Performant was a furnisher of information." Experian knows who it contracts with.  Experian failed to properly respond to the substance, and failed to admit the part that is true.

In paragraph 30, Experian "denied" without conducting a reasonable inquiry, and failed to respond to the substance.

In paragraph 37, Experian makes a mockery of the Complaint, by "denying" that it knows the difference between a "hard" and "soft" inquiry, despite Experian itself being the person that sent Plaintiff the Credit Report.  The answer is non-responsive, and fails to admit the part that is true.

In paragraphs 38 and 39, Plaintiff pled in the alternative, pursuant to Rule 8(d)(2), which states as follows: "A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.  **If a party makes alternative statements, the pleading is sufficient <u>if any one of them is sufficient</u>**." (Emphasis added).

For example, Plaintiff states in paragraph 38, "Experian forwarded Plaintiff's letter to Performant, along with an automated consumer dispute verification ("ACDV")."  In paragraph 39, Plaintiff stated the alternative, "Experian did not forward Plaintiff's dispute letter to Performant, and did not send an ACDV regarding the disputed inquiry."  Experian "denied" BOTH, claiming it is "without knowledge or information" if it DID forward the dispute letter, AND if it did NOT forward the dispute letter.  Apparently, counsel's weapon of choice here was a "double-barreled shotgun."  The factual allegation was in compliance with Federal Rules, however the response was not.  The Court must not tolerate such shenanigans from billion-dollar litigants who blatantly ignore Rule 8(d). Experian also failed to conduct an inquiry reasonable pursuant to Rule 11(b).

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1   In paragraph 40, Experian used Rule 8(b)(5) to evade answering a simple,
2   factual allegation of whether it sent Experian Report # 1174-0824-80 to Plaintiff.
3   Experian knows what report it sent to Plaintiff, and thus Experian failed to conduct
4   an inquiry reasonable under the circumstances, failed to properly respond to the
5   substance of the allegation, and failed to admit the part that is true.

6   In paragraph 41, Plaintiff simply did a "cut and paste" from the above
7   referenced report.  The answer by Experian was a non-response, insufficient, and a
8   "shotgun" to a simple factual allegation that Experian must properly respond to the
9   substance of the allegation.

10   In paragraph 45, Experian evades answering if it knows "Performant" even
11   though "Performant" is the disputed item that formulated the basis for this lawsuit.
12   The answer is insufficient, lacks any factual support, fails to respond to the
13   substance, and fails to admit to the part that is true.

14   In paragraph 48, Plaintiff references the second dispute letter, (attached to
15   the Complaint as Exhibit "D").  Experian failed to conduct any inquiry that was
16   reasonable (all it had to do was LOOK at the Exhibit).  Experian failed to respond
17   to the substance, and failed to admit the part that is true, in blatant defiance of
18   Rules 8(b)(2), 8(b)(4) and 11(b).

19   In paragraph 49, Plaintiff states in short and plain statement, "Plaintiff, this
20   time around, sent the letter to Experian by Registered Mail, postmarked November
21   19, 2019 with tracking number RE276055282US."  Experian wants this Court to
22   accept that Experian has apparently no idea how to use USPS.com, search the
23   above referenced tracking number, and confirm delivery of receipt to Experian.
24   The response is a "shotgun" and an abuse of Rule 8(b)(5).  Once again, Experian
25   cannot override the US Postmaster when filing its responsive pleading.

26   In paragraph 50, Experian fails to respond to the factual substance of the
27   dispute letter, and hence, "denies" it received the dispute letter.  Experian fails to
28   admit the part that is true.  See also Local Rule 2.03(a).

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

In paragraph 51, Experian claims it is "without knowledge" of a letter that is mentioned repeatedly within the Complaint, and that is attached to the Complaint, and that was sent via Registered Mail, with proof of delivery also attached to the Complaint. The answer is a "shotgun" and a non-response.

