UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando Division)
Case Number: 6:20-CV-00156-CEM-GJK

JOHN DEATHERAGE,

     Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendants.

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## AMENDED ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff John Deatherage's ("Plaintiff") Complaint (the "Complaint") as follows.

By adopting the headings set forth in the Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein.

## PRELIMINARY STATEMENT: FCRA

1.     In response to paragraph 1 of the Complaint, Experian states that Plaintiff purports to cite to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq.*, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA

2.     In response to paragraph 2 of the Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To

the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

3. In response to paragraph 3 of the Complaint, Experian states that Plaintiff purports to cite to cases interpreting the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

4. In response to paragraph 4 of the Complaint, Experian states that Plaintiff purports to cite to a 2015 settlement agreement signed between the New York Attorney General's Office and the CRAs, which statements are not subject to denial or admission. To the extent a response is deemed required, Experian denies any allegations inconsistent with the alleged settlement agreement and Experian denies that it violated the FCRA.

5. In response to paragraph 5 of the Complaint, Experian admits that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 5 of the Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 5 of the Complaint and specifically denies Plaintiff is entitled to damages or any other relief whatsoever from Experian and denies that Experian has violated the FCRA.

## Jurisdiction and Venue

6. In response to paragraph 6 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  As for the remaining allegations in paragraph 6 of the Complaint,

Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 6 of the Complaint and specifically denies that it violated the FCRA.

7.      In response to paragraph 7 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b)(1).  Experian denies that it has harmed Plaintiff.  Experian admits that it is qualified to conduct business and does conduct business in the State of Florida.  As to the remaining allegations of paragraph 7 of the Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

8.      In response to paragraph 8 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff "attempted to mitigate damages" and therefore denies that allegation in paragraph 8. Experian further admits that it received correspondence from Plaintiff.   Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 8 of the Complaint.

## Parties

9.      In response to paragraph 9 of the Complaint, Experian admits that Plaintiff purports to be a person and consumer as defined by 15 U.S.C.§ 1681a(b) and §1681a(c). Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the

Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

10.     In response to paragraph 10 of the Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California.

11.     In response to paragraph 11 of the Complaint, Experian admits that its registered agent in Florida is CT Corporation System.

12.     In response to paragraph 12 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian further admits that it is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(p). Experian also admits that it is a person as defined by 15 U.S.C. §1681a(b).

13.     In response to paragraph 13 of the Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).

14.     In response to paragraph 14 of the Complaint, Experian admits that Experian Holdings, Inc. is a holding company, and a parent company of Experian, whose ultimate parent is Experian plc.  Experian plc indirectly owns 100 percent of Experian. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 14 of the Complaint.

15.     In response to paragraph 15 of the Complaint, Experian admits that Experian plc is the ultimate parent company of Experian.

16.     In response to paragraph 16 of the Complaint, Experian admits that it does not specifically identify "Experian Holdings, Inc." in all of its corporate disclosure statements.  Instead, in compliance with Fed. R. Civ. P. 7.1(a)(1) and this Court's

Interested Persons Order (ECF No. 4), which requires Experian to identify each

"corporation that has or may have an interest in the outcome of this action," Experian

properly identifies Experian plc as its ultimate parent.  This disclosure enables the Court

to "identify parties and interested corporations in which any assigned judge may be a

shareholder," (ECF No. 4), and to make a "properly informed disqualification decision[s]

in situations that call for automatic disqualification" as contemplated by Fed. R. Civ. P.

7.1.  *See* Fed. R. Civ. P. 7.1, advisory committee's note to 2002 amendments.  Except as

specifically admitted, Experian denies, generally and specifically, each and every

remaining allegation contained in paragraph 16 of the Complaint.

### Factual Allegations

17.     Experian incorporates by reference its responses to all of the above

paragraphs as though fully stated herein with the same force and effect as if the same

were set forth at length herein.

18.     In response to paragraph 18 of the Complaint, Experian admits that it

received correspondence from Plaintiff on or about August 12, 2019, requesting a copy of

his consumer disclosure and that Experian sent Plaintiff his consumer disclosure on or

about August 19, 2019.  Except as specifically admitted, Experian denies, generally and

specifically, each and every remaining allegation contained in paragraph 18 of the

Complaint.

19.     In response to paragraph 19 of the Complaint, Experian admits that it sent

Plaintiff his consumer disclosure on or about August 19, 2019, which speaks for itself.

Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, which speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

22.     In response to paragraph 22 of the Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, which speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 22 of the Complaint.

23.     In response to paragraph 23 of the Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 23 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24.     In response to paragraph 24 of the Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 24 of the Complaint,

Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein, including all subparts.

25.     In response to paragraph 25 of the Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Complaint.

26.     In response to paragraph 26 of the Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, postmarked September 28, 2019, and bearing certified mail tracking number 7016 3560 0000 2096 1648, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Complaint.

27.     In response to paragraph 27 of the Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Complaint.

28.     In response to paragraph 28 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Complaint, Experian admits that Performant Financial Corporation ("Performant") is a subscriber of Experian.  Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Experian admits that Plaintiff purports to summarize the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

32.     In response to paragraph 32 of the Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

33.     In response to paragraph 33 of the Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

34.     In response to paragraph 34 of the Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

35.     In response to paragraph 35 of the Complaint, Experian admits that Plaintiff purports to cite to the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

36.     In response to paragraph 36 of the Complaint, Experian admits that Plaintiff purports to cite to the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

37.     In response to paragraph 37 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Complaint, Experian denies that it sent an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary. Experian denies that it violated the FCRA.

39.     In response to paragraph 39 of the Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence

to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary. Experian denies that it violated the FCRA.

40.     In response to paragraph 40 of the Complaint, Experian admits that it sent Plaintiff correspondence on about October 24, 2019, which speaks for itself.

41.     In response to paragraph 41 of the Complaint, Experian admits that it sent Plaintiff correspondence on or about October 24, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 41 of the Complaint.

42.     In response to paragraph 42 of the Complaint, admits that it sent Plaintiff correspondence on or about October 24, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 42 of the Complaint.

43.     In response to paragraph 43 of the Complaint, Experian admits that it sent Plaintiff correspondence on or about October 24, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 43 of the Complaint.

44.     In response to paragraph 44 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45.     In response to paragraph 45 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46.     In response to paragraph 46 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 47 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

48.     In response to paragraph 48 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Complaint.

49.     In response to paragraph 49 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and, on that

basis, denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Complaint.

50.     In response to paragraph 50 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, which correspondence speaks for itself.   Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Complaint.   Experian further denies that it violated the FCRA.

51.     In response to paragraph 51 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, which correspondence speaks for itself.   Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Complaint.

52.     In response to paragraph 52 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, which correspondence speaks for itself.   Except as specifically admitted, Experian does not have knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Complaint.

53.     In response to paragraph 53 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Complaint, Experian denies that it sent an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary. Experian denies that it violated the FCRA.

56.     In response to paragraph 56 of the Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary. Experian denies that it violated the FCRA.

57.     In response to paragraph 57 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Complaint, Experian admits that it sent Plaintiff correspondence on about November 29, 2019, which speaks for itself.

59.     In response to paragraph 59 of the Complaint, Experian admits that it sent Plaintiff correspondence on about November 29, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 59 of the Complaint.

60.     In response to paragraph 60 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

64.     In response to paragraph 64 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

65.     In response to paragraph 65 of the Complaint, Experian admits that it received a request from Plaintiff for his consumer disclosure on or about December 9, 2019,

and that Experian sent Plaintiff his consumer disclosure on or about December 9, 2019. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 65 of the Complaint.

66.     In response to paragraph 66 of the Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about December 9, 2019, which speaks for itself. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 66 of the Complaint.  Experian denies that it violated the FCRA.

67.     In response to paragraph 67 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

68.     In response to paragraph 68 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

69.     In response to paragraph 69 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

70.     In response to paragraph 70 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.     In response to paragraph 71 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**<u>Causes of Action</u>**
**Count I, Violation of the FCRA, 15 U.S.C. §1681b**

72.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73.     In response to paragraph 73 of the Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

74.     In response to paragraph 74 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

76.     In response to paragraph 76 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77.     In response to paragraph 77 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

78.     In response to paragraph 78 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

79.     In response to paragraph 79 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

80.     In response to paragraph 80 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

81.     In response to paragraph 81 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

82.     In response to paragraph 82 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

83.     In response to paragraph 83 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to damages or any other relief whatsoever from Experian.

84.     In response to paragraph 84 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

### Count II, Violation of the FCRA, 15 U.S.C. §1681(e)(a)

85.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

86.     In response to paragraph 86 of the Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To

the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it has violated the FCRA.

87.     In response to paragraph 87 of the Complaint, Experian admits that Performant is a subscriber of Experian.  Experian further admits Performant requested Plaintiff's credit information on or about February 26, 2018, and August 28, 2019.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 87 of the Complaint.

88.     In response to paragraph 88 of the Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 88 of the Complaint.

89.     In response to paragraph 89 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

90.     In response to paragraph 90 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

91.     In response to paragraph 91 of the Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, which correspondence speaks for itself.  Experian further admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked

November 19, 2019, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 91 of the Complaint.

92.     In response to paragraph 92 of the Complaint, Experian admits that Performant furnishes data to Experian under contract.  Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 92 of the Complaint.

93.     In response to paragraph 93 of the Complaint, Experian admits that Performant is a subscriber of Experian.  Experian admits Performant has a subscriber code with Experian.  Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 93 of the Complaint.

94.     In response to paragraph 94 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

95.     In response to paragraph 95 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

96.     In response to paragraph 96 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

97.     In response to paragraph 97 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

98.     In response to paragraph 98 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

99.     In response to paragraph 99 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

## Count III, Violation of the FCRA, 15 U.S.C. §1681i(a)

100.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

101.     In response to paragraph 101 of the Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, postmarked September 28, 2019, and bearing certified mail tracking

number 7016 3560 0000 2096 1648, which correspondence speaks for itself.  Except as

specifically admitted, Experian does not have knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 101 of the Complaint, and, on

that basis, denies, generally and specifically, each and every remaining allegation of

paragraph 101 of the Complaint.

102.    In response to paragraph 102 of the Complaint, Experian denies, generally

and specifically, each and every allegation contained therein.

103.    In response to paragraph 103 of the Complaint, Experian admits that it did

not send an Automated Consumer Dispute Verification form or Plaintiff's

correspondence to Performant.  Experian further states that the record of requests for

credit history that Experian compiled is a factual record listing of those companies that

have requested Plaintiff's credit information from Experian, and as such, no revisions

were necessary.  Experian denies that it violated the FCRA.

104.    In response to paragraph 104 of the Complaint, Experian admits that it did

not send an Automated Consumer Dispute Verification form or Plaintiff's

correspondence to Performant.  Experian further states that the record of requests for

credit history that Experian compiled is a factual record listing of those companies that

have requested Plaintiff's credit information from Experian, and as such, no revisions

were necessary.  Experian denies that it violated the FCRA.

105.    In response to paragraph 105 of the Complaint, Experian denies, generally

and specifically, each and every allegation contained therein.

106.    In response to paragraph 106 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

107.    In response to paragraph 107 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

108.    In response to paragraph 108 of the Complaint, Experian states that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 108 of the Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 108 of the Complaint and specifically denies that it has violated the FCRA.

109.    In response to paragraph 109 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110.    In response to paragraph 110 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

111.    In response to paragraph 111 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

112.    In response to paragraph 112 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

113.    In response to paragraph 113 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

114.    In response to paragraph 114 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

## Count IV Violation of the FCRA, 15 U.S.C. §1681(i)(a)

115.    Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

116.    In response to paragraph 116 of the Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, which correspondence speaks for itself.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of the Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 116 of the Complaint.

117.    In response to paragraph 117 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

118.    In response to paragraph 118 of the Complaint Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

119.    In response to paragraph 119 of the Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

120.    In response to paragraph 120 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

121.    In response to paragraph 121 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

122.    In response to paragraph 122 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

123.    In response to paragraph 123 of the Complaint, Experian states that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the

remaining allegations in paragraph 123 of the Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 123 of the Complaint and specifically denies that it violated the FCRA.

124.    In response to paragraph 124 of the Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, which speaks for itself.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 124 of the Complaint.

125.    In response to paragraph 125 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

126.    In response to paragraph 126 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

127.    In response to paragraph 127 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

128.    In response to paragraph 128 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

129.    In response to paragraph 129 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

### Response to Demand for Jury Trial

130.    Experian admits that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to any relief herein.

131.    In response to the alphabetical paragraphs beginning with "WHEREFORE," Experian denies that Plaintiff is entitled to any of the relief set forth therein against Experian.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
#### (Truth/Accuracy of Information)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### SECOND AFFIRMATIVE DEFENSE
#### (Indemnification)

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

While Plaintiff alleges that he suffered "actual" damages, he fails to specify what "actual" damages he suffered.  Nor does Plaintiff specifically allege what actions he took to mitigate his alleged "actual" damages.  On information and belief, to the extent Plaintiff suffered "actual" damages, he has failed to mitigate such damages.

### FOURTH AFFIRMATIVE DEFENSE
**(Contributory/Comparative Fault)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

### FIFTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

### SIXTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, because on information and belief, Plaintiff was on notice of information, including potentially negative entries on his credit file, before January 30, 2018.

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

The Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.  Plaintiff's claims for exemplary or punitive damages violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

For costs of suit and attorneys' fees herein incurred; and

For such other and further relief as the Court may deem just and proper.

Dated:  March 24, 2020

Respectfully submitted;

/s/ *Maria H. Ruiz*
Maria H. Ruiz (Florida Bar No. 182923)
MRuiz@kasowitz.com
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida, 33131
(786) 587-1044 (t) / (305) 675-2601 (f)
*Counsel for Defendant Experian*
*Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 24, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day to Plaintiff via transmission of Notices of Electronic Filing generated by CM/ECF and via regular mail as follows:

Mr. John Deatherage
706 Palmer Street
Orlando, FL 32801

*/s/ Maria H. Ruiz*
Maria H. Ruiz