UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando Division)
Case Number: 6:20-CV-00156-CEM-GJK

JOHN DEATHERAGE,

    Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendants.

**EXPERIAN'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES AS NON-RESPONSIVE AND INSUFFICIENT**

Defendant, Experian Information Solutions, Inc. ("Experian"), files its response in opposition to Plaintiff's Motion to Strike Defendant's Answer and Affirmative Defenses as Non-Responsive and Insufficient (ECF No. 15, "Motion to Strike") and states as follows.

**PRELIMINARY STATEMENT**

This Court should summarily deny Plaintiff's Motion to Strike. Plaintiff, proceeding *pro se*, refused to meet and confer with Experian in good faith after Experian amended its answer. Experian's Amended Answer and Affirmative Defenses ("Amended Answer") (ECF No. 16), renders the Motion to Strike moot. Plaintiff has not filed an amended motion to strike.

While Experian was not required to amend, its Amended Answer resolves 33 of the 37 complained-of responses to Plaintiff's Complaint allegations and Experian properly responded to the remaining four immaterial allegations. Similarly, while not required to do so, Experian withdrew three complained-of affirmative defenses and alleged additional facts to support the

remaining affirmative defenses. Many courts have concluded when presented with similar motions, that plaintiffs' motions to strike are time-wasters that serve no purpose other than to burden the Court and the parties. Experian respectfully requests that the Court deny Plaintiff's Motion to Strike admonish Plaintiff to comply with this Court's meet-and-confer obligations.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Experian is a Consumer Reporting Agency as defined by 15 U.S.C. § 1681a(f), and as such issues consumer reports as defined by 15 U.S.C. § 1681a(p). (ECF No. 16 at 4). Plaintiff, *pro se*, sued Experian on January 30, 2020, alleging Experian violated the Fair Credit Reporting Act ("FCRA") (15 U.S.C. §§ 1681 *et seq.*) by sharing, without authorization, Plaintiff's credit information with Experian's subscriber-client, Performant. (*See* Compl., ECF No. 1 ¶¶ 21-24).

Experian filed its Answer and Affirmative Defenses ("Original Answer") on March 3, 2020. (ECF No. 11). On March 6, 2020, and March 9, 2020, Plaintiff filed two later-stricken "notices" indicating that he intended to file a motion to strike 37 of Experian's responses to Plaintiff's Complaint allegations and six of Experian's Affirmative Defenses. (ECF Nos. 12, 13). On March 12, 2020, Plaintiff and Experian discussed the "notices" and, although not required to do so, Experian committed to filing an Amended Answer by March 19, 2020. On March 19, 2020, Experian reached out to Plaintiff to explain that due to disruptions cause by the COVID-19 pandemic, Experian would file its Amended Answer by its, "as a matter of course", March 24, 2020 deadline pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). (Ex. 1). Experian, knowing that Plaintiff was concerned about preserving his right to file a motion, agreed to an extension of time for Plaintiff to file the anticipated motion to strike, but

instead received the first of many of Plaintiff's refusals to confer in good faith. (*Id*). Refusing to take counsel "at her word" that Experian would file an Amended Answer, Plaintiff hastily filed his Motion to Strike on March 20, 2020. (ECF No. 15 at 2).

As promised, on March 24, 2020, Experian filed its Amended Answer (ECF No. 16), mooting Plaintiff's Motion. On April 2, 2020, Experian wrote to Plaintiff and asked Plaintiff to withdraw his Motion to Strike as moot. (Ex. 2). Plaintiff refused to withdraw the Motion to strike and refused to discuss the issue further during the parties' Case Management Conference later that day, preferring to keep "the issue of any pending motion separate" from the parties' Case Management Conference. (*Id.* at 2). Within minutes of that refusal, Experian asked Plaintiff to identify the paragraphs of Experian's Amended Answer to which Plaintiff continued to object. (Ex. 2). Plaintiff did not respond to that request. To date, Plaintiff has not contacted Experian to discuss any possible remaining objections, filed an amended motion to strike, or supplemented his Middle District of Florida Local Rule 3.01(g) certification to reflect the state of the parties' discussions (or lack thereof) following Experian's Amended Answer and Affirmative Defenses.

Given Plaintiff's refusal to withdraw the motion, discuss the merits of the motion, or discuss any further objections to Experian's Amended Answer and Affirmative Defenses and in an abundance of caution, Experian hereby responds to Plaintiff's now-moot 19-page Motion to Strike.

# ARGUMENT

1. **The Court Should Deny Plaintiff's Motion To Strike Because Plaintiff Failed To Confer In Good Faith Before Filing The Motion To Strike And Refused To Confer After Experian Filed An Amended Answer And Affirmative Defenses.**

"Before filing any motion in a civil case, … the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, …" M.D. Fla. L. R. 3.01(g).  The term "counsel" as stated in Rule 3.01(g) applies to *pro se* litigants. *Esteves v. SunTrust Banks, Inc.*, No. 6:13–cv–1881–Orl–28TBS, 2014 WL 1328401, at *2–*3 (M.D. Fla. Apr. 2, 2014) (requiring pro se plaintiffs to comply with Rule 3.01(g) conferral requirements noting, "[c]ounsel must respond promptly to inquiries and communications from opposing counsel and if Plaintiffs refuse to confer then the proper recourse is a complaint for civil contempt").  Parties are expected to "comply with both the letter and spirit of Local Rule 3.01(g)." *Norris v. Suntrust Bank, Inc.*, No: 5:19-cv-430-Oc-37PRL, 2020 WL 533934, at *2 (M.D. Fla. Feb. 3, 2020) (admonishing defendant for failing to confer on a motion to strike a jury demand noting that "compliance with both the letter and spirit of Local Rule 3.019(g), as well as best practices, would have required counsel for Defendant to confer again in good faith," and not doing so was a violation of Local Rule 3.01(g)).  The "purpose of Local Rule 3.01(g) is to require the parties to communicate and resolve certain types of disputes without court intervention."  *Lippy v. Metro. Cas. Ins. Co.*, No. 3:10–cv–727–J–34MCR, 2010 WL 4007035, at *1 (M.D. Fla. Oct. 13, 2010) (punctuation and citation omitted) (denying motion to compel discovery requests served prematurely noting, "if [the parties] had actually conferred on the telephone or in person before the [discovery motion] was filed, there would have been no need for Court involvement").

The "term 'confer' in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely 'attempt' to confer have not 'conferred.'" *Esteves*, 2014 WL 1328401, at *2. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. *Id.*

Here, Experian attempted (many times) in good faith to resolve the issues raised in the Motion to Strike, but Plaintiff refused to cooperate in good faith. Experian reviewed Plaintiff's stricken "notices" and conferred with Plaintiff by telephone on March 12, 2020. Experian's counsel, in the spirit of compromise, committed to amending Experian's Original Answer but Plaintiff nonetheless filed the Motion to Strike, refusing to take counsel "at her word" with respect to the anticipated amendment. (ECF No. 15 at 2). Even after Experian filed its Amended Answer, Experian continued to attempt to work with Plaintiff to resolve or narrow the issues that Plaintiff now asks this Court to resolve. Plaintiff refused Experian's attempts. Moreover, Plaintiff has neglected his responsibility, as the party filing the motion, to confer with Experian and attempt to resolve the matter without court intervention. For this reason only, Plaintiff's Motion to Strike is ripe for denial.

**2.    The Court Should Deny Plaintiff's Motion To Strike Because It Is Directed To Experian's Original Answer And Affirmative Defenses And Is Therefore Moot.**

An amended pleading supersedes the pleading it modifies and the original pleading no longer performs any function in the case. *Kahama VII, LLC v. Space Coast Builders & Contractors, Inc.*, No. 6:12–cv–454–Orl–19DAB, 2013 WL 12161440, at *7 (M.D. Fla. Jan. 28, 2013) (citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, *Federal*

*Practice & Procedure* § 1476 (3d ed. 2012)).  Further, "[g]enerally, the filing of an amended complaint renders moot any pending motion to dismiss the original complaint."  (citing *Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002))  *Id.,* at *7 (holding that the court should rule on a motion for leave to amend a complaint before deciding a motion to dismiss that same complaint because allowing leave to amend renders the motion to dismiss moot); Order Denying as Moot Plaintiff's Motion to Compel Discovery, *Miller v. Environmental Turnkey Solutions, LLC*, No. 2:15-cv-732-FtM-29CM (M.D. Fla. Nov. 14, 2016), ECF No. 31  (denying plaintiff's motion to compel as moot because defendant served discovery responses); *see also* Order Denying Plaintiffs Motion to Strike as Moot, *Burrows v. Bluewater Subs, Inc.*, No. 8:11-cv-2250-T-24 AEP (M.D. Fla. Dec. 7, 2011), ECF No. 13.  Here, Plaintiff directed his Motion to Strike to Experian's Original Answer (ECF No. 11).  Experian's Amended Answer (ECF No. 16), filed "as a matter of course" without leave of Court as permitted by Federal Rule of Civil Procedure 15(a)(1)(A), supersedes its Original Answer.  Further, Plaintiff has not articulated any objections to the Amended Answer and Affirmative Defenses or filed an amended motion to strike.  Therefore, Experian respectfully requests this Court deny Plaintiff's Motion to Strike as moot, or alternatively, disregard Plaintiff's arguments directed to Experian's Original Answer.

3. **The Court Should Deny Plaintiff's Motion To Strike Because Experian's Responses Comply With The Federal Rules Of Civil Procedure.**

It is well-settled that granting a motion to strike is a drastic remedy that is disfavored by courts.  *See Landon v. City of North Port*, No: 8:15-cv-02272-CEH-JSS, 2016 WL 164633, at *1 (M.D. Fla. Jan. 14, 2016).  In addition, a motion to strike should be granted only if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the

issues, or otherwise prejudice a party." *Hutchings v. Fed. Ins. Co.,* No. 6:08-cv-305-Orl-19KRS, 2008 WL 4186994, at *2 (M.D. Fla. Sept. 8, 2008) (quoting *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). Finally, because this standard is rarely met, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." *Id.* at *2. (quoting *Somerset Pharm., Inc. v. Kimball,* 168 F.R.D. 69, 71 (M. D. Fla. 1996)) (motions to strike are disfavored, often considered "time wasters," and will usually be denied).

      **A.**    **Plaintiff Incorrectly Argues Federal Rule Of Civil Procedure 8(a) Holds Experian's Responses To A Heightened Pleading Standard.**

Plaintiff argues that since Federal Rule of Civil Procedure 8(a) requires a *plaintiff in his complaint* to allege more than simply bare allegations, a *defendant's answer* must, in fairness, comply with this same pleading standard. (ECF No. 15 at 3). Plaintiff's strained interpretation of Rule 8(a) to subject Experian to this heightened pleading standard is inappropriate because "to contain the factual specificity needed to meet a plausibility standard would be unfair to defendants, who lack time to conduct investigations within the twenty-one day period to respond to complaints." *Desilva v. SunTrust Bank,* No. 8:15–cv–1045–T–24 TGW, 2015 WL 5638073, at *2 (M.D. Fla. Sept. 23, 2015) (quoting *Smith v. Wal-Mart Stores, Inc.*, No. 1:11–cv–226–MP–GRJ, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012)). *See Narbona v. Micron Precision LLC,* No. 3:14-cv-00060-MOC-DSC, 2014 WL 1875038, at *2 (W.D.N.C. May 9, 2014) (stating a defendant "typically has only 21 days within which to Answer or otherwise respond to a complaint and assert its affirmative defenses" as opposed to a plaintiff who "has months if not years to investigate its claim and craft a complaint which alleges plausible facts that show they are entitled to the relief they seek.") *Also see Owen v.*

7

*American Shipyard Co., LLC*, No. 1:15-CV-413 S, 2016 WL 1465348, at *3 (D.R.I. Apr. 14, 2016) ("It is inappropriate to hold plaintiffs and defendants to the same pleading standard when a plaintiff has the entirety of the statute of limitations period to gather facts for its complaint and the defendant has only twenty-one days to ascertain its defenses, some of which are in danger of being waived if not asserted in the answer.").[1]

As Plaintiff correctly later notes, Federal Rule of Civil Procedure 8(b) only requires Experian "fairly respond to the substance of [Plaintiff's] allegation[s]." (ECF No. 15 at 3). *See* Fed. R. Civ. Proc. 8(b)(2). Where a party lacks knowledge or information sufficient to form a belief about the truth of an allegation, it must so state and the statement has the effect of a denial. Fed. R. Civ. Proc. 8(b)(5).

While Experian's Original Answer to Plaintiff's allegations are appropriate, Plaintiff disagrees with 37 of Experian's responses. In good faith, Experian amended 33 of the responses identified in Plaintiff's Motion to Strike, leaving four responses, discussed specifically below, at issue, if at all.[2]

**Paragraphs 29 and 45.** Plaintiff alleges, "Experian understood that Performant was a furnisher of information." (ECF No. 1 ¶ 29). Plaintiff later alleges that "Experian knows (or

---

[1] "'The [Supreme] Court… has never once lost sleep worrying about defendants filing nuisance affirmative defenses.' And, more importantly, these courts note that any additional cost added by boilerplate affirmative defenses is far outweighed by fairness concerns regarding the timing in which defendants must respond to a complaint." *Owen*, 2016 WL 1465348, at *2 (quoting *Hansen v. Rhode Island's Only 24 Hour Truck & Auto Plaza, Inc*., 287 F.R.D. 119, 122-123(D. Mass 2012)).

[2] Experian's Original Answer asserted that it was without knowledge or information sufficient to form a belief as to many of Plaintiff's allegations. Experian since conducted an additional investigation into Plaintiff's claims and therefore amended its responses to 33 of Plaintiff's allegations to include more specific admissions or denials as appropriate.

should know) that Performant is a 'debt collector' who conducts business in the Middle District of Florida as Performant Recovery, Inc. As such, Experian knew (or should have known) that Performant was NOT a 'credit grantor' and that Plaintiff could not have received a "firm offer of credit.'" (ECF No. 1 ¶ 45).

Experian's responses to these allegations state: "Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein." (ECF Nos. 11 ¶¶ 29, 45; 16 ¶¶ 29, 45). Experian's responses are appropriate because, while Performant is Experian's client, it is not in a position to admit in a pleading to Performant's actual use of information Performant obtained from Experian. Experian stated that it was without knowledge of the facts Plaintiff alleged in these paragraphs and then correctly denied them, as entitled to do under Rule 8(b).[3]

**Paragraphs 37 and 70.** Plaintiff alleges, "Experian understood that Plaintiff was addressing his concerns regarding an invasion of his privacy, and the dispute letter was specific to the 'hard' inquiry made by Performant and reported by Experian." (ECF No. 1 ¶ 37). Plaintiff later similarly alleges that "Experian knows (or should know) that most consumers who discover inaccuracies on their credit reports are going to get frustrated in disbelief after sending a few dispute letters if Experian fails to correct the disputed item. Experian further understood that Experian plc reported over $4 BILLION DOLLARS in

---

[3] Curiously, Plaintiff did not sue Performant. Rather than burden the Court with a motion to strike these immaterial allegations, Experian simply denied them.

revenues in preliminary results for its most recent fiscal year 2019 with its CEO Brian Cassin stating, 'This was a very good year for Experian.'" (ECF No. 1 ¶ 70).

Experian's responses to these allegations state: "Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein." (ECF Nos. 11 ¶¶ 37, 70; 16 ¶¶ 37, 70). Experian's responses to these allegations are appropriate because Experian does not have personal knowledge, beyond what Plaintiff alleges in the Complaint, of what Plaintiff's concerns were when disputing Performant's inquiries. Experian stated that it was without knowledge of the facts Plaintiff alleged in these paragraphs and then correctly denied them, as entitled to do under Rule 8(b).[4]

### B. Experian's Affirmative Defenses Adequately Give Plaintiff Notice Of The Defenses Which May Be Raise At Trial.

The purpose of Rule 8(c) is simply to provide the plaintiff with notice of an affirmative defense that may be raised at trial. *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11–cv–337–J–37MCR, 2011 WL 2938467, at *3 (M.D. Fla. July 21, 2011) (citing *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010)). Rule 8(c) requires only that a party "affirmatively state any avoidance or affirmative defense[.]" Fed. R. Civ. P. 8(c)(1); *see also Laferte v. Murphy Painters, Inc.,* No. 17-CIV-60376-BLOOM/Valle, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017) (reasoning that the straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses). To that end, Rule

---

[4] Plaintiff's allegations of Experian's ultimate parent's CEO's statements and earnings are irrelevant to Plaintiff's claims. Rather than burden the Court with a motion to strike these immaterial allegations, Experian simply denied them.

8(a)'s heightened pleading standard for complaints does not apply to pleading affirmative defenses. *See Desilva,* 2015 WL 5638073, at *1-*2; *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 3:11–cv–337–J–37MCR, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015). This distinction between standards for a complaint and defense is equitable and appropriate because "[w]hereas plaintiffs have the opportunity to conduct investigations prior to filing their complaints, defendants, who typically only have twenty-one days to respond to the complaint, do not have such a luxury." *Adams,* 2011 WL 2938467, at *4; *see also DeSilva*, 2015 WL 5639073, at *2 ("[B]ecause [defendant] was not able to conduct discovery prior to asserting its affirmative defenses, it should not be penalized for the lack of sufficient factual detail to support the affirmative defenses that it plans to pursue.").

In reviewing a motion to strike, the Court must view Experian's affirmative defenses in a light most favorable to Experian (the non-moving party). *Landon*, 2016 WL 164633, at *1. Further, in pleading its affirmative defenses, Experian need only "state in short and plain terms" and "affirmatively state" the defenses. Fed. R. Civ. P. 8(b)(A), 8(c)(1). Thus, an affirmative defense may be pled in general terms and is sufficient to withstand a motion to strike as long as it gives a plaintiff fair notice of the nature of the defense and the grounds upon which it rests. *Whitson v. Bank of America, N.A.,* No. 6:18-cv-2009-Orl-28TBS, 2019 WL 450679, at *2 (M.D. Fla. Feb. 5, 2019).

A court must not strike an affirmative defense unless the matter asserted (1) has no possible relation to the controversy, (2) may confuse the issues, or (3) may otherwise prejudice a party. *Landon*, 2016 WL 164633, at *1. Even where a defendant improperly labels a denial

as an affirmative defense, the proper remedy is to treat the defense as a denial, *not to strike it*. *Id*., at *2.

Plaintiff fails to demonstrate (or even argue) that Experian's Affirmative Defenses have no possible relation to this case, may confuse the issues, or may otherwise prejudice a party. *See id*., at *1. Rather, Plaintiff, in conclusory fashion, argues that prejudice to him is "presumed" because he spent "time and resources to counter such insufficient defenses." (ECF No. 15 at 17). The case Plaintiff cites for his "presumptive prejudice" argument, *Suzanne Degan, DMD, PC v. Deniis USA Corp.*, No. 4:17-CV-292 (CEJ), 2017 WL 2021085 (E.D. Mo. May 12, 2017), is inapposite because it applies to defenses that *fail as a matter of law*.[5] (ECF No. 15 at 17). As set forth below, Experian's affirmative defenses give Plaintiff ample notice and are therefore legally sufficient.

### i.   Experian's Specific Affirmative Defenses.

Plaintiff asks this Court to strike six of Experian's eight affirmative defenses from its Original Answer. (ECF No. 15, 13). Experian's Amended Answer omitted three of these affirmative defenses (failure to state a claim, laches, and unclean hands), leaving three defenses (failure to mitigate, estoppel, and statute of limitations) at issue, if at all. Experian addresses these remaining affirmative defenses in turn below.

### ii.   Failure to Mitigate Damages.

Experian asserts its third affirmative defense stating, "[w]hile Plaintiff alleges that he suffered 'actual' damages, he fails to specify what 'actual' damages he suffered. Nor does

---

[5] *Degan* succinctly recites the correct standard applicable generally to motions to strike. 2017 WL 2021085, at *1. Yet Plaintiff curiously ignored *Degan* when attempting to impose a heightened pleading standard on Experian's answer and affirmative defenses.

Plaintiff specifically allege what actions he took to mitigate his alleged 'actual' damages. On information and belief, to the extent Plaintiff suffered 'actual' damages; he has failed to mitigate such damages." (ECF No. 16 at 27).

Simply stating a claim is barred because plaintiff failed to mitigate its damages is sufficient to put plaintiff on notice. *Adams*, 2011 WL 2938467, at *5 (citing *Sembler Family P'ship No, 41, Ltd. v. Brinker Florida, Inc.*, No. 8:08-cv-1212-T-24 MAP, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008). The *Adams* court reasoned defendant's affirmative defense stating "[p]laintiff has failed to mitigate his damages by, among other things, failing to take reasonable steps to secure and retain other employment following his separation from employment with Chase" provided "[p]laintiff with sufficient notice and [was] therefore appropriate." *Id.,* at *5. Plaintiff argues that Experian's failure to mitigate defense is improper because he pleaded only statutory damages, and therefore there is not a nexus between the affirmative defense and allegations in the complaint. (ECF No. 16 at 15). However, Plaintiff in his Complaint does plead he is entitled to (unspecified) actual damages. (ECF No. 1 at 13, 14, 16-18). Therefore, Experian properly alleges a nexus between the failure to mitigate affirmative defense and Plaintiff's Complaint assertions, putting Plaintiff on notice of the grounds upon which the defense rests.

### iii. Estoppel.

Experian asserts its fifth affirmative defense stating, "[a]ny damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages." (ECF No. 16 at 27). As is apparent from Plaintiff's Complaint, Plaintiff did not

13

suffer any damages because of Performant's inquiries. Discovery in this case is in its nascent stages[6] and therefore Experian does not know whether Plaintiff himself caused Performant to perform the inquiries of which he now complains or if one of Plaintiff's actual creditors assigned its claims to Performant.

Estoppel "has been recognized and applied in numerous contexts by the Supreme Court since the inception of statehood." *Ryan v. Lobo De Gonzalez*, 841 So. 2d 510, 518, 524 (Fla. Dist. Ct. App. 2003) (quoting *Morsani v. Major League Baseball*, 739 So. 2d 610, 614 (Fla. Dist. Ct. App. 1999) (stating "[e]quitable estoppel functions as a shield, not a sword, and operates against the wrongdoer, not the victim.").

Plaintiff erroneously states Experian is using the estoppel doctrine to assert Plaintiff delayed filing suit and is therefore barred by equitable estoppel. (ECF No. 15 at 16). To the contrary, Experian asserts the defense of estoppel as a shield to protect itself from actions related to Plaintiff's own wrongdoings.[7] For example, if discovery reveals that Plaintiff or

---

[6] Discovery has not yet begun in this case, and Experian's affirmative defenses are based upon facts of which Plaintiff or third parties would have proof. Experian should not be penalized at this early stage of litigation for not having access to such details. *See DeSilva*, 2015 WL 5639073, at *2; (accepting defendant's argument that because it was not able to conduct discovery prior to asserting its affirmative defenses, it should not be penalized for lack of sufficient factual detail to support the defenses that it plans to pursue.).

[7] See *Fla. Dep't. of Health & Rehab. Servs. v. S.A.P.,* 835 So.2d 1091, 1096 (Fla. 2002) (stating "The doctrine of equitable estoppel has been a fundamental tenet of Anglo-American jurisprudence for centuries: 'Estoppe, says Lord Coke, cometh of the French word *estoupe*, from whence the English word stopped; and it is called an estoppel or conclusion, because a man's own act or acceptance stoppeth or closeth up his mouth to allege or plead [otherwise].'") (quoting Lancelot Fielding Everest, *Everest and Strode's Law of Estoppel* 1 (3d ed. 1932)) (internal punctuation omitted) (alteration in original). The doctrine, which was part of the English common law when the State of Florida was founded, was adopted and codified by the Florida Legislature in 1829.

someone acting on his behalf initiated the underlying credit transaction, then Plaintiff will be estopped from asserting any claims against Experian. Experian's estoppel defense properly gives Plaintiff ample notice of the facts on which Experian will rely to support this affirmative defense and is therefore appropriate.

### iv.   Statute of Limitations.

Experian asserts its sixth affirmative defense stating, "Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, because on information and belief, Plaintiff was on notice of information, including potentially negative entries on his credit file, before January 30, 2018." (ECF No. 16 at 27). Discovery in this case is in its nascent stages and therefore Experian does not know whether Plaintiff learned of earlier items of information on his credit report that he believes were inaccurate or learned of earlier inquiries he considers unauthorized before the August 2019 dates alleged in the Complaint. For example, if discovery reveals that Plaintiff knew or should have known that Performant was performing inquiries outside of the applicable two-year statute of limitations period (15 U.S.C. § 1681p(1)), Plaintiff's claims could be time-barred. Thus, this defense properly gives Plaintiff ample notice of the facts on which Experian will rely to support this affirmative defense.

A statement that plaintiff's claims are barred by the statute of limitations is sufficient alone to defeat a motion to strike. *Whitson*, 2019 WL 450679, at *2 (citing *Adams*, 2011 WL 2938467, at *5) (finding that simply stating plaintiff's claims are barred by the statute of limitations is sufficient alone to put plaintiff on notice.) Further, "[u]nder federal standards of

15

notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense … Thus, for example a statement that '[t]his claim is barred by the statute of limitations,' gives fair notice of the defense and meets Rule 8 pleading requirements." *Blanc v. Safetouch, Inc.*, No. 3:07–cv–1200–J–25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008) (internal punctuation and citation omitted). Here, Experian did more than merely assert that Plaintiff's claims are time-barred. It cited the specific statutory limitations provision applicable to Plaintiff's claims under the Fair Credit Reporting Act.[8]

As set forth above, Experian's affirmative defenses are proper. The defenses are not "bare bones" or "boilerplate" as Plaintiff alleges. (ECF No. 15 at 17). Rather, each defense explains in general terms (as is allowed) the facts Experian intends to establish at trial to support each defense.[9] Even assuming *arguendo* that Experian's affirmative defenses are actually denials, the Court should treat them as general denials rather than striking them. *See Simon Prop. Grp., Inc. v. Lauria*, No. 6:11–cv–1598–Orl–31KRS, 2012 WL 12905000, at *2

---

[8] Plaintiff mistakenly suggests his pleadings demonstrate that Experian cannot assert this defense because Plaintiff attached dated letters to his Complaint, suggesting that Experian must, at this stage, *prove* that he knew of potentially negative entries on his credit file before January 30, 2018. (ECF No. 15 at 16). *First*, this argument goes to the merits of Plaintiff's allegations, which is not a basis to strike a well-pleaded defense. *Second*, unlike a motion to dismiss, the Court is not required to view *Plaintiff's* well-pleaded allegations as true, but instead must view the allegations in the light most favorable to *Experian*. Plaintiff's argument improperly inverts the standard of review by asking the Court to conclude that his pleaded factual allegations are true and that those allegations conclusively negate Experian's statute of limitations defense.

[9] *See Royal Palm Savings Ass'n v. Pine Trace Corp.*, 716 F. Supp 1416, 1420 (M.D. Fla. July 20, 1989) (stating "[e]very defense, in law or fact, to a claim shall be asserted in the responsive pleading, Rule 12, Fed.R.Civ.P. An affirmative defense should not be stricken where the defense presents a bona fide question of fact.") (citing *A.M. Kiddler & Co. v. Turner*, 106 So. 2d 905, 906 (Fla. 1958)).

(M.D. Fla. Oct. 9, 2012) ("It is a waste of time and resources of both counsel and the Court to file a motion to strike (or re-characterize) defenses that are improperly labeled as affirmative defenses.") (alteration in original).

## CONCLUSION

For the foregoing reasons, Experian respectfully requests this Court deny Plaintiff's Motion to Strike in its entirety. Alternatively, should the Court find that any of Experian's responses to Plaintiff allegations or affirmative defenses should be stricken, Experian respectfully requests leave to further amend its Answer and Affirmative Defenses.

Respectfully submitted;

/s/ *Maria H. Ruiz*
Maria H. Ruiz
Florida Bar No. 182923
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL 33131
Telephone: (786) 587-1044
Facsimile: (305) 675-2601

*Attorney for Defendant*
*Experian Information Solutions, Inc*.

**CERTIFICATE OF SERVICE**

**I hereby certify** that on April 17, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served on the Plaintiff via United States mail as listed below:

    Mr. John Deatherage
    706 Palmer Street
    Orlando, FL  32801

/s/ *Maria H. Ruiz*
Maria H. Ruiz
KASOWITZ BENSON TORRES LLP
*Attorney for Defendant*
*Experian Information Solutions, Inc*.