# EXHIBIT 2

# Maria H. Ruiz

| | |
|---|---|
| **From:** | Maria H. Ruiz |
| **Sent:** | Thursday, April 2, 2020 12:04 PM |
| **To:** | John Deatherage |
| **Cc:** | Carabotta, Kimberly A. |
| **Subject:** | RE: FW: Deatherage v Experian |
| | |
| **Categories:** | DM, #MIA : 3691145 |

Thank you for letting us know that you do not oppose our requested extension. We will make a note of that in the motion. As to the substance of what you state below, it would be helpful if you would let us know which paragraphs of Experian's amended answer you still believe merit court review. It was not our intention to include any discussion of the motion to strike in the report, but we are obligated to meet-and-confer with you on these issues and wanted to take advantage of your availability this afternoon to discuss them if discussion beyond what is included in these emails is appropriate.

**From:** John Deatherage [mailto:jdeatherage02@gmail.com]
**Sent:** Thursday, April 2, 2020 11:57 AM
**To:** Maria H. Ruiz <MRuiz@kasowitz.com>
**Subject:** Re: FW: Deatherage v Experian

Ms. Ruiz,

1. Your amended answer did not address all of the paragraphs or all of the affirmative defenses I cited in the meet and confer letter.
2. I have not "agreed" to the contents of your amended answer.
3. With all due respect, your claim that "the Motion to Strike is therefore moot" is determined by the presiding Judge or Magistrate.
4. I will not be withdrawing the Motion to Strike.
5. If you require an extension of time to file an opposition to my Motion to Strike, then you can certainly address that with the Court, and I will not oppose the request. I may, however, file a reply to any opposition to the Motion to Strike after seeking leave from the Court.

I would like to keep the issue of any pending motion separate from the Rule 26(f) case management report. Thanks.

John

On Thu, Apr 2, 2020 at 10:29 AM Maria H. Ruiz <MRuiz@kasowitz.com> wrote:

> Mr. Deatherage, thank you for this confirmation, we look forward to speaking with you. In addition to the case management issues, we'd like to discuss your currently pending Motion to Strike. As you saw and as agreed, Experian did file its Amended Answer. The Motion to Strike is therefore moot. Will you agree to withdraw it? If you will not agree to withdraw it, we intend to file a motion for extension of time to respond to the Motion to Strike, requesting an additional 14 days to respond in light of the mootness issues and other commitments. Please let us know your position on our anticipated motion for extension of time so we may include that in our conferral certificate.
>
> Thank you.

1

**From:** John Deatherage [mailto:jdeatherage02@gmail.com]
**Sent:** Thursday, April 2, 2020 10:09 AM
**To:** Maria H. Ruiz <MRuiz@kasowitz.com>
**Subject:** Re: FW: Deatherage v Experian

Good morning Ms. Ruiz.  2 pm today is fine.  Carolyn Alvarez is the mediator I spoke with.

Thanks.


John


Carolyn Alvarez

729 Seville Place

Orlando, FL. 32804

407 810-6354


On Thu, Apr 2, 2020 at 9:57 AM Maria H. Ruiz <MRuiz@kasowitz.com> wrote:

> Good morning Mr. Deatherage.  Confirming today's call at 2 p.m.  Call-in information below.  Speak to you then.
>
>
> Dial-in 1-888-685-7007 / Participant code 786-587-1044
>
>
> ---
>
> **From:** Maria H. Ruiz
> **Sent:** Tuesday, March 31, 2020 12:43 PM
> **To:** John Deatherage <jdeatherage02@gmail.com>
> **Cc:** Carabotta, Kimberly A. <kacarabotta@JonesDay.com>
> **Subject:** RE: Deatherage v Experian

2

Hi Mr. Deatherage.  My response to your issues in red below.  Also attached is a redline of the case management report reflecting your requested changes as set forth below.  I propose we speak at 2 p.m. on Thursday, we can use the below dial-in.  In the meantime, if you can look over the attached and let me know what, if any, portions you have issues with, that might streamline our discussion.

Dial-in 1-888-685-7007 / Participant code 786-587-1044

Deadline or Event

Mandatory Initial Disclosures  5/1/20 – Experian agrees to this change and it is incorporated in the attached redline of the report.

Discovery Deadline 11/30/20 – Experian agrees to this change and it is incorporated in the attached redline of the report.  I also adjusted trial and other dates that are tied to the trial date later a month to comply with the Court's recommended staggering of deadlines.

Dispositive and Daubert Motions  12/30/20 – Experian agrees to this change and it is incorporated in the attached redline of the report.

Mediation      12/7/20 – Experian agrees to this change and it is incorporated in the attached redline of the report.

Michelle Jernigan has a 4 hour minimum at $450 per hr split.  I'm not comfortable with the 4 hour minimum.

Carolyn Alvarez is 250 per hr per party with no minimum.

Viktoria Collins is 350 per hr split between parties with a 2 hr minimum.

I'm would prefer using one of these mediators instead.  – I am not familiar with either of these mediators.  But if you have reviewed their background and want to use them, Experian will agree to mediate with Ms. Alvarez.  I included her information in the attached redline of the report.  I could not find a phone number for Ms. Alvarez, however.  If you have a phone number for her, please do send that along so we can include it.  Am I correct to assume that since you selected her, you have confirmed that she is currently mediating cases?

Initial Disclosures

5/1/20 - Experian agrees to this change and it is incorporated in the attached redline of the report.

Electronic Discovery

3

Plaintiff objects to counsel assertion of producing ESI exclusively.  Plaintiff shall request Experian to produce all

discovery documentation regardless of where and how it is stored.

 Plaintiff being a Pro Se has physical possession of documents and requires certain documents be sent postal mail.

<span style="color:red">In response to your comment here, I marked "no party anticipates the disclosure or discovery of ESI in this case" in the attached redline draft.  I also added the following:  "The parties agree to produce documents responsive to discovery requests in hard copy via U.S. Mail, postage prepaid.  To the extent Experian objects to any discovery requests, Experian agrees to produce documents subject to objections after the Court resolves such objections."</span>


Agreed Discovery Plan

Plaintiff objects that Experian's Interested Persons and Corporate Disclosure Statement is current. In their recent filed

amended answer Experian admits in paragraph 14 that Experian Holdings Inc is the parent of Experian. Plaintiff disputes

counsels assertion that Experain complied with rule 7.1[a.1].

<span style="color:red">--I revised this section to copy your statement above as "plaintiff's statement" and added a section after that titled "Experian's Response."  I deleted the "yes" and "no" parts so that the court understands that there is a dispute here.</span>


It's not feasible for plaintiff to serve all discovery documents via electronic medium and preserves his right to send

documents via postal mail.

<span style="color:red">-I understand that it may not be feasible for you to serve discovery RESPONSES and related documents via electronic mail.  For now, I am unable to access my office except for once a week or so.  So, I ask that you agree to serve discovery REQUESTS via e-mail.  Once we are past the national emergency, we can go back to discovery requests and responses being served by regular mail only.  Since your documents thus far have been computer generated, I do not think this is too much of an imposition and have added that language to the attached draft.  I added a reciprocal agreement for Experian and added Experian's commitment to mailing requests (something I am able to do from home) in addition to emailing them.  Please advise if you can agree to that.</span>


Limits on Discovery

Document Requests 25

Requests to Admit  25

-Experian agrees to these limitations and they are included in the attached redline.

Confidentiality Agreements

If plaintiff requests production of relevant documents from Experain that are confidential and proprietary Experain will

will seek a protective order  within the Federal Rules of Civil Procedure and agreed upon by the parties.  Plaintiff shall do

the same.

- I inserted the above as "plaintiff's statement" and added "Experian's statement."

Plaintiff has documents in his possession that he prefers to send via postal mail.

- I deleted the consent to electronic service.

Mediation

Plaintiff objects to using a Mediator that has a 4 hour minimum.

-See above.

Please review and we can discuss everything during our call.  I would prefer to talk this Thursday any time after 11am.

If that doesn't work tomorrow afternoon may be possible.  Thanks.

Let's speak at 2 p.m. on Thursday.  Please use the below dial-in.

Dial-in 1-888-685-7007 / Participant code 786-587-1044

Best,

Maria

**From:** John Deatherage [mailto:jdeatherage02@gmail.com]
**Sent:** Tuesday, March 31, 2020 7:45 AM
**To:** Maria H. Ruiz <MRuiz@kasowitz.com>
**Subject:** Re: Deatherage v Experian

**\*\*EXTERNAL EMAIL\*\***

Ms Ruiz,

This is my list of changes.

Deadline or Event

Mandatory Initial Disclosures  5/1/20

Discovery Deadline 11/30/20

Dispositive and Daubert Motions  12/30/20

Mediation     12/7/20

Michelle Jernigan has a 4 hour minimum at $450 per hr split.  I'm not comfortable with the 4 hour minimum.

Carolyn Alvarez is 250 per hr per party with no minimum.

Viktoria Collins is 350 per hr split between parties with a 2 hr minimum.

I'm would prefer using one of these mediators instead.

Initial Disclosures

5/1/20

Electronic Discovery

Plaintiff objects to counsel assertion of producing ESI exclusively.  Plaintiff shall request Experian to produce all

discovery documentation regardless of where and how it is stored.

 Plaintiff being a Pro Se has physical possession of documents and requires certain documents be sent postal mail.

Agreed Discovery Plan

Plaintiff objects that Experian's Interested Persons and Corporate Disclosure Statement is current. In their recent filed

amended answer Experian admits in paragraph 14 that Experian Holdings Inc is the parent of Experian. Plaintiff disputes

counsels assertion that Experain complied with rule 7.1[a.1].

It's not feasible for plaintiff to serve all discovery documents via electronic medium and preserves his right to send

documents via postal mail.

Limits on Discovery

Document Requests 25

Requests to Admit  25

Confidentiality Agreements

If plaintiff requests production of relevant documents from Experain that are confidential and proprietary Experain will

will seek a protective order  within the Federal Rules of Civil Procedure and agreed upon by the parties. Plaintiff shall do

the same.

Plaintiff has documents in his possession that he prefers to send via postal mail.

Mediation

Plaintiff objects to using a Mediator that has a 4 hour minimum.

Please review and we can discuss everything during our call.  I would prefer to talk this Thursday any time after 11am.

If that doesn't work tomorrow afternoon may be possible.  Thanks.

John

On Mon, Mar 30, 2020 at 10:38 AM John Deatherage <jdeatherage02@gmail.com> wrote:

> Ms Ruiz
>
> There are a few things I wanted to speak about. I will send over a small list.  Then we can talk on Wednesday or Thursday. I will send it later today. Thanks.
>
> John
>
> On Mon, Mar 30, 2020, 9:26 AM Maria H. Ruiz <MRuiz@kasowitz.com> wrote:
>
>> Good morning Mr. Deatherage.  I write to follow-up again on the below and attached case management conference.  Can you please let me know (1) if you agree to the report and (2) your availability to hold the case management conference by phone?  Thank you.
>>
>> Maria H. Ruiz
>> Kasowitz Benson Torres LLP
>> 1441 Brickell Avenue
>> Suite 1420
>> Miami, Florida 33131
>> Tel.  (786) 587-1044

8

Fax. (305) 675-2601
MRuiz@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Maria H. Ruiz
**Sent:** Thursday, March 26, 2020 5:10 PM
**To:** 'John Deatherage' <jdeatherage02@gmail.com>
**Cc:** Carabotta, Kimberly A. <kacarabotta@JonesDay.com>
**Subject:** FW: Deatherage v Experian

Mr. Deatherage:  Following up on the below and attached.  Please advise of your availability either tomorrow or next week to discuss the report.  Thank you.

**From:** Maria H. Ruiz
**Sent:** Friday, March 20, 2020 2:43 PM
**To:** John Deatherage <jdeatherage02@gmail.com>
**Cc:** Carabotta, Kimberly A. <kacarabotta@JonesDay.com>
**Subject:** Deatherage v Experian

Dear Mr. Deatherage:  As we discussed, attached is a draft case management conference for your consideration.  Are you available Monday (3/23) before noon or Tuesday (3/24) anytime to discuss?  In the meantime, if you have any changes that you'd like to propose to the report, please feel free to email those to us.  All in-person requirements are suspended for the Orlando division per the attached memorandum so we did not include here a motion for leave to hold the conference by phone.  I look forward to hearing from you on your availability for the conference.

Best,

Maria