UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOHN DEATHERAGE,

    Plaintiff,

v.                                                      Case No:   6:20-cv-156-Orl-41GJK

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.
_____

## ORDER

Plaintiff John Deatherage complains that Defendant Experian Information Solutions, Inc. violated the Fair Credit Report Act when it shared his credit information with Performant Financial Corp. and then failed to respond appropriately when he objected and disputed the unauthorized credit inquiry (Doc. 1).

Defendant filed an answer and affirmative defenses which Plaintiff concluded was insufficient and non-responsive (Docs. 11, 15). Consequently, Plaintiff filed a motion to strike the answer and deem the averments of fact in his complaint admitted (Doc. 15). Four days later, Defendant filed an amended answer and affirmative defenses which it contends, addresses Plaintiff's concerns (Doc. 16). He does not agree (Doc. 29).

Defendant has also filed a response to the motion to strike in which it alleges that Plaintiff has failed in his duty to meet-and-confer, and that amendment of its answer and affirmative defenses mooted the motion to strike (Doc. 27). Plaintiff seeks leave to file a reply in opposition to the response (Doc. 29).

Pursuant to FED. R. CIV. P. 12(f) the Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The

purpose of a motion to strike "is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" Wiand v. Wells Fargo Bank, N.A., 938 F. Supp. 2d 1238, 1250 (M.D. Fla. 2013) (quoting Slone v. Judd, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009)).

Motions to strike are disfavored and not granted "unless clearly warranted." Brown v. Joiner Int'l, Inc., 523 F. Supp. 333, 336 (S.D. Ga. 1981) (citing OKC Corp. v. Williams, 461 F. Supp. 540 (N.D. Tex. 1978)). A motion to strike will be "denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Augustus v. Board of Public Instruction of Escambia County, 306 F.2d 862, 868 (5th Cir. 1962).[1] Absent a showing of prejudice, a motion to strike does nothing to advance the litigation, and the Court will not strike allegations "to merely polish the pleadings." Duramed Pharmaceuticals, Inc. v. Watson Laboratories, Inc., No. 3:08-CV-00116-LRH-RAM, 2008 WL 5232908, at *4 (D. Nev. Dec. 12, 2008); see also Michael v. Clark Equipment Co., 380 F.2d 351, 352 (2d Cir. 1967) ("A great deal of time has been spent in this case in a struggle to get the plaintiff's pleading into better shape. As this court has often remarked, time spent in this way is usually wasted.").

Defendant's original answer and affirmative defenses were unsatisfactory. This is evidenced by the fact that after reading Plaintiff's motion, it amended its answers to 33 paragraphs in the complaint and deleted 3 affirmative defenses (Doc. 27 at 1). The Court understands that Plaintiff is still not be satisfied and if he believes that a new motion to strike is in order, he can file one but, the current motion is moot and continuing to litigate it would be a waste of everyone's time. The Court is satisfied that Defendant understands

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as precedent the decisions the former Fifth Circuit rendered prior to October 1, 1981.

what Plaintiff is claiming and that Plaintiff is on notice of how Defendant intends to defend the claims. Accordingly, the motion to strike and the motion to file a reply are both **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2020.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Unrepresented Parties