FILED

2020 MAY -7 PM 12: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO, FL

1　John Deatherage

2　706 Palmer St.

3　Orlando, FL 32801

4　(716) 830-0118

5　Plaintiff in Pro Per

6

7

8

9　**UNITED STATES DISTRICT COURT**

10　**MIDDLE DISTRICT OF FLORIDA**

11

| | |
|---|---|
| John Deatherage, | Case No.: 6:20-cv-156-ORL-41GJK |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | **Violations of the Fair Credit** |
| EXPERIAN INFORMATION | **Reporting Act, [15 U.S.C. § 1681 et.** |
| SOLUTIONS, INC.,| **seq.]** |
| Defendant. | **Demand for Jury Trial** |

18

19　COMES NOW Plaintiff, John Deatherage, ("Plaintiff"), a Pro Se, brings forth his

20　AMENDED complaint which includes newly discovered information directly

21　relevant to his case since the filing of the original complaint (Doc 1).

22　　Plaintiff adds newly discovered information and an additional THREE

23　counts for damages against Defendant EXPERIAN INFORMATION

24　SOLUTIONS, INC. ("Experian" or "Defendant"), for violations of the Fair Credit

25　Reporting Act, ("FCRA"), 15 U.S.C. § 1681 et. seq.

26　　Plaintiff reached out to Experian on April 30, 2020 and received written

27　consent from Experian's counsel via e-mail on May 1st, 2020 prior to filing, in

28　compliance with Federal Rule 15(a)(2). Plaintiff hereby alleges as follows:

**AMENDED COMPLAINT FOR DAMAGES**

### Preliminary Statement: FCRA

1. Congress enacted the FCRA in 1970 to establish consumer rights to privacy over their credit and financial information and to ensure the "[a]ccuracy and fairness of credit reporting." See, in general, 15 U.S.C. § 1681. For example, under Congressional Findings and Statement of Purpose, § 1681(a)(4) reads as stated: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, **and a respect for the consumer's right to privacy**. (Emphasis added).

2. The FCRA governs the "permissible purposes of consumer reports," 15 U.S.C. § 1681b, allowing a consumer reporting agency to furnish a consumer report or allowing a furnisher or prospective employer to access credit history for **specified** purposes ONLY, including, but not limited to, credit transactions initiated by a consumer, employment, licensing, etc. (Emphasis added). Thus, the strict liability provisions set forth in § 1681b operate to support the **confidentiality** of consumer reports by **limiting their dissemination**. (Emphasis added).

3. "The FCRA creates a private right of action against consumer reporting agencies for the negligent, *see* 15 U.S.C. § 1681o, or willful, *see* 15 U.S.C. § 1681n, violation of any duty imposed under the statute." *Collins v. Experian Information Solutions, Inc.*, 775 F.3d 1330, 1333 (11th Cir. 2015), citing *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. at 53, 127 S. Ct. at 2206 (2007).

4. In a 2015 Settlement Agreement signed between the New York Attorney General's office and the consumer reporting agencies ("CRAs"), **including Experian,** the NYAG's BACKGROUND STATEMENT stated in relevant part, "The CRAs maintain **five types of consumer information**: (1) identifying information such as name, address, social security number, and birthdate; (2) current and past credit account information, including information about mortgages, car loans, and credit cards; (3) public records such as bankruptcies, foreclosures, civil judgments, and tax liens; (4) collection accounts; and (5)

**inquiries (requests to access a consumer report).**[1]  (Emphasis added).  See also Federal Trade Commission, Report to Congress Under Section 319 of the Fair and Accurate Credit Transactions Act of 2003 ("FTC Report"), at 2 (Dec. 2012). Plaintiff requests the Court to take judicial notice of the NYAG BACKGROUND STATEMENT and other public documents such as the FTC Report.

5. Plaintiff has standing to bring forth his claims against Defendant Experian for its negligent and/or willful violations of the FCRA, and to seek redress through a favorable ruling by this Honorable Court.  "An injury sufficient for standing purposes is 'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent.'"  *Common Cause/Ga. V. Billups*, 554 F.3d 1340, 1350 (11th Cir. 2009).  Plaintiff shall seek damages from Defendant for violations of the FCRA pursuant to the three elements of standing: (a) injury in fact, (b) causation, and (c) redressability.  *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**Jurisdiction and Venue**

6.  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681p of the FCRA, and pursuant to 28 U.S.C. § 1331.

7.  Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b), as Plaintiff resides in Orlando, in the County of Orange, State of Florida.  The harm to Plaintiff occurred within this District, Defendant Experian regularly conducts business in this District, and in the State of Florida, therefore establishing personal jurisdiction.

8.  Plaintiff has attempted to mitigate his statutory and actual damages by making phone calls, sending multiple NOTICE to Defendant via Certified and Registered Mail regarding the disputed and unverified information described in this lawsuit.  Thus, Plaintiff has met all conditions precedent to resolve the dispute prior to filing this civil action.

---

[1] https://ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf

**AMENDED COMPLAINT FOR DAMAGES**

## Parties

9.  Plaintiff is an adult individual, a natural person, and a "person" as defined by 15 U.S.C. § 1681a(b).  Plaintiff is also a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.  Experian is an Ohio corporation listed with the Ohio Secretary of State as a "CORPORATION FOR PROFIT."  Experian has a principal and mailing address at 475 Anton Boulevard, Costa Mesa, CA  92626.

11.  Experian may be served at CT CORPORATION SYSTEM, 1200 South Pine Island Rd., Plantation, FL  33324, its registered agent in Florida.

12.  Experian is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), a nationwide consumer reporting agency, as defined by 15 U.S.C. § 1681a(p), and a "person," as defined by 15 U.S.C. § 1681a(b).

13.  Experian issues consumer reports (also commonly referred to as "credit reports") as defined by 15 U.S.C. § 1681a(d).

14.  Experian has a parent company named Experian Holdings, Inc.  Experian knows (or should know) that its parent is **a Delaware corporation that owns 100% of Experian, and is a completely separate entity from Defendant**. (Emphasis added).

15.  Experian knows (or should know) that the parent of *its parent* is Experian plc, an Irish-domiciled company with its Corporate Headquarters in Dublin.[2]  Experian plc is not subject to this Honorable Court's jurisdiction.

16.  Experian fails to name **all parent companies** when it files its Certificate of interested persons and corporate disclosure statement in lawsuits within the Middle District of Florida.   (Emphasis added). For example, in *Jackson v. Experian Information Solutions, Inc.* 8:13-cv-03028 (M.D. Fla. 2013), Experian only identified its Corporate Parent as Experian plc, while omitting Experian Holdings, Inc. (See *Jackson*, Dkt. 15).  For example, in *Robinson v. Experian Information*

---

[2] http://www.experian.com/corporate/experian-locations.html

AMENDED COMPLAINT FOR DAMAGES

1     *Solutions, Inc., et al.*, 8:10-cv-02102 (M.D. Fla. 2010), Experian identified its
2     parent companies as Experian plc, while withholding information from the Plaintiff
3     and the Court of its actual parent being Experian Holdings, Inc.  (See *Robinson*,
4     Dkt. 15).  For example, in *Rumbough v. Experian Information Solutions, Inc., et*
5     *al.*, 6:12-cv-00811 (M.D. Fla. 2012), Experian identified its parent corporation as
6     Experian plc, and withheld naming Experian Holdings, Inc. (See *Rumbough*, Dkt.
7     9). Plaintiff requests the Court to take judicial notice of these prior filings.

8                                  **Factual Allegations**

9     17.  Plaintiff reaffirms and incorporates by reference the preceding paragraphs
10    as though fully stated herein.

11    18.  Plaintiff requested his credit report from Experian on or around early
12    August of 2019.  Experian sent Plaintiff a 12-page correspondence dated August 8,
13    2019 titled "Your Credit Report."  (Experian Report # 1572-6491-69).

14    19.  On page 9 of the referenced report, Experian lists a category titled
15    "**Inquires shared with others**."  In this category, Experian states as follows: "This
16    section lists companies that have requested your credit information as a result of an
17    action you took, such as applying for credit or financing or as a result of a
18    collection. **These inquiries are shared with companies that receive your credit**
19    **history**.  Examples of inquiries shared with others include a real estate loan, a
20    home mortgage loan, an auto loan, an application for credit." (Emphasis added).

21    20.  In the category titled "Inquiry Shared with others" Experian listed an item
22    titled "**PERFORMANT FINANCIAL CORP**" ("Performant"), with a date of
23    02/26/18 and a Reason listed as "Unspecified."  (See "Exhibit A", portions
24    redacted). (Emphasis added).

25    21.  Plaintiff did NOT at any time whatsoever give Experian permission to
26    share Plaintiff's data regarding his credit information with Performant, and
27    Experian knew (or should have known) that Performant did not have standing to
28    access Plaintiff's credit report, or any item of informational data contained therein.

**AMENDED COMPLAINT FOR DAMAGES**

22. Experian understood that this inquiry was not listed as a "soft" inquiry, Experian understood that it was a "hard" inquiry, which MUST be specified for reasons as set forth in the FCRA, and no other. Experian further understood that a "hard" inquiry enables a person to obtain private/confidential information regarding Plaintiff and his credit report, and that is shared with others.

23. At the time Experian issued the credit report, credit information, data, and/or other personal, private and confidential information to Performant, Experian knew or should have known, that Plaintiff did NOT give permission to Performant for purposes of extending credit, employment, insurance underwriting, **or any other reason outlined in 15 U.S.C. § 1681b of the FCRA**. (Emphasis added).

24. At or about the time Experian shared Plaintiff's credit information with Performant, which also allowed that information to be "shared with others," Experian knew or should have known, that:

 a. Plaintiff did not authorize Experian to furnish his consumer report or any of his personal data to Performant.

 b. Plaintiff did not initiate any account with Performant.

 c. Plaintiff did not have any existing contractual relationship for credit, collections, loans, or services with Performant.

 d. Plaintiff did not owe any alleged debts to Performant, a collection agency and "debt collector" as defined by the Fair Debt Collection Practices Act 15 U.S.C. § 1692a(6).

 e. Plaintiff did not have any public records such as a judgment by Performant as a result of any collection action by Performant.

 f. Plaintiff did not apply for any employment with Performant.

 g. Plaintiff did not apply for any insurance with Performant.

 h. Plaintiff did not have any existing account/tradeline with Performant.

 i. Plaintiff did not have any court order instructing Experian to furnish Plaintiff's consumer report (i.e., credit report) to Performant.

AMENDED COMPLAINT FOR DAMAGES

j.     No head of state or local child support enforcement agency requested Experian to provide Plaintiff's consumer report to Performant.

k.     No agency administering a state plan under § 454 of the Social Security Act (42 U.S.C. § 654) requested Experian to provide a credit report to Performant for use to set an initial or modified child support award.

l.     Plaintiff did not receive a "firm offer of credit" as defined by the FCRA, 15 U.S.C. § 1681a(l), from Performant.

25.   Plaintiff drafted a NOTICE to Experian on September 26, 2019, sent Certified Mail on September 28, 2019, in response to the unauthorized inquiry from Performant and as reported by Experian.  (See "Exhibit B").[3]

26.   Experian received the correspondence from Plaintiff regarding the unauthorized inquiry on October 5, 2019, as confirmed by certified mail tracking number 7016 3560 0000 2090 1648 at USPS.com.  (See "Exhibit C").

27.  Experian understood that Plaintiff was disputing the "unauthorized credit inquiry."  (See "Exhibit B", letter to Experian, first paragraph).  Indeed, Plaintiff stated the following: "I reviewed a copy of my credit report and Performant Financial Corp ran an unauthorized credit inquiry on me on February 26, 2018."

28.   Experian did not even hide behind its own shenanigans, even brazenly listing the inquiry on Plaintiff's credit report as "**Unspecified**."  (Emphasis added).

29.  Experian understood that Performant was a furnisher of information.

30.  Experian collects monetary compensation from Performant to provide access to credit information from consumers such as Plaintiff.

31. Experian understood that the FCRA only allows Experian to share Plaintiff's information if there is a permissible purpose.

32.  Experian understood that the word "Unspecified" means Experian knew

---

[3] Plaintiff's NOTICE also contained another separate letter disputing an unverified tradeline that is completely unrelated to the Performant inquiry, that is still an ongoing dispute with the furnisher and CRAs, and that is not the subject matter of this lawsuit or cause of action.

**AMENDED COMPLAINT FOR DAMAGES**

1  (or should have known) that **it had no basis to send any of Plaintiff's**
2  **information to Performant**. (Emphasis added).

3  33. Experian understood that it provided Performant information regarding
4  Plaintiff without any permissible purpose as defined by the FCRA, § 1681b.

5  34. Experian failed to properly vet the furnisher to determine for what exact
6  purpose was the furnisher accessing Plaintiff's confidential information, in
7  violation of compliance procedures of the FCRA, 15 U.S.C. § 1681e(a).

8  35. Experian understood and knew or should have known that "Every
9  consumer reporting agency shall maintain reasonable procedures...to limit the
10 furnishing of consumer reports to the purposes listed under section 604 [§ 1681b]."

11 36. Experian understood that "No consumer reporting agency may furnish a
12 consumer report to any person if it has reasonable grounds for believing that the
13 consumer report will not be used for a purpose listed in section 604 [§ 1681b]."
14 **See 15 U.S.C. § 1681e(a)**. (Emphasis added).

15 37. Experian understood that Plaintiff was addressing his concerns regarding
16 an invasion of his privacy, and the dispute letter was specific to the "hard" inquiry
17 made by Performant and reported by Experian.

18 38. Experian forwarded Plaintiff's letter to Performant, along with an
19 automated consumer dispute verification ("ACDV").[4]

20 39. In the alternative, Experian did not forward Plaintiff's letter to Performant,
21 and did not send an ACDV regarding the disputed inquiry.

22 40. Experian sent Plaintiff ten pages of correspondence dated October 24, 2019
23 and titled "Dispute Results." (Experian Report # 1174-0824-80).

24 41. Experian, on page 1 of the "Dispute Results" referenced 10/24/2019 stated
25 as follows, in relevant part: "Inquires from credit grantors who request your credit
26 information as part of your application for credit will display under the heading

27
28 [4] An ACDV is an electronic form of communication used by CRAs to send to furnishers upon
receipt of a notice of dispute from a consumer.

AMENDED COMPLAINT FOR DAMAGES

"Inquires shared with others" on your personal credit report.  These inquiries display on your credit report **when it is accessed by others with a permissible purpose**.  These inquires may affect your credit score." (Emphasis added).

42.  Experian, in a boilerplate fashion, was simply regurgitating the definition regarding the "inquires" section of the *prior* credit report.

43.  Experian did NOT specifically address the dispute regarding the inquiry made by Performant and reported by Experian.

44.  Experian failed to conduct a reasonable reinvestigation, failed to consider all relevant information, and failed to remove the unauthorized inquiry from Plaintiff's credit report, in violation of 15 U.S.C. § 1681i(a) and its sub-parts.

45.  Experian knows (or should know) that Performant is a "debt collector" who conducts business in the Middle District of Florida as Performant Recovery, Inc. As such, Experian knew (or should have known) that Performant was NOT a "credit grantor" and that Plaintiff could not have received a "firm offer of credit."

46.  Experian allowed the unverified item to remain on Plaintiff's credit report, thereby further invading Plaintiff's right to privacy of his absolutely personal and confidential information, which Experian even admits is "shared with others."

47.  Plaintiff gave another chance for Experian to curtail its violations of the FCRA and its deceptive business tactic of listing the inquiry as "Unspecified."

48.  Plaintiff drafted a second letter dated November 14, 2019 to Experian, titled "Second Attempt to Investigate an Unauthorized Inquiry."  (Attached herewith, marked as "Exhibit D").[5]

49.  Plaintiff, this time around, sent the letter to Experian by Registered Mail, postmarked November 19, 2019 with tracking number RE276055282US.

50.  In Plaintiff's second letter, it states in part, "This is my second attempt to

---

[5] Plaintiff's NOTICE contained another separate letter demanding the description of reinvestigation for a disputed tradeline that is completely unrelated to the Performant inquiry, that is still in dispute, and that is not the subject matter of this lawsuit or cause of action.

**AMENDED COMPLAINT FOR DAMAGES**

dispute this Inquiry." Plaintiff also stated, "I hereby demand that you delete this inquiry **it was unauthorized**. This is a violation of the FCRA to report it." (Emphasis added).

51. Experian received the Registered Mail on November 23, 2019 as confirmed by the Registered Mail tracking number on USPS.com. (See "Exhibit E"). Experian knows (and should know) that Registered Mail is the most secured type of delivery available by the United States Postal Service.

52. Experian understood that Plaintiff was making a second attempt to remove the unauthorized inquiry as reported by Experian.

53. Experian understood that there was NO permissible purpose for the credit inquiry, yet continued to list the reason for the inquiry as "Unspecified."

54. Experian had another chance to vet the furnisher and stop the nonsense.

55. Experian forwarded Plaintiff's letter to Performant, along with an ACDV.

56. In the alternative, Experian did not forward Plaintiff's letter to Performant, and did not send an ACDV regarding the unauthorized inquiry.

57. Experian, armed with now a second dispute letter from Plaintiff, had another opportunity to conduct a reasonable reinvestigation, consider all relevant information provided by Plaintiff, and delete the inquiry from Plaintiff's report.

58. Experian sent Plaintiff a 10-page correspondence titled "Dispute Results" dated November 29, 2019. (Experian Report # 2653-8647-71).

59. Experian once again regurgitated in boilerplate fashion the terminology regarding "inquiries" without actually responding to the specific inquiry by Plaintiff. For example, of the 10 pages in the Experian report, there was no actual dispute results provided to Plaintiff regarding the unauthorized inquiry by Performant. In fact, the section containing inquiries was conveniently omitted. Experian deceptively stated on page 1, **"In response to your recent request, we are sending you this credit report."** (Emphasis added).

60. Experian knew (or should have known) that the Performant inquiry was

AMENDED COMPLAINT FOR DAMAGES

1  still being reported without a permissible purpose, in violation of § 1681b.

2      61.  Experian failed to conduct a reasonable reinvestigation, failed to consider
3  all relevant information, and failed to delete the unauthorized inquiry that was
4  inaccurate, incomplete, or could not be verified, thereby violating § 1681i(a) and
5  all of its relevant subparts.

6      62.  Experian failed to properly vet the furnisher in violation of § 1681e(a), and
7  knew (or should have known) that Experian continued to list the reason for
8  dissemination of Plaintiff's credit report or data contained therein to Performant as
9  "**Unspecified**." (Emphasis added).

10      63.  Experian knew (or should have known) that NOTHING in the FCRA states
11  that Experian is allowed to share Plaintiff's personal information, including credit
12  information to a third-party for any reason that is "Unspecified." Experian failed
13  to consider the costs to remove the inaccurate item versus the harm to Plaintiff.

14      64.  As a result of these violations, Plaintiff has suffered undue and unnecessary
15  expenses, informational injury, emotional distress, humiliation, personal anxiety,
16  and invasions to his privacy.

17      65.  Plaintiff ordered another Credit Report from Experian on or around early
18  December 2019, and Experian sent Plaintiff correspondence dated December 9,
19  2019, titled "Your Credit Report." (Experian Report # 3728-2867-16).

20      66.  To Plaintiff's shock and dismay, on page 8, Experian was not only still
21  listing the unauthorized "hard" inquiry from Performant dated 02/26/18 with a
22  reason listed as "Unspecified" **but also listing a separate unauthorized inquiry**
23  **from Performant, dated 08/28/19, also stating the reason as "Unspecified."**
24  (Emphasis added). See "Exhibit F" attached herewith, (portions redacted).

25      67.  Plaintiff only recognized the second "hard" inquiry by Performant when
26  Plaintiff received the credit report dated **December 9, 2019**, because Experian
27  either negligently or willfully **withheld that information from Plaintiff** when it
28  sent Plaintiff the "Dispute Results" dated 10/24/19 **and** 11/29/19. (Emphasis

AMENDED COMPLAINT FOR DAMAGES

added).  Experian engaged in a pattern of recurring violations of the FCRA.

68.  Experian failed to follow the FCRA, despite receiving not one but two separate and distinct letters to investigate the unauthorized inquiry.  Experian knows (or should know) that if _any_ item of information is either inaccurate, incomplete, or cannot be verified, then it must be DELETED, **and that includes inquiries that were not authorized and have no permissible purpose.** (Emphasis added).

69.  Experian failed to make an objectively reasonable reading of the statute, and failed to follow the plain reading of § 1681b, § 1681e(a), and § 1681i(a). Instead, Experian made an objectively _unreasonable_ reading of the statute, in a careless and reckless disregard for the FCRA, thus making its violations willful.

70.  Experian knows (or should know) that most consumers who discover inaccuracies on their credit reports are going to get frustrated in disbelief after sending a few dispute letters if Experian fails to correct the disputed item. Experian further understood that Experian plc reported over $4 BILLION DOLLARS in revenues in preliminary results for its most recent fiscal year 2019, with its CEO Brian Cassin stating, "This was a very good year for Experian." [6]

71.  Upon information and belief, 2019 _"was a very good year for Experian"_ to reap billions by allowing third-party impostors to access consumer credit reports without a permissible purpose, by failing to maintain basic compliance procedures, and by failing to conduct reasonable reinvestigations upon receipt of notice of dispute from consumers.

### **NEWLY DISCOVERED INFORMATION**

72.  Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

73.  Plaintiff ordered via telephone and received a copy of an Experian Credit Report dated March 9, 2020 (Experian Report # 0513-9800-74).

---

[6] https://www.experianplc.com/media/news/2019/experian-full-year-results-fy19-150519/

AMENDED COMPLAINT FOR DAMAGES

74. Plaintiff noticed an additional TWO inquiries made by Experian **from its corporate office 475 Anton Blvd Costa Mesa, CA 92626** and dated 02/12/20 (See Exhibit G).[7] (Emphasis added).

75. Experian understood that these inquiries appear on Plaintiff's Experian Report # 0513-9800-74, and Experian further understood that these particular inquiries dated 02/12/20 were not related to any tradeline.

76. Experian understood and knows (or should know) that Plaintiff did not initiate any new tradeline disputes since the onset of this litigation.

77. Experian understood these inquires made by Experian and dated 02/12/20 were NOT related to Plaintiff ordering a credit report.

78. Experian understood that on March 10, 2020, counsel for Experian, via e-mail, requested from Plaintiff his full name, date of birth and social security number. (See Exhibit H).

79. Experian understood that on March 10, 2020, Plaintiff responded back to counsel in an e-mail to Experian and informed Ms. Ruiz that his social security number is private, confidential information, and will not be shared. Experian further understood that Plaintiff further explained to counsel as follows: "Neither you, nor your law firm or client has my permission to pull credit file. The request for my social security number is denied."

80. Experian understood that Plaintiff was not going to share his social security number with counsel, that Plaintiff was not giving permission to pull his credit file, and that the request to provide his social security number was DENIED.

81. Experian had already pulled not one, but TWO copies of Plaintiff's credit report on 02/12/20, without his knowledge or consent, and without having a permissible purpose.

82. Upon information and belief, on or around February 12, 2020, Experian gave one copy of Plaintiff's consumer report to the law firm JONES DAY, its

---

[7] These inquires appeared THE DAY AFTER Experian received service for the initial complaint.

**AMENDED COMPLAINT FOR DAMAGES**

1  national counsel.

2  83. Upon information and belief, on or around February 12, 2020, Experian

3  gave one copy of Plaintiff's consumer report to the law firm KASOWITZ

4  BENSON TORRES LLP, its local counsel representing Experian in this case.

5  84. Experian understood that Plaintiff had accessed a copy of his credit report

6  dated March 9, 2020. Experian further understood that it was the very next day

7  when counsel for Experian, Ms. Ruiz, requested Plaintiff's social security number.

8  85. Experian understood that a law firm lacks standing to obtain a consumer

9  report simply because it is facing a lawsuit by a consumer.

10  86. Experian understood that the FCRA pursuant to 15 U.S.C. § 1681b **does**

11  **NOT list "litigation"** as a category under "Permissible purposes of consumer

12  reports." (Emphasis added).

13  87. Experian violated the FCRA by allowing TWO more inquiries on

14  Plaintiff's consumer report without a permissible purpose, thereby violating 15

15  U.S.C. § 1681b two more times, one for each impermissible pull on 02/12/20.

16  88. Upon information and belief, Experian pulls a consumer report each time

17  it faces litigation in either State or Federal Court, in violation of the FCRA, 1681b,

18  and then has its respective law firm ask the Plaintiff who brought forth the

19  litigation for their social security number.

20  89. Plaintiff called Experian twice on 03/12/2020 and once on 03/17/2020 to

21  get information regarding these inquires dated 02/12/20.

22  90. Experian understood that Plaintiff made these phone calls, because Plaintiff

23  has to input his personal information before speaking to a representative, including,

24  his social security number. Experian knows (or should know) that Experian keeps

25  records of all inbound calls from consumers for training and quality control

26  purposes.

27  91. Experian instructed plaintiff that he would have to speak with there in

28  house counsel, or send a letter to PO Box 2390 Allen, TX  75013 and addressed to

AMENDED COMPLAINT FOR DAMAGES

the department labeled "Consumer Info/Eca."

92.   Plaintiff sent a "Notice to Respond" letter dated March 19, 2020 to Experian on March 20, 2020 via certified mail.  (See Exhibit I).

93.   Experian received the certified mail "Notice to Respond" from Plaintiff on March 24, 2020 at its Allen, Texas PO Box.  (USPS Certified Mail tracking number 7016 3560 0000 2096 1723).  (See Exhibit J).

94.   Experian FAILED to respond to Plaintiff's "Notice to Respond" letter regarding the two inquires dated 02/12/20 on Report # 0513-9800-74.

95.   Experian FAILED to answer Plaintiff's concerns as to "Who did Experian let access to my credit file on 2/12/20?"  **Experian's actions were willful, and in reckless disregard for the FCRA**, 1681b, well beyond a simple careless reading of the FCRA.  (Emphasis added).

96.   Experian understood that Plaintiff had made yet another follow-up call via telephone on March 27, 2020 regarding the two separate inquiries made by Experian dated 2/12/20.

97.   On April 6, 2020, Plaintiff sent another letter to Experian to the address PO Box 2390 Allen, TX  75013 in reference to the inquiries made by Experian **from the corporate office on 2/12/20**.  (Emphasis added).

98.   Plaintiff sent the above referenced letter via REGISTERED MAIL, tracking number RE276 091545US.  (Exhibit K).

99.   Experian received the letter on April 13, 2020 at its Allen, Texas PO Box. (Exhibit L).

100.   Experian understood that Plaintiff was making another attempt to find out why Experian made two pulls to his consumer report on 02/12/20, who did Experian give it to, and whether it would represent a violation of 1681q.

101.   Experian understood that Plaintiff was DISPUTING the inquiry made by Experian on 02/12/20, and thereby treated the letter sent by Plaintiff as a dispute.

102.   Experian sent Plaintiff the "Dispute Results" dated 04/24/20, Experian

AMENDED COMPLAINT FOR DAMAGES

1    Report # 2799-5718-74 (See Exhibit M).

2    103. Experian understood that the very first paragraph of the above referenced
3    report states, **"Each time a consumer reporting agency accesses your personal**
4    **credit report to send you a copy or to process your disputes, the name of the**
5    **consumer credit reporting agency will appear as in inquiry on your personal**
6    **credit report."** (Emphasis added).

7    104.    Experian understood that Plaintiff had accessed his credit report on
8    THREE prior occasions, 08/19/19, 12/09/19 and 03/06/20.

9    105.  Experian understood that Plaintiff was NOT requesting a copy of his
10   personal credit report in his letter dated April 6, 2020 to Experian.

11   106.  Experian understood that Plaintiff was disputing **the inquiry made on**
12   **02/12/20 by Experian** in the April 6, 2020 letter.  (Emphasis added).

13   107.  Experian failed to show, and could not show, that the inquiry made by
14   Experian on 02/12/20 was for access to Plaintiff's consumer report initiated by
15   Plaintiff.

16   108.  Experian failed to show, and could not show, that the inquiry made by
17   Experian on 02/12/20 was a result of a prior dispute initiated by Plaintiff.

18   109.  Experian understood that the reason for the two separate inquiries made
19   by Experian on 02/12/20 on Plaintiff's Experian report **was for some OTHER**
20   **reason which Experian FAILED TO DISCLOSE to Plaintiff** (Emphasis added).

21   110.   Experian violated the FCRA, 1681i(a)(1)(A), by failing to conduct a
22   reasonable reinvestigation into Plaintiff's inquiry regarding the impermissible pull
23   dated 02/12/2020.

24   111.   Experian violated the FCRA, 1681i(a)(4), as it failed to consider all
25   relevant information submitted by Plaintiff regarding the letter dated April 6, 2020.

26   112.   Experian violated the FCRA, 1681i(a)(5), as it failed to remove the
27   inquiry made by Experian on 02/12/20, even after knowing it was being disputed
28   by Plaintiff, and even after knowing that it failed to provide a reason for it.

AMENDED COMPLAINT FOR DAMAGES

113. Experian violated the FCRA, 1681i(a)(6), by failing to provide written notice of the results of the SPECIFIC information that Plaintiff was actually inquiring about.

114. The actions by Experian regarding the so-called "Dispute Results" dated April 23, 2020 were purely deceptive, and in reckless disregard for the FCRA.

115. Experian knows (or should know) that ANY person who **knowingly and willfully** obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under title 18, United States Code, imprisoned for not more than 2 years, or both. [15 U.S.C. § 1681q]. (Emphasis added).

116. Experian knows (or should know) that the phrase "any person" includes, but is not limited to, the law firms and the representatives of the law firms who represent Experian.

### Causes of Action

### Count I, Violation of the FCRA, 15 U.S.C. § 1681b

117. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Permissible purposes of consumer reports" as though fully stated herein for the impermissible pull pertaining to the Performant inquiry.

118. The statute governing "Permissible purposes of consumer reports" provides, in pertinent part: "(a) In general. Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following conditions **and no other**." (Emphasis added).

119. On February 26, 2018, Experian either negligently or willfully allowed Performant to access Plaintiff's credit information with Experian, without a permissible purpose as defined by the FCRA, 15 U.S.C. § 1681b.

120. Experian violated § 1681b by NOT having any permissible purpose to furnish a consumer report to Performant, or any other data contained therein, pursuant to § 1681b(a)(1), § 1681b(a)(2), § 1681b(a)(3)(A)-(G), § 1681b(a)(4)(A)-(C), § 1681b(a)(5), and § 1681b(a)(6).

AMENDED COMPLAINT FOR DAMAGES

121. Experian understood that Plaintiff's credit information, including his personal information, was private and confidential.

122. Experian understood that it lacked standing to furnish any credit information to Performant and/or any data contained therein.

123. Experian had no lawful purpose to provide access to Performant in regards to Plaintiff's confidential credit information, especially for a reason designated as "**Unspecified**." (Emphasis added).

124. Experian understood that Plaintiff's private and confidential information was accessed without a permissible purpose, thereby invading his right to privacy.

125. Experian engaged in an action that was negligent, thereby in violation of § 1681o. As a result, Plaintiff suffered damages.

126. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n. As a result, Plaintiff suffered damages.

127. Plaintiff is entitled to actual damages or statutory damages.

128. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

129. Plaintiff is entitled to expenses incurred, plus costs of suit.

### Count II, Violation of the FCRA, 15 U.S.C. § 1681e(a)

130. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Compliance Procedures" as though fully stated herein regarding the Performant inquiry.

131. Experian understood that prospective users of the information "**certify the purposes for which the information is sought**, and certify that the information will be used for no other purpose." (Emphasis added). 15 U.S.C. § 1681e(a).

132. Experian understood that Performant was a user of credit information, and had made two attempts to gain access to Plaintiff's credit information.

133. Experian listed the reason as "Unspecified" regarding the inquiry by Performant, as clearly depicted by the Experian Credit Report # 1572-6491-69.

134. Experian failed to vet the furnisher in order to ensure that the furnisher was certifying to Experian **the specific purpose** for which the information was sought regarding Plaintiff. (Emphasis added).

135. Experian knew (or should have known) that it had reasonable grounds for believing the access to Plaintiff's credit information by Performant was NOT for any purpose listed in section 604 of the FCRA.

136. Experian was provided written NOTICE by Plaintiff, **twice**, that Performant had made an unauthorized inquiry. (Emphasis added).

137. Experian understood that Performant was a furnisher, and that Experian collects revenues from its furnishers, also commonly known as "data furnishers" and "subscribers."

138. Experian has a subscriber ID code for Performant, and Experian received compensation by selling Plaintiff's confidential credit information to Performant.

139. Experian chose to line its "greedy" pockets rather than maintain adequate compliance procedures, thereby violating 15 U.S.C. § 1681e(a).

140. Experian engaged in an action that was negligent, thereby in violation of § 1681o. As a result, Plaintiff suffered damages.

141. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n. As a result, Plaintiff suffered damages.

142. Plaintiff is entitled to actual damages or statutory damages.

143. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

144. Plaintiff is entitled to expenses incurred, plus costs of suit.

### Count III, Violation of the FCRA, 15 U.S.C. § 1681i(a)

145. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Procedure in case of disputed accuracy" as though fully stated herein regarding the Performant inquiry.

146. Plaintiff wrote NOTICE to Experian dated September 26, 2019 regarding

AMENDED COMPLAINT FOR DAMAGES

the unauthorized inquiry described herein.  Experian further understood that the NOTICE was sent by Certified Mail on September 28, 2019, and delivered to Experian 10/05/2019. (USPS.com Tracking Number: 70163560000020961648).

147. Experian failed to conduct a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i(a)(1)(A).

148. Experian failed to provide prompt notice of dispute to Performant, the "Furnisher of Information" and thereby violating 15 U.S.C. § 1681i(a)(2)(A).

149. Experian failed to include all relevant information regarding the dispute to Performant, thereby violating 15 U.S.C. § 1681i(a)(2)(B).

150. Experian failed to consider all relevant information submitted by the consumer with respect to the disputed and unauthorized inquiry by Performant, thereby violating 15 U.S.C. § 1681i(a)(4).

151. Experian failed to promptly DELETE the item of information from the consumer report and file of the consumer regarding the unauthorized inquiry by Performant, thereby violating 15 U.S.C. § 1681i(a)(5)(A).

152. Experian failed to provide Plaintiff the Notice of Results of Reinvestigation **specifically addressing the disputed unauthorized inquiry**, thereby violating 15 U.S.C. § 1681i(a)(6)(A).  (Emphasis added).

153. Experian understood that Plaintiff has standing to dispute *any* item of information contained in a credit report that is either inaccurate, incomplete or cannot be verified.

154. Experian further understood that the inquiry listed by Performant was unverified.  In fact, Experian even wrote the reason for the inquiry in Plaintiff's credit report dated 08/19/19 as "**Unspecified**." (Emphasis added).

155. Experian engaged in an action that was negligent, thereby in violation of § 1681o.  As a result, Plaintiff suffered damages.

156. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n.  As a result, Plaintiff suffered damages.

AMENDED COMPLAINT FOR DAMAGES

157. Plaintiff is entitled to actual damages or statutory damages.

158. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

159. Plaintiff is entitled to expenses incurred, plus costs of suit.

### Count IV, Violation of the FCRA, 15 U.S.C. § 1681i(a)

160. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Procedure in case of disputed accuracy" as though fully stated herein regarding the Performant inquiry.

161. Plaintiff sent a NOTICE to Experian titled "**Second Attempt to Investigate an Unauthorized Inquiry**" dated November 14, 2019 regarding the unauthorized inquiry described herein.   (Emphasis added). Experian further understood that the NOTICE was sent by Registered Mail on November 19, 2019 and delivered to Experian on November 23, 2019 (traceable via USPS.com, Tracking Number: RE276055282US).

162. Experian failed to conduct a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i(a)(1)(A).

163. Experian failed to provide prompt notice of dispute to Performant, the "Furnisher of Information" and thereby violating 15 U.S.C. § 1681i(a)(2)(A).

164. Experian failed to include all relevant information regarding the dispute to Performant, thereby violating 15 U.S.C. § 1681i(a)(2)(B).

165. Experian failed to consider all relevant information submitted by the consumer with respect to the disputed and unauthorized inquiry by Performant, thereby violating 15 U.S.C. § 1681i(a)(4).

166. Experian failed to promptly DELETE the item of information from the file of the consumer regarding the unauthorized inquiry by Performant, thereby violating 15 U.S.C. § 1681i(a)(5)(A).

167. Experian failed to provide Plaintiff the Notice of Results of Reinvestigation **specifically addressing the disputed unauthorized inquiry,**

1  thereby violating 15 U.S.C. § 1681i(a)(6)(A).  (Emphasis added).

2      168.  Experian understood that Plaintiff has standing to dispute *any* item of
3  information contained in a credit report that is either inaccurate, incomplete or
4  cannot be verified.

5      169.  Experian further understood that the inquiry listed by Performant was
6  unverified.  In fact, Experian even wrote the reason for the inquiry in Plaintiff's
7  credit report dated 08/19/19 as "**Unspecified**."  (Emphasis added).

8      170.  Experian engaged in an action that was negligent, thereby in violation of §
9  1681o.  As a result, Plaintiff suffered damages.

10     171.  In the alternative, Experian engaged in an action that was willful, thereby
11  in violation of § 1681n.  As a result, Plaintiff suffered damages.

12     172.  Plaintiff is entitled to actual damages or statutory damages.

13     173.  Plaintiff is entitled to punitive damages for willful violations in addition to
14  actual or statutory damages.

15     174.  Plaintiff is entitled to expenses incurred, plus costs of suit.

**Count V, Violation of the FCRA, 15 U.S.C. § 1681b**
**FIRST impermissible pull by Experian 02/12/20**

18     175.  Plaintiff incorporates by reference all preceding paragraphs relating to
19  violations of the FCRA, "Permissible purposes of consumer reports" as though
20  fully stated herein, regarding the **first** impermissible pull by Experian dated
21  02/12/20 on Experian Report # 0513-9800-74.  (Emphasis added).

22     176.  The statute governing "Permissible purposes of consumer reports"
23  provides, in pertinent part: "(a) In general.  Subject to subsection (c) of this section,
24  any consumer reporting agency may furnish a consumer report under the following
25  conditions **and no other**."  (Emphasis added).

26     177.  On February 12, 2020, Experian accessed Plaintiff's credit information
27  by posting an inquiry on his consumer report, without a permissible purpose as
28  defined by the FCRA, 15 U.S.C. § 1681b.

178.   Experian understood that Plaintiff did not give permission to Experian to make such inquiry on 02/12/20, either for a dispute initiated by Plaintiff, or for a consumer report initiated by Plaintiff.

179.   Experian received a "Notice to Respond" by Plaintiff on March 24, 2020 via certified mail, and failed to disclose to Plaintiff as to exactly why Experian made this inquiry.

180.   Experian violated § 1681b by NOT having any permissible purpose to furnish a consumer report without his knowledge or consent, or any other data contained therein, pursuant to § 1681b(a)(1), § 1681b(a)(2), § 1681b(a)(3)(A)-(G), § 1681b(a)(4)(A)-(C), § 1681b(a)(5), and § 1681b(a)(6).

181.   Experian understood that Plaintiff's credit information, including his personal information, was private and confidential.

182.   Experian understood that it lacked standing to furnish any credit information to ANY person and/or any data contained therein that was for a reason not specified pursuant to the FCRA, 1681b.

183.   Experian had no lawful purpose to provide access to Plaintiff's confidential credit information without his knowledge or consent.

184.   Experian understood that Plaintiff's private and confidential information was accessed without a permissible purpose, thereby invading his right to privacy.

185.   Experian engaged in an action that was negligent, thereby in violation of § 1681o.  As a result, Plaintiff suffered damages.

186.   In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n.  As a result, Plaintiff suffered damages.

187.   Plaintiff is entitled to actual damages or statutory damages.

188.   Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

189.   Plaintiff is entitled to expenses incurred, plus costs of suit.

AMENDED COMPLAINT FOR DAMAGES

## Count VI, Violation of the FCRA, 15 U.S.C. § 1681b
### SECOND impermissible pull by Experian 02/12/20

190.   Plaintiff incorporates by reference all preceding paragraphs relating to violations of the FCRA, "Permissible purposes of consumer reports" as though fully stated herein, regarding the **second** impermissible pull by Experian dated 02/12/20 on Experian Report # 0513-9800-74. (Emphasis added).

191.   The statute governing "Permissible purposes of consumer reports" provides, in pertinent part: "(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following conditions **and no other**." (Emphasis added).

192.   On February 12, 2020, Experian accessed Plaintiff's credit information by posting an inquiry on his consumer report, without a permissible purpose as defined by the FCRA, 15 U.S.C. § 1681b.

193.   Experian understood that Plaintiff did not give permission to Experian to make such inquiry on 02/12/20, either for a dispute initiated by Plaintiff, or for a consumer report initiated by Plaintiff.

194.   Experian received a letter by Plaintiff via REGISTERED mail on April 13, 2020, and failed to disclose to Plaintiff as to exactly why Experian made this second inquiry on 02/12/20.

195.   Experian violated § 1681b by NOT having any permissible purpose to furnish a consumer report without his knowledge or consent, or any other data contained therein, pursuant to § 1681b(a)(1), § 1681b(a)(2), § 1681b(a)(3)(A)-(G), § 1681b(a)(4)(A)-(C), § 1681b(a)(5), and § 1681b(a)(6).

196.  Experian understood that Plaintiff's credit information, including his personal information, was private and confidential.

197.  Experian understood that it lacked standing to furnish any credit information to ANY person and/or any data contained therein that was for a reason not specified pursuant to the FCRA, 1681b.

198. Experian had no lawful purpose to provide access to Plaintiff's confidential credit information without his knowledge or consent.

199. Experian understood that Plaintiff's private and confidential information was accessed without a permissible purpose, thereby invading his right to privacy.

200. Experian engaged in an action that was negligent, thereby in violation of § 1681o. As a result, Plaintiff suffered damages.

201. In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n. As a result, Plaintiff suffered damages.

202. Plaintiff is entitled to actual damages or statutory damages.

203. Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

204. Plaintiff is entitled to expenses incurred, plus costs of suit.

**Count VII, Violation of the FCRA, 15 U.S.C. § 1681i(a)**

**Failure to reinvestigate regarding the SECOND impermissible pull by Experian 02/12/20**

205. Plaintiff incorporates all preceding paragraphs by reference relating to violations of the FCRA, "Procedure in case of disputed accuracy" as though fully stated herein regarding the **second** impermissible pull made by Experian on 02/12/20. (Emphasis added).

206. Plaintiff sent a NOTICE to Experian via REGISTERED MAIL dated April 6, 2020 regarding the unauthorized inquiry described herein appearing on Experian Report # 0513-9800-24. Experian further understood that Experian received the letter, traceable via USPS.com, Tracking Number: RE276091545US.

207. Experian treated Plaintiff's letter as a dispute, and Experian failed to conduct a reasonable reinvestigation pursuant to 15 U.S.C. § 1681i(a)(1)(A).

208. Experian failed to consider all relevant information submitted by the consumer with respect to the disputed and unauthorized inquiry dated 02/12/20, thereby violating 15 U.S.C. § 1681i(a)(4).

AMENDED COMPLAINT FOR DAMAGES

209.   Experian failed to promptly DELETE the item of information from the file of the consumer regarding the second inquiry dated 02/12/20, thereby violating 15 U.S.C. § 1681i(a)(5)(A).

210.   Experian sent Plaintiff the "Dispute Results" dated 04/24/20, Experian Report # 2799-5718-74 (See Exhibit M).

211.   Experian failed to provide Plaintiff the Notice of Results of Reinvestigation **specifically addressing the disputed inquiry**, thereby violating 15 U.S.C. § 1681i(a)(6)(A).  (Emphasis added).

212.   Experian understood that Plaintiff has standing to dispute *any* item of information contained in a credit report that is either inaccurate, incomplete or cannot be verified.

213.   Experian further understood that the inquiry listed by Experian dated 02/12/20 was **unverified**.  (Emphasis added).

214.   Experian engaged in an action that was negligent, thereby in violation of § 1681o.  As a result, Plaintiff suffered damages.

215.   In the alternative, Experian engaged in an action that was willful, thereby in violation of § 1681n.  As a result, Plaintiff suffered damages.

216.   Plaintiff is entitled to actual damages or statutory damages.

217.   Plaintiff is entitled to punitive damages for willful violations in addition to actual or statutory damages.

218.   Plaintiff is entitled to expenses incurred, plus costs of suit.

### Demand for Jury Trial

219.   Plaintiff demands a jury trial for Counts I through VII, and retains all rights to add additional Counts in any potential further amended complaint.

220. WHEREFORE, Plaintiff prays for a favorable ruling by judgment entered against Defendant for a finding of either willful or negligent violations as follows:

a.   Actual damages or statutory damages for willful noncompliance pursuant to 15 U.S.C. § 1681n(a)(1)(A) for EACH of the Counts I through VII;

1  Actual damages for negligent noncompliance pursuant to 15 U.S.C. § 1681o(a)(1)

2  for EACH of the Counts I through VII.

3       b.     Such amount of punitive damages as the court may allow,

4  pursuant to 15 U.S.C. § 1681n(a)(2), for EACH of the Counts I through VII.

5       c.     Costs of the action pursuant to 15 U.S.C. § 1681n(a)(3); Costs

6  of the action pursuant to 15 U.S.C. § 1681o(a)(2).

7       d.     Any other relief that the Court finds appropriate.

8

9

10

11     Date: 5/7/20          Respectfully submitted by:

12

13

14                            John Deatherage, Plaintiff
                              In Pro Per
15                            706 Palmer St.
                              Orlando, FL  32801
16                            (716) 830-0118
                              jdeatherage02@gmail.com
17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT FOR DAMAGES

## VERIFICATION OF COMPLAINT BY AFFIDAVIT

*See Black's Law Dictionary* 1793 (10th ed. 2014), ("**verify** vb. (14c) **1.** To prove to be true; to confirm or establish the truth or truthfulness of; to authenticate. **2.** To confirm or substantiate by oath or affidavit; to swear to the truth of."). *Hinkle v. Midland Credit Management, Inc., et al.*, 827 F.3d 1295, 1303 (11th Cir. 2016).

1.    I am a Pro Se, the named Plaintiff in the Complaint, I am over 18 years of age, and I can competently testify if called as a witness to the best of my personal knowledge of the facts and the Exhibits attached herewith.

2.    I sent NOTICE to Experian in a letter dated 9/26/19 via Certified Mail regarding an unauthorized inquiry on my Experian credit report.

3.    I sent a "Second Attempt to Investigate an Unauthorized Inquiry" NOTICE to Experian in a letter dated 11/14/19 via Registered Mail.

4.    I received a credit report from Experian dated 12/09/19 which shows Experian was reporting an inquiry from PERFORMANT FINANCIAL CORP with Date 02/26/18, and with Date 8/28/19, both of which listed the Reason as "Unspecified."

5.    I ordered my consumer report dated 03/06/20, which had TWO unauthorized inquires to my report made by Experian dated 02/12/20.

6.    I made repeated phone calls to Experian in order to find out the purpose for such inquiries dated 02/12/20 being reported by Experian on my consumer report.

7.    I sent a "Notice to Respond" to Experian via Certified Mail dated 03/19/20, and demanded to know from Experian as to who accessed the consumer report, twice, on 02/12/20.

8.    I did NOT receive any response by Experian.

9.    I sent a second letter to Experian via Registered Mail on April 6, 2020, disputing the inquiry appearing on my consumer report dated 02/12/20.

10. I received a "Dispute Results" from Experian dated 04/24/20, which did not address my SPECIFIC DEMANDS which I made to Experian via Registered Mail, as to who accessed my credit report twice on 02/12/20.

Date: 5/7/20 _____

John Deatherage

STATE OF FLORIDA
COUNTY OF _Orange_

Sworn to (or affirmed) and subscribed before me this __7__ day of _May_, 20_20_, by _John Deatherage_.

Signature: _____

(NOTARY SEAL)          Print: _Tyler Wade_

Personally Known _____ OR Produced Identification _√_

Type of Identification
Produced _Florida license_

Notary Public State of Florida
Tyler Wade
My Commission GG 126554
Expires 07/20/2021

AMENDED COMPLAINT FOR DAMAGES

**CERTIFICATE OF SERVICE**

I, John Deatherage, Plaintiff, hereby certify that I filed the foregoing with the Clerk at the drop box, and sent a copy to counsel below via first class mail, postage prepaid.


Maria H. Ruiz (Florida Bar No. 182923)
MRuiz@kasowitz.com
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, FL  33131
(786) 587-1044
*Counsel for Defendant Experian*
*Information Solutions, Inc.*

John Deatherage, Plaintiff
In Pro Per
706 Palmer St.
Orlando, FL  32801
(716) 830-0118
jdeatherage02@gmail.com

AMENDED COMPLAINT FOR DAMAGES