In paragraph 52, Experian claims it is "without knowledge" that Plaintiff even sent a second dispute letter. The answer is a "shotgun" and a further mockery of the rules.

In paragraphs 55 and 56, Plaintiff once again properly pled the factual allegations in alternative form. Experian, however, responded that it is "without knowledge or information sufficient to form a belief" if it DID forward the dispute letter to Performant, AND it is "without knowledge or information sufficient to form a belief" if it did NOT forward the dispute letter. Well, which is it? Counsel needs to get Experian to choose one. The answer is insufficient, lacks factual support, fails to respond to the substance, and fails to admit the part that is true. Experian made no reasonable inquiry pursuant to Rule 11(b).

In paragraph 58, Plaintiff stated in simple language, "Experian sent Plaintiff a 10-page correspondence titled "Dispute Results" dated November 29, 2019 (Experian Report # 2653-8647-71)." (See Dkt. 1). Experian has access to each Report # that it sends out, because it is archived in a consumer's file. Experian did not conduct a "reasonable" inquiry pursuant to Rule 11(b).

In paragraph 65 of the Complaint, Plaintiff mentioned the date Experian sent correspondence to Plaintiff, and the Experian Report #. Experian obviously knows what it sent to Plaintiff. Experian "denied" the factual allegation, and thus did not conduct a reasonable inquiry pursuant to Rule 11(b).

In paragraph 66, Plaintiff references the Exhibit and attached it (See Dkt. 1, Exhibit "F"). Plaintiff also signed an affidavit under penalty of perjury attesting to the Exhibit. Experian did NOT file a counter-affidavit. The response is "non-responsive" and a "shotgun" using Rule 8(b)(5) as a scapegoat to deny it.

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

In paragraph 70, Plaintiff provided a link to an Experian website, which listed the amount of revenues earned claimed by Experian, cited by the CEO. Experian's response is a "shotgun." Experian MUST admit the part that is true.

In paragraph 88, Plaintiff listed the Experian Credit Report #. Once again, Experian knows what it sent to Plaintiff, and knows what it says on the report.

In paragraph 91, Experian's response is quite evasive, non-responsive to the substance, fails to conduct a reasonable inquiry, and fails to admit the part that is true. Plaintiff states, "Experian was provided written NOTICE by Plaintiff, **twice**, that Performant had made an unauthorized inquiry. (Emphasis added)." Experian need not admit that the inquiry was unauthorized, but STILL must admit that it received a NOTICE by Plaintiff, as the letters were sent via trackable delivery, and received by Experian. The response is evasive, a "non-response" and a "shotgun" using Rule 8(b)(5) as the scapegoat.

In paragraph 92, Experian evades answering if Performant is a furnisher. This lawsuit is based on a FCRA claim, whereby Plaintiff alleges that Experian allowed an impermissible pull to his credit report, and failed to conduct a reasonable reinvestigation upon receipt of NOTICE. Experian is essentially stating in its response that it is "without knowledge or information sufficient to support a belief" on who it does business with. It's a "shotgun" and a non-response.

In paragraph 93, once again, Experian wants the Court to accept the false reality that Experian does not have sufficient information to know that Performant is a furnisher, also known as a data furnisher and subscriber. These are all known terms to Experian, and the answer is a "shotgun" and a non-response.

In paragraph 101, Experian "denies" Plaintiff sent a dispute letter via certified mail, and "denies" receiving it. Well, then counsel should have moved the Court for a motion to dismiss pursuant to Rule 12(b)(6). Plaintiff is aware that he has to make a prima facie case by sending a dispute letter. This is common sense that even a Pro Se such as Plaintiff can figure out. USPS trackable letter was

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

1    received by Experian.  Plaintiff provided the tracking number and listed the source
2    as USPS.com.  Experian wants the Court to accept a false reality that nobody at its
3    corporate office has access to the Internet to track the USPS confirmation #, and
4    verify the record back to counsel prior to having counsel file its answer.

5        In paragraph 116, Experian uses the same approach is it did to respond in
6    paragraph 101.  Plaintiff attached the letter, attached the Registered Mail tracking
7    #, AND attached proof of delivery.  Plaintiff further attached an affidavit attesting
8    to the factual allegations.   Experian's response is evasive, redundant, non-
9    responsive to the factual allegations, fails to conduct a reasonable inquiry, fails to
10   respond to the substance, and fails to admit to the part that is true.

11       Finally, in paragraph 124, Experian knows what it says on the Credit Report
12   it sent to Plaintiff, *because it was Experian that sent Plaintiff the report*.  The
13   response is a "shotgun" and non-responsive to the substance of the allegation.

14       If the Court finds the responsive paragraphs filed by Defendant as
15   "acceptable" then ALL of the following, according to Experian, is true:

16       a.    Experian Holdings, Inc. is not the parent company of Experian.
17       b.    Plaintiff did not order his Credit Report from Experian.
18       c.    Plaintiff did not send a dispute letter to Experian via certified mail.
19       d.    Plaintiff did not send a second dispute letter via registered mail.
20       e.    Experian did not send Plaintiff a Credit Report.
21       f.    Experian did not receive either Plaintiff's first or second letter.
22       g.    Experian does not do business with Performant.
23       h.    Plaintiff fabricated the USPS tracking numbers.
24       i.    Plaintiff fabricated the Experian report numbers.
25       j.    Plaintiff committed fraud by providing false statements via affidavit.

26       Unfortunately for Experian, it is the responsive pleading, and NOT
27   Plaintiff's Complaint, that is void of any factual support.  If Counsel truly believed
28   that Plaintiff filed a defective pleading, then the proper remedy was a 12(b)(6)

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1   motion to dismiss for failure to state a claim.   Instead, what was filed was a

2   "boilerplate," a "shotgun," a pleading that defeats the core essence of the pleading

3   standards in _Twombly_ and _Iqbal_.  Plaintiff provided "fair notice" to counsel of the

4   factual allegations, and the allegations are of course, "plausible."   If all a

5   Defendant has to do is use Rule 8(b)(5) to avoid conducting a reasonable inquiry,

6   to avoid responding to the substance, and to avoid having to admit the part that it

7   MUST admit is true, then it also defeats the entire purpose of the pleading stage.

8        Indeed, the party who has to propound additional discovery that could have

9   been answered in the pleading **is prejudiced**.  (Emphasis added).   Consider, for

10  example, the textual differences between Rule 11(b) and Rule 11(d).  Counsel must

11  certify the answers when making representations TO THE COURT, but only has to

12  certify the answers _to Plaintiff_ in discovery.  Are these textual differences mere

13  semantics?  Plaintiff, even as a Pro Se, says "no."  If the Court accepts such a

14  "shotgun" filing by Defendant, then Plaintiff is forced to repeat the exact same

15  factual allegations in discovery.  This does not bode well for a Pro Se, but is an

16  excellent way for Experian's counsel to expense more billable hours to her client.

17       In these respects, the _Byrne_ court nailed it.  "Depending on his financial

18  resources, **a defendant may use a shotgun answer to obtain a settlement that**

19  **waters down a meritorious claim**.  In either situation, the extorted settlement

20  provides a financial benefit to the "prevailing" party and a windfall **in the form of**

21  **fees** for the "prevailing" lawyer. _(Byrne_, 1130).  (Emphasis added).

22                    **Experian's affirmative defenses are insufficient**

23       Plaintiff now turns the Court's attention to the deficient and insufficient

24  affirmative defenses filed by Experian, and respectfully moves the Court to strike

25  six of them:  FIRST (Failure to State a Claim); FOURTH (Failure to Mitigate

26  Damages); FIFTH (Laches); SEVENTH (Estoppel); EIGHTH (Statute of

27  Limitations); and NINTH (Unclean hands).  Plaintiff will demonstrate that he is

28  prejudiced if Experian keeps these affirmative defenses in its responsive pleading.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

Rule 12(f) permits a party to strike an insufficient defense. "An affirmative defense is one that **admits to the complaint,** but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matter." _Royal Palm Sav. Ass'n v. Pine Trace Corp.,_ 716 F.Supp. 1416, 1420 (M.D. Fla. 1989). (Emphasis added). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8. _Microsoft Corp. v. Jesse's Computers & Repair, Inc.,_ 211 F.R.D. 681, 684 (M.D. Fla. 2002). "While affirmative defenses may not have to meet the Twombly/Iqbal standard, **they must be more than boilerplate.**") (citing _Smith v. City of New Smyrna Beach,_ 6:11-cv-1110-ORL-31, 2011 WL 6099547, at *1 (M.D. Fla. 2011). (Emphasis added).

### Failure to State a Claim

In asserting its FIRST affirmative defense, Experian states "The Complaint herein, and each cause of action thereof, fails to set facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian." (Dkt. 11).

This defense would only serve to negate all of Plaintiff's claims, rather than to defeat Plaintiff's claims. Rule 12(f) is appropriate here where Experian's defense is obviously false. If Plaintiff "fails to state sufficient facts sufficient to state a claim" then Experian would respond with a motion to dismiss. It did not.

Experian uses this defense _repeatedly_ in Florida courts. In fact, in the Southern District, the Honorable Senior Judge Paul C. Huck, ruling _sua sponte,_ issued an ORDER to have Experian either "file the appropriate motion" or "notify the Court" to remove it. _Thomas v. Experian,_ 1:13-cv-24177 (S.D. Fla. 2013) (_Thomas,_ Dkt. 9). The Court said "it is in the interest of justice that the Court hear this defense **at this stage in the proceedings.**" (Huck, P.) (Emphasis added). Experian, _also_ represented by Ms. Ruiz in that particular case, promptly filed a NOTICE OF WITHDRAWAL, and removed it. (_Thomas,_ Dkt. 10).

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

**Failure to Mitigate Damages**

1
2    In asserting its FOURTH affirmative defense, Experian states as follows:
3 "Plaintiff has failed to mitigate his damages." The Middle District has ruled that a
4 defendant must set forth "some facts establishing a nexus between the elements of
5 an affirmative defense and the allegations in the complaint," so as to provide the
6 plaintiff fair notice of the grounds upon which the defense rests. _Daley v. Scott,_
7 _2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. 2016)._

8    Boilerplate pleading – that is, merely listing the name of the affirmative
9 defense without providing supporting facts – is insufficient to satisfy Rule 8(c),
10 because it does not provide notice sufficient to allow the plaintiff to rebut or
11 properly litigate the defense. Id. (citing _Grant v. Preferred Research, Inc.,_ 885
12 _F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv.,_ 842 F.2d 260, 263 (11th
13 _Cir. 1988)._ Requiring defendants to allege some facts linking the defense to the
14 plaintiff's claims "streamlines the pleading stage, helps the parties craft more
15 targeted discovery requests, and reduces litigation costs." Id. (citations omitted).

16    Plaintiff sent not one but <u>two</u> separate letters to Experian regarding the
17 Performant inquiry on his Credit Report. Experian did not link any facts to support
18 its FOURTH affirmative defense, thus it is insufficient.

19                                 **Laches**

20    In asserting its FIFTH affirmative defense, Experian states as follows: "The
21 Complaint and each claim for relief therein are barred by laches." Once again,
22 Experian did not provide any factual support for this defense, and did not provide
23 Plaintiff any notice as to how exactly "laches" would apply to <u>each</u> claim.

24    "Laches" is an equitable defense and arises from "the neglect or delay in
25 bringing suit to remedy an alleged wrong, which taken together with lapse of time
26 and other circumstances, causes prejudice to the adverse party and operates as an
27 equitable bar." _Precision Shooting Equip. Inc., v. Golden Eagle Indus., LLC,_ 2005
28 _WL 1669120, at *1 (M.D. Fla. 2005)._

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

Plaintiff listed four separate causes of action that results from dispute letters sent in September, 2019 and November, 2019, followed by a lawsuit filed in January, 2020.  Plaintiff did not "neglect or delay in bringing suit."  The FIFTH affirmative defense is "boilerplate" and insufficient.

## Estoppel

In asserting its SEVENTH affirmative defense, Experian states as follows: "Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct by Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages."

Similar to Laches, Experian's defense of Estoppel is insufficient, and fails to identify facts as to "the conduct by Plaintiff" and as to how Plaintiff "is estopped and barred from recovery of any damages."  The doctrine "presupposes that the plaintiff knows the facts underlying the cause of action but delayed filing suit because of defendant's conduct." *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 518 (Fla. 4th DCA 2003).  There was certainly no delay by Plaintiff in filing suit.

## Statute of Limitations

In asserting its EIGHTH affirmative defense, Experian states as follows: "Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statute of limitation, including but not limited to 15 U.S.C. § 1681p."

In answering paragraph 6 of Plaintiff's complaint, regarding the statute of limitations, "Experian states that this is a legal conclusion which is not subject to a denial or admission."  This is also a "shotgun" answer itself, but for the sake of simplicity, Plaintiff did not include paragraph 6 in the list.  However, in relation to the affirmative defense, the defense is nonsensical.  Experian's claim might make sense IF Plaintiff did NOT specify when he sent the dispute letters, but he did.  Therefore, the EIGHTH affirmative defense is negated by the factual allegations in the Complaint, and by the attached Exhibits.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

## Unclean Hands

In asserting its NINTH affirmative defense, Experian states as follows: "The Complaint, and each claim for relief therein that seeks equitable relief, are barred by the doctrine of unclean hands."

First of all, according to search results on Google, "equitable relief" is generally granted by the Court **when monetary relief is not available,** or is otherwise improbably or unusually challenging to recover.   (Emphasis added). However, Plaintiff filed a FCRA claim, where monetary relief <u>is</u> specifically available.   The Complaint does not state a claim for equitable relief, so the affirmative defense is out of place, and insufficient.

Second, in order to properly assert the defense of "unclean hands," a defendant "must demonstrate that the plaintiff's wrongdoing is directly related to his claim and that the defendant was personally injured by the plaintiff's conduct." *Calloway v. Partners Nat'l Health Plans*, 986 F.2d 446, 450-451 (11th Cir. 1993).

Experian cites zero facts to support its affirmative defense of "unclean hands." It is a bare bones "boilerplate" which has been consistently rejected by the Middle District.   See *Al Saud v. Parker Brothers Concepts, Inc.*, 6:18-cv-1884-Orl-41TBS (M.D. Fla. 2019), wherein The Honorable Magistrate Judge Thomas B. Smith struck the defense of "unclean hands."   (citing *Systematic Home Staging, LLC v. MHM Prof'l Staging, LLC*, 6:17-cv-1327-Orl-41TBS, 2017 WL 4681025, at *1 (M.D. Fla. 2017).   ("These bare bones assertions are unhelpful boilerplate.").

In another case in this District, presided by the Honorable Judge John Antoon II and by Magistrate Smith, **the defendant itself agreed to withdraw the defense of "unclean hands."**   (Emphasis added).   See *Whitson v. Bank of America, N.A.*, 6:18-cv-2009-Orl-28TBS (M.D. Fla. 2019).

Plaintiff is prejudiced by spending time and resources to counter such insufficient defenses, and "prejudice – is presumed." *Suzanne Degnan, DMD, PC v. Dennis USA Corp.*, 4:17-cv-292, 2017 WL 2021085, at *1 (E.D. Mo., 2017).

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

## Conclusion & Requested Relief

A "shotgun" is **still** a "shotgun," whether in the hands of a plaintiff **or a defendant**. (Emphasis added). For these reasons, the Eleventh Circuit has "condemned shotgun pleadings time and again" and has "repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11ᵗʰ Cir. 2018).

Defendant's evasive responses to Plaintiff's factual Complaint thwart the purpose of the Rules, including, but not limited to, Rules 8(b) and 11(b). Even a cursory reading of the responsive pleading shows that Experian attempted to "boilerplate" the answer, using Rule 8(b)(5) as a subversion technique to avoid answering the parts that Experian must admit as being true, in order to quickly push the case to discovery. Counsel knows this is a "TRACK TWO" case, it is not a "FAST TRACK to discovery case." Experian cannot demonstrate in good faith how it truly "lacks knowledge or information sufficient to form a belief about the truth of the allegations" for the paragraphs in question.

The Judicial Conference wrote the rules, not Experian. If counsel does not approve of the rules, then there is a grievance process to express her disappointment. The Judicial Conference appoints various committees to review any opinions by the public and then recommends any changes "as may be necessary to maintain consistency and otherwise promote the interest of justice." See § 2073(b), Rules of procedure and evidence; method of prescribing.

WHEREFORE, based on all of the foregoing, Plaintiff requests relief from the Court by having the referenced paragraphs in Defendant's ANSWER stricken as appropriate, and thereby having Plaintiff's factual claims deemed "admitted." Plaintiff also requests relief from the Court by having the referenced affirmative defenses in Defendant's ANSWER stricken. In the alternative, given the Court's broad powers, Plaintiff also requests the Court to issue an ORDER to Experian to replead the ANSWER in compliance with ALL Local and Federal Rules.

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER**

1

## Certificate of Compliance with Local Rule 3.01(g)

2      I, John Deatherage, Plaintiff, certify that I conferred with counsel in good

3  faith effort to resolve the issues raised by the motion on March 12, 2020, and I also

4  certify that Plaintiff and counsel could not agree to a resolution of the motion.

5      On March 19, 2020, counsel informed Plaintiff by e-mail that she would not

6  be filing the amended answer by Friday March 20 as initially stated, claiming

7  "given the disruptions caused by COVID-19 related closures" that Experian would

8  need more time to file its amended answer and affirmative defenses, until its

9  deadline on March 24, 2020.  Plaintiff also has until March 24 to file his motion,

10  although unlike counsel, Plaintiff does not have access to e-filing after the Clerk's

11  office closes at 4pm.  Counsel also stated via e-mail that Experian agreed to "a

12  reasonable extension" if Plaintiff required more time to file the motion to strike

13  after Experian filed its amended answer.

14      Plaintiff respectfully declined, writing back to Counsel, stating that only the

15  Court can grant an extension.  Plaintiff informed counsel that he would proceed

16  accordingly [to file his motion].

17

18

19      Date: _3/20/20_                    Respectfully submitted by:

20

21                                         _____

22                                         John Deatherage, Plaintiff

23                                         In Pro Per
                                           706 Palmer St.
24                                         Orlando, FL  32801

25                                         (716) 830-0118
                                           jdeatherage02@gmail.com
26

27

28

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER

1

## CERTIFICATE OF SERVICE

2   I, John Deatherage, Plaintiff, hereby certify that I filed the foregoing document

3   with the clerk of the Court and sent a copy to counsel below via first class mail,

4   postage prepaid.

5

6

7   Maria H. Ruiz (Florida Bar No. 182923)
MRuiz@kasowitz.com
8   KASOWITZ BENSON TORRES LLP
9   1441 Brickell Avenue, Suite 1420
Miami, FL  33131
10   (786) 587-1044
11   *Counsel for Defendant Experian*
*Information Solutions, Inc.*
12

13

14

15

16

17

18   _____
John Deatherage, Plaintiff
19   In Pro Per
706 Palmer St.
20   Orlando, FL  32801
21   (716) 830-0118
jdeatherage02@gmail.com
22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER