UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(Orlando Division)
Case Number: 6:20-CV-00156-CEM-GJK

JOHN DEATHERAGE,

      Plaintiff,

v.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

      Defendants.

## EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers Plaintiff John Deatherage's ("Plaintiff") Amended Complaint (the "Amended Complaint") as follows.

By adopting the headings set forth in the Amended Complaint for organizational purposes only, Experian does not admit any of the allegations set forth therein.

### PRELIMINARY STATEMENT: FCRA

1.      In response to paragraph 1 of the Amended Complaint, Experian states that Plaintiff purports to cite to the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §§ 1681 *et seq.*, which statements are not subject to denial or admission. To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

2.      In response to paragraph 2 of the Amended Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

3.      In response to paragraph 3 of the Amended Complaint, Experian states that Plaintiff purports to cite to cases interpreting the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

4.      In response to paragraph 4 of the Amended Complaint, Experian states that Plaintiff purports to cite to a 2015 settlement agreement signed between the New York Attorney General's Office and the CRAs, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the alleged settlement agreement and Experian denies that it violated the FCRA.

5.      In response to paragraph 5 of the Amended Complaint, Experian admits that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 5 of the Amended Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 5 of the Amended Complaint and specifically denies Plaintiff is entitled to damages or any other relief whatsoever from Experian and denies that Experian has violated the FCRA.

**<u>Jurisdiction and Venue</u>**

6.       In response to paragraph 6 of the Amended Complaint, Experian admits that Plaintiff has alleged jurisdiction based on the Fair Credit Reporting Act, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  As for the remaining allegations in paragraph 6 of the Amended Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 6 of the Amended Complaint and specifically denies that it violated the FCRA.

7.       In response to paragraph 7 of the Amended Complaint, Experian admits that Plaintiff has alleged that venue is proper pursuant to 28 U.S.C. § 1391(b)(1).  Experian denies that it has harmed Plaintiff.  Experian admits that it is qualified to conduct business and does conduct business in the State of Florida.  As to the remaining allegations of paragraph 7 of the Amended Complaint, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

8.       In response to paragraph 8 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff "attempted to mitigate damages" and therefore denies that allegation in paragraph 8.  Experian further admits that it received correspondence from Plaintiff.   Except as specifically admitted, Experian denies the remaining allegations contained in paragraph 8 of the Amended Complaint.

**<u>Parties</u>**

9.      In response to paragraph 9 of the Amended Complaint, Experian admits that Plaintiff purports to be a person and consumer as defined by 15 U.S.C.§ 1681a(b) and §1681a(c).  Except as specifically admitted, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

10.      In response to paragraph 10 of the Amended Complaint, Experian admits that it is an Ohio corporation with its principal place of business in Costa Mesa, California.

11.      In response to paragraph 11 of the Amended Complaint, Experian admits that its registered agent in Florida is CT Corporation System.

12.      In response to paragraph 12 of the Amended Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).  Experian further admits that it is a nationwide consumer reporting agency as defined by 15 U.S.C. §1681a(p).  Experian also admits that it is a person as defined by 15 U.S.C. §1681a(b).

13.      In response to paragraph 13 of the Amended Complaint, Experian admits that it issues consumer reports as defined by 15 U.S.C. § 1681a(d).

14.      In response to paragraph 14 of the Amended Complaint, Experian admits that Experian Holdings, Inc. is a holding company, and a parent company of Experian, whose ultimate parent is Experian plc.  Experian plc indirectly owns 100 percent of Experian.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 14 of the Amended Complaint.

15.     In response to paragraph 15 of the Amended Complaint, Experian admits that Experian plc is the ultimate parent company of Experian.

16.     In response to paragraph 16 of the Amended Complaint, Experian admits that it does not specifically identify "Experian Holdings, Inc." in all of its corporate disclosure statements.   Instead, in compliance with Fed. R. Civ. P. 7.1(a)(1) and this Court's Interested Persons Order (ECF No. 4), which requires Experian to identify each "corporation that has or may have an interest in the outcome of this action," Experian properly identifies Experian plc as its ultimate parent.  This disclosure enables the Court to "identify parties and interested corporations in which any assigned judge may be a shareholder," (ECF No. 4), and to make a "properly informed disqualification decision[s] in situations that call for automatic disqualification" as contemplated by Fed. R. Civ. P. 7.1.  *See* Fed. R. Civ. P. 7.1, advisory committee's note to 2002 amendments.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 16 of the Amended Complaint.

### Factual Allegations

17.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

18.     In response to paragraph 18 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff on or about August 12, 2019, requesting a copy of his consumer disclosure and that Experian sent Plaintiff his consumer disclosure on or about August 19, 2019.  Except as specifically admitted, Experian denies, generally

and specifically, each and every remaining allegation contained in paragraph 18 of the Amended Complaint.

19.     In response to paragraph 19 of the Amended Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit A.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 19 of the Amended Complaint.

20.     In response to paragraph 20 of the Amended Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit A.  Experian further admits that an inquiry from Performant Financial Corp. is listed as "Unspecified" under the "Inquiries shared with others" section of the "Record of requests for your credit history." Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 20 of the Amended Complaint.

21.     In response to paragraph 21 of the Amended Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 21 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

22.     In response to paragraph 22 of the Amended Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about August 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit A.  Experian further admits

that an inquiry from Performant Financial Corp. is listed under the "Inquiries shared with others" section of the "Record of requests for your credit history."  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 22 of the Amended Complaint.

23.     In response to paragraph 23 of the Amended Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 23 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

24.     In response to paragraph 24 of the Amended Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 24 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein, including all subparts.

25.     In response to paragraph 25 of the Amended Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit B.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 25 of the Amended Complaint.

26.     In response to paragraph 26 of the Amended Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, postmarked September 28, 2019, and bearing certified mail tracking number 7016 3560 0000 2096 1648, a portion of which Plaintiff attached to his Amended Complaint as Exhibits B and C.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 26 of the Amended Complaint.

27.     In response to paragraph 27 of the Amended Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit B.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 27 of the Amended Complaint.

28.     In response to paragraph 28 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

29.     In response to paragraph 29 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

30.     In response to paragraph 30 of the Amended Complaint, Experian admits that Performant Financial Corporation ("Performant") is a subscriber of Experian. Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 30 of the Amended Complaint.

31.     In response to paragraph 31 of the Amended Complaint, Experian admits that Plaintiff purports to summarize the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

32.     In response to paragraph 32 of the Amended Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

33.     In response to paragraph 33 of the Amended Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

34.     In response to paragraph 34 of the Amended Complaint, Experian denies, generally and specifically, each and every allegations contained therein.

35.     In response to paragraph 35 of the Amended Complaint, Experian admits that Plaintiff purports to cite to the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

36.     In response to paragraph 36 of the Amended Complaint, Experian admits that Plaintiff purports to cite to the FCRA, and Experian denies any allegations inconsistent with the FCRA.  Experian denies that it violated the FCRA.

37.     In response to paragraph 37 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

38.     In response to paragraph 38 of the Amended Complaint, Experian denies that it sent an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

39.     In response to paragraph 39 of the Amended Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

40.     In response to paragraph 40 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on about October 24, 2019.

41.     In response to paragraph 41 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on or about October 24, 2019.  Experian further admits the correspondence dated October 24, 2019 states in part "[b]y federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years.

Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it fs accessed by others with a permissible purpose. These inquiries may affect your credit score."  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 41 of the Amended Complaint.

42.     In response to paragraph 42 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on or about October 24, 2019.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 42 of the Amended Complaint.

43.     In response to paragraph 43 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on or about October 24, 2019. Experian further admits

the correspondence dated October 24, 2019 states in part "[b]y federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years.

Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it fs accessed by others with a permissible purpose. These inquiries may affect your credit score." Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 43 of the Amended Complaint.

44. In response to paragraph 44 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

45. In response to paragraph 45 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

46. In response to paragraph 46 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

47.     In response to paragraph 47 of the Amended Complaint, Experian denies that it violated the FCRA.  As to the remaining allegations of paragraph 47 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

48.     In response to paragraph 48 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit D. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 48 of the Amended Complaint.

49.     In response to paragraph 49 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, a portion of which Plaintiff attached to his Amended Complaint as Exhibits D and E.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 49 of the Amended Complaint.

50.     In response to paragraph 50 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit D.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 50 of the Amended Complaint.  Experian further denies that it violated the FCRA.

51.     In response to paragraph 51 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, a portion of which Plaintiff attached to his Amended Complaint as Exhibits D and E.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 51 of the Amended Complaint.

52.     In response to paragraph 52 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit D.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 52 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 52 of the Amended Complaint.

53.     In response to paragraph 53 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

54.     In response to paragraph 54 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

55.     In response to paragraph 55 of the Amended Complaint, Experian denies that it sent an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

56.     In response to paragraph 56 of the Amended Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

57.     In response to paragraph 57 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

58.     In response to paragraph 58 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on or about November 29, 2019.

59.     In response to paragraph 59 of the Amended Complaint, Experian admits that it sent Plaintiff correspondence on or about November 29, 2019. Experian further admits the correspondence dated November 29, 2019 states in part "[b]y federal law, your personal credit report must list all organizations that have requested your credit history. In accordance with the Fair Credit Reporting Act, entities who have certified to Experian that they have a permissible purpose may inquire about credit information. For example, organizations that have granted you credit or with whom you have applied for credit, or entities collecting on transactions that you initiated or on judgments rendered against you, are permitted to make inquiries on your credit report. Requests for your credit history remain on the personal credit report for at least two years.

Inquiries from credit grantors who request your credit information as part of your application for credit will display under the heading "Inquiries shared with others" on your personal credit report. These inquiries display on your credit report when it fs accessed by others with a permissible purpose. These inquiries may affect your credit score." Further, Experian admits the correspondence dated November 29, 2019 also contains [in response to your recent request, we are sending you this credit report." Except as specifically

admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 59 of the Amended Complaint.

60.     In response to paragraph 60 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

61.     In response to paragraph 61 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

62.     In response to paragraph 62 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

63.     In response to paragraph 63 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

64.     In response to paragraph 64 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

65.     In response to paragraph 65 of the Amended Complaint, Experian admits that it received a request from Plaintiff for his consumer disclosure on or about December 9, 2019, and that Experian sent Plaintiff his consumer disclosure on or about December 9, 2019.  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 65 of the Amended Complaint.

66.     In response to paragraph 66 of the Amended Complaint, Experian admits that it sent Plaintiff his consumer disclosure on or about December 9, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit F.  Experian further admits that two inquiries from Performant Financial Corp. are listed as "Unspecified" under the "Inquiries shared with others" section of the "Record of requests for your credit history."

Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 66 of the Amended Complaint.   Experian denies that it violated the FCRA.

67.     In response to paragraph 67 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

68.     In response to paragraph 68 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

69.     In response to paragraph 69 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

70.     In response to paragraph 70 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

71.     In response to paragraph 71 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## **NEWLY DISCOVERED INFORMATION**

72.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

73.     In response to paragraph 73 of the Amended Complaint, Experian admits Plaintiff contacted Experian by telephone  on March 6, 2020.  Experian further admits sending Plaintiff Experian Report # 0513-9800-74 on or about March 6, 2020.  As to the

remaining allegations of paragraph 73 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegation contained therein.

74.     In response to paragraph 74 of the Amended Complaint, Experian admits Experian Report # 0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.  As to the remaining allegations of paragraph 74 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

75.     In response to paragraph 75 of the Amended Complaint, Experian admits Experian Report # 0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.  Experian further states the allegations contained in paragraph 75 are too vague and ambiguous to formulate a response and therefore Experian denies, generally and specifically, each and every remaining allegations in paragraph 75 of the Amended Complaint.

76.     In response to paragraph 76 of the Amended Complaint, Experian admits that it has not received a dispute from Plaintiff on any tradelines since at least January 30, 2020.  As to the remaining allegations of paragraph 76 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

77.     In response to paragraph 77 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

78.     In response to paragraph 78 of the Amended Complaint, Experian admits that on March 10, 2020, counsel for Experian requested from Plaintiff his full name, date of birth and social security number.  As to the remaining allegations of paragraph 78 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

79.     In response to paragraph 79 of the Amended Complaint, Experian admits that Plaintiff replied to an email dated March 10, 2020, from counsel for Experian and stated among other things; his "social security [number] is private, confidential information, and will not be shared;" "[n]either you, nor your law firm or client has my permission to pull credit file;" and "[t]he request for my social security number is denied."  As to the remaining allegations of paragraph 79 of the Amended Complaint, Experian states that Plaintiff's allegations are so vague and ambiguous due to  Plaintiff's use of the terms "private and confidential" that Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis denies, generally and specifically, each and every allegation contained in paragraph 79 of the Amended Complaint.  Further Experian admits that as a Consumer Reporting Agency it is subject to the FCRA.

80.     In response to paragraph 80 of the Amended Complaint, Experian admits that Plaintiff replied to an email dated March 10, 2020, from counsel for Experian and stated among other things; his "social security [number] is private, confidential information, and will not be shared;" "[n]either you, nor your law firm or client has my permission to pull credit file;" and "[t]he request for my social security number is denied."  As to the remaining allegations of paragraph 80 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

81.     In response to paragraph 81 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

82.     In response to paragraph 82 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

83.     In response to paragraph 83 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

84.     In response to paragraph 84 of the Amended Complaint, Experian admits that it sent Plaintiff Experian Report # 0513-9800-74 on or about March 6, 2020. Experian further admits that on March 10, 2020, counsel for Experian requested from Plaintiff his full name, date of birth, and social security number.  As to the remaining allegations of paragraph 84 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

85.     In response to paragraph 85 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

86.     In response to paragraph 86 of the Amended Complaint, Experian states that Plaintiff purports to cite to 15 U.S.C. § 1681b, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

87.     In response to paragraph 87 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

88.     In response to paragraph 88 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

89.     In response to paragraph 89 of the Amended Complaint, Experian admits that it received two telephone calls from Plaintiff on or about March 12, 2020. As to the remaining allegations contained in paragraph 89 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

90.     In response to paragraph 90 of the Amended Complaint, Experian admits that it received two telephone calls from Plaintiff on or about March 12, 2020. As to the remaining allegations contained in paragraph 90 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

91.     In response to paragraph 91 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

92.     In response to paragraph 92 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of March 19, 2020, and postmarked March 20, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit I.

93.     In response to paragraph 93 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of March 19, 2020, and postmarked March 20, 2020, a portion of  which Plaintiff attached to his Amended Complaint as Exhibits I and J.

94.     In response to paragraph 94 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

95.     In response to paragraph 95 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

96.     In response to paragraph 96 of the Amended Complaint, Experian it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein..

97.     In response to paragraph 97 of the Amended Complaint, Experian admits it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked

April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K. Except as specifically admitted Experian denies, generally and specifically, each and every remaining allegation of paragraph 97 of the Amended Complaint.

98.     In response to paragraph 98 of the Amended Complaint, Experian admits that on or about April 13, 2020, it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K.

99.     In response to paragraph 99 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibits K and L.

100.     In response to paragraph 100 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K. Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 100 of the Amended Complaint.

101.     In response to paragraph 101 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K. Experian further admits that Exhibit K contained language that Plaintiff is

communicating "to get information about these inquiries." Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 101 of the Amended Complaint.

102.    In response to paragraph 102 of the Amended Complaint, Experian admits that it sent Plaintiff Experian Report # 2799-5718-74 on or about April 24, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit M.

103.    In response to paragraph 103 of the Amended Complaint, Experian admits that it sent Plaintiff Experian Report # 2799-5718-74 on or about April 24, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit M.  Experian further admits that Exhibit M contains the language "Each time a consumer reporting agency accesses your personal credit report to send you a copy or to process your disputes, the name of the consumer credit reporting agency will appear as an inquiry on your personal credit report."  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 103 of the Amended Complaint.

104.    In response to paragraph 104 of the Amended Complaint, Experian admits that on or about August 19, 2019, December 9, 2019, and March 6, 2020, Plaintiff requested a copy of his consumer disclosure.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 104 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 104 of the Amended Complaint.

105.    In response to paragraph 105 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K.  Further, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

106.    In response to paragraph 106 of the Amended Complaint, Experian admits that on or about April 13, 2020, it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit K.  Experian further admits that Exhibit K contains language that Plaintiff is communicating "to get information about these inquiries."  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 106 of the Amended Complaint.

107.    In response to paragraph 107 of the Amended Complaint, Experian admits Experian Report # 0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.  As to the remaining allegations of paragraph 107 of the Amended Complaint, Experian is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

108.     In response to paragraph 108 of the Amended Complaint, Experian admits Experian Report #0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.   As to the remaining allegations of paragraph 108 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

109.     In response to paragraph 109 of the Amended Complaint, Experian admits Experian Report #0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.   As to the remaining allegations of paragraph 109 of the Amended Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

110.     In response to paragraph 110 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

111.     In response to paragraph 111 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

112.     In response to paragraph 112 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

113.     In response to paragraph 113 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

114.    In response to paragraph 114 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

115.    In response to paragraph 115 of the Amended Complaint, Experian states that Plaintiff purports to cite to the 15 U.S.C. § 1681q, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

116.    In response to paragraph 116 of the Amended Complaint, Experian states that Plaintiff purports to cite to the 15 U.S.C. § 1681q, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

## Causes of Action
### Count I, Violation of the FCRA, 15 U.S.C. §1681b

117.    Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

118.    In response to paragraph 118 of the Amended Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

119.    In response to paragraph 119 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

120.     In response to paragraph 120 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

121.     In response to paragraph 121 of the Amended Complaint, Experian states that Plaintiff's allegations are so vague and ambiguous due to Plaintiff's use of the terms "private and confidential" that Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis denies, generally and specifically, each and every allegation contained in paragraph 121 of the Amended Complaint.  Further Experian admits that as a Consumer Reporting Agency it is subject to the FCRA.

122.     In response to paragraph 122 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

123.     In response to paragraph 123 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

124.     In response to paragraph 124 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

125.     In response to paragraph 125 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

126.     In response to paragraph 126 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

127.     In response to paragraph 127 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

128.     In response to paragraph 128 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies Plaintiff is entitled to damages or any other relief whatsoever from Experian.

129.     In response to paragraph 129 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

**Count II, Violation of the FCRA, 15 U.S.C. §1681(e)(a)**

130.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

131.     In response to paragraph 131 of the Amended Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it has violated the FCRA.

132.     In response to paragraph 132 of the Amended Complaint, Experian admits that Performant is a subscriber of Experian.  Experian further admits Performant requested Plaintiff's credit information on or about February 26, 2018, and August 28, 2019.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Amended Complaint,

and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 132 of the Amended Complaint.

133.    In response to paragraph 133 of the Amended Complaint, Experian admits that it sent Plaintiff Experian Credit Report # 1571-6491-69 dated August 19, 2019 a portion of which Plaintiff attached to his Amended Complaint as Exhibit A.   Experian further admits that an inquiry from Performant Financial Corp. is listed as "Unspecified" under the "Inquiries shared with others" section of the "Record of requests for your credit history."  Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 133 of the Amended Complaint.

134.    In response to paragraph 134 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

135.    In response to paragraph 135 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

136.    In response to paragraph 136 of the Amended Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, and postmarked September 28, 2019, a portion of which Plaintiff attached to his Amended Complaint as Exhibit B.  Experian further admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, and postmarked November 19, 2019, a portion of which Plaintiff attached to his Amended Complaint  as Exhibit D.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Amended Complaint, and, on that basis, denies, generally and

specifically, each and every remaining allegation of paragraph 136 of the Amended Complaint.

137.     In response to paragraph 137 of the Amended Complaint, Experian admits that Performant furnishes data to Experian under contract.  Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 137 of the Amended Complaint.

138.     In response to paragraph 138 of the Amended Complaint, Experian admits that Performant is a subscriber of Experian.  Experian admits Performant has a subscriber code with Experian.  Experian further admits that it provides consumer credit information to Performant under contract for monetary compensation.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 138 of the Amended Complaint.

139.     In response to paragraph 139 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

140.     In response to paragraph 140 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

141.    In response to paragraph 141 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

142.    In response to paragraph 142 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

143.    In response to paragraph 143 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

144.    In response to paragraph 144 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

**Count III, Violation of the FCRA, 15 U.S.C. §1681i(a)**

145.    Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

146.    In response to paragraph 146 of the Amended Complaint, Experian admits that, on or about October 7, 2019, it received correspondence from Plaintiff bearing a date of September 26, 2019, postmarked September 28, 2019, and bearing certified mail tracking number 7016 3560 0000 2096 1648, a portion of which Plaintiff attached to his Amended Complaint as Exhibits B and C.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 146 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 146 of the Amended Complaint.

147.    In response to paragraph 147 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

148.    In response to paragraph 148 of the Amended Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

149.    In response to paragraph 149 of the Amended Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

150.    In response to paragraph 150 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

151.    In response to paragraph 151 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

152.     In response to paragraph 152 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

153.     In response to paragraph 153 of the Amended Complaint, Experian states that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 153 of the Amended Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 153 of the Amended Complaint and specifically denies that it has violated the FCRA.

154.     In response to paragraph 154 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

155.     In response to paragraph 155 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

156.     In response to paragraph 156 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

157.     In response to paragraph 157 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

158.     In response to paragraph 158 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

159.    In response to paragraph 159 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein, and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

### Count IV Violation of the FCRA, 15 U.S.C. §1681(i)(a)

160.    Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

161.    In response to paragraph 161 of the Amended Complaint, Experian admits that, on or about November 25, 2019, it received correspondence from Plaintiff bearing a date of November 14, 2019, postmarked November 19, 2019, and bearing certified mail tracking number RE 276 055 282 US, a portion of which Plaintiff attached to his Amended Complaint as Exhibits D and E.  Except as specifically admitted, Experian does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161 of the Amended Complaint, and, on that basis, denies, generally and specifically, each and every remaining allegation of paragraph 161 of the Amended Complaint.

162.    In response to paragraph 162 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein

163.    In response to paragraph 163 of the Amended Complaint Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have

requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

164.    In response to paragraph 164 of the Amended Complaint, Experian admits that it did not send an Automated Consumer Dispute Verification form or Plaintiff's correspondence to Performant.  Experian further states that the record of requests for credit history that Experian compiled is a factual record listing of those companies that have requested Plaintiff's credit information from Experian, and as such, no revisions were necessary.  Experian denies that it violated the FCRA.

165.    In response to paragraph 165 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

166.    In response to paragraph 166 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

167.    In response to paragraph 167 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

168.    In response to paragraph 168 of the Amended Complaint, Experian states that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 168 of the Amended Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 168 of the Amended Complaint and specifically denies that it has violated the FCRA.

169.    In response to paragraph 169 of the Amended Complaint, Experian admits that it sent Plaintiff Experian Credit Report # 1572-6491-69 on or about August 19, 2019.

Experian further admits that an inquiry from Performant Financial Corp. is listed as "Unspecified" under the "Inquiries shared with others" section of the "Record of requests for your credit history." Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained in paragraph 169 of the Amended Complaint.

170.    In response to paragraph 170 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

171.    In response to paragraph 171 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

172.    In response to paragraph 172 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

173.    In response to paragraph 173 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

174.    In response to paragraph 174 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

**Count V, Violation of the FCRA, 15 U.S.C. § 1681b**
**FIRST impermissible pull by Experian 02/12/20**

175.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

176.     In response to paragraph 176 of the Amended Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA.

177.     In response to paragraph 177 of the Amended Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein. Experian denies that it violated the FCRA.

178.     In response to paragraph 178 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

179.     In response to paragraph 179 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of March 19, 2020, and postmarked March 20, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibit I.  As to the remaining allegations of paragraph 179 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

180.     In response to paragraph 180 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

181.    In response to paragraph 181 of the Amended Complaint, Experian  states that Plaintiff's allegations are so vague and ambiguous due to  Plaintiff's use of the terms "private and confidential" that Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis denies, generally and specifically, each and every allegation contained in paragraph 181 of the Amended Complaint.  Further Experian admits that as a Consumer Reporting Agency it is subject to the FCRA.

182.    In response to paragraph 182 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

183.    In response to paragraph 183 of the Amended Complaint, denies, generally and specifically, each and every allegation contained therein.

184.    In response to paragraph 184 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

185.    In response to paragraph 185 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

186.    In response to paragraph 186 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

187.    In response to paragraph 187 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

188.     In response to paragraph 188 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

189.     In response to paragraph 189 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

## Count VI, Violation of the FCRA, 15 U.S.C. § 1681b
## SECOND impermissible pull by Experian 02/12/20

190.     Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

191.     In response to paragraph 191 of the Amended Complaint, Experian states that Plaintiff purports to cite to the FCRA, which statements are not subject to denial or admission.  To the extent a response is deemed required, Experian denies any allegations inconsistent with the FCRA and Experian denies that it violated the FCRA

192.     In response to paragraph 192 of the Amended Complaint, Experian denies, generally and specifically, each and every remaining allegation contained therein.

193.     In response to paragraph 193 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

194.     In response to paragraph 194 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint

as Exhibit K.  As to the remaining allegations of paragraph 194 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

195.    In response to paragraph 195 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

196.    In response to paragraph 196 of the Amended Complaint, Experian states that Plaintiff's allegations are so vague and ambiguous due to Plaintiff's use of the terms "private and confidential" that Experian is without knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis denies, generally and specifically, each and every allegation contained in paragraph 196 of the Amended Complaint.  Further Experian admits that as a Consumer Reporting Agency it is subject to the FCRA.

197.    In response to paragraph 197 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

198.    In response to paragraph 198 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

199.    In response to paragraph 199 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

200.    In response to paragraph 200 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

201.    In response to paragraph 201 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that

Plaintiff is entitled to damages or any other relief whatsoever from Experian.  Experian denies it violated the FCRA.

202.    In response to paragraph 202 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

203.    In response to paragraph 203 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

204.    In response to paragraph 204 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

### Count VII, Violation of the FCRA, 15 U.S.C. § 1681i(a)
### Failure to reinvestigate regarding the
### SECOND impermissible pull by Experian 02/12/20

205.    Experian incorporates by reference its responses to all of the above paragraphs as though fully stated herein with the same force and effect as if the same were set forth at length herein.

206.    In response to paragraph 206 of the Amended Complaint, Experian admits that it received correspondence from Plaintiff bearing a date of April 6, 2020, and postmarked April 8, 2020, a portion of which Plaintiff attached to his Amended Complaint as Exhibits K and L.

207.    In response to paragraph 207 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

208.     In response to paragraph 208 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.  Experian denies it violated the FCRA.

209.     In response to paragraph 209 of the Amended Complaint, Experian admits Experian Report #0513-9800-74 lists inquiries as Experian 475 Anton Blvd Costa Mesa Ca 92626 Date: 02/12/20.  Experian denies it violated the FCRA.

210.     In response to paragraph 210 of the Amended Complaint, Experian admits that it sent Plaintiff  Experian Report # 2799-5718-74 on or about April 24, 2020, a portion of  which Plaintiff attached to his Amended Complaint as Exhibit M.

211.     In response to paragraph 211 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

212.     In response to paragraph 212 of the Amended Complaint, Experian states that Plaintiff has alleged standing based on the Fair Credit Reporting Act.  As for the remaining allegations in paragraph 212 of the Amended Complaint, Experian states that they are legal conclusions, which are not subject to denial or admission.  To the extent a response is deemed required, Experian denies the remaining allegations in paragraph 212 of the Amended Complaint and specifically denies that it has violated the FCRA.

213.     In response to paragraph 213 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

214.     In response to paragraph 214 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

215.    In response to paragraph 215 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

216.    In response to paragraph 216 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

217.    In response to paragraph 217 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

218.    In response to paragraph 218 of the Amended Complaint, Experian denies, generally and specifically, each and every allegation contained therein and denies that Plaintiff is entitled to damages or any other relief whatsoever from Experian.

### Response to Demand for Jury Trial

219.    Experian admits that Plaintiff has demanded a trial by jury, but denies that Plaintiff is entitled to any relief herein.

220.    In response to the alphabetical paragraphs beginning with "WHEREFORE," Experian denies that Plaintiff is entitled to any of the relief set forth therein against Experian.

### AFFIRMATIVE DEFENSES

In further response to Plaintiff's Amended Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
**(Truth/Accuracy of Information)**

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### SECOND AFFIRMATIVE DEFENSE
**(Indemnification)**

Experian is informed and believes and thereon alleges that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### THIRD AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

While Plaintiff alleges that he suffered "actual" damages, he fails to specify what "actual" damages he suffered.  Nor does Plaintiff specifically allege what actions he took to mitigate his alleged "actual" damages.  On information and belief, to the extent Plaintiff suffered "actual" damages, he has failed to mitigate such damages.

### FOURTH AFFIRMATIVE DEFENSE
**(Contributory/Comparative Fault)**

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff.  Therefore, Plaintiff is estopped and barred from recovery of any damages.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Experian is informed and believes and thereon alleges that all claims for relief in the Amended Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p, because on information and belief, Plaintiff was on notice of information, including potentially negative entries on his credit file, before January 30, 2018.

## SEVENTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

The Amended Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.  Plaintiff's claims for exemplary or punitive damages violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment and the Excessive Fines Clause of the Eighth Amendment.

## EIGHTH AFFIRMATIVE DEFENSE
### (Intervening Causes)

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Amended Complaint, there was an intervening, superseding

cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

That Plaintiff take nothing by virtue of the Amended Complaint herein and that this action be dismissed in its entirety;

For costs of suit and attorneys' fees herein incurred; and

For such other and further relief as the Court may deem just and proper.

Dated:  May 22, 2020

Respectfully submitted;

/s/ *Maria H. Ruiz*
Maria H. Ruiz (Florida Bar No. 182923)
MRuiz@kasowitz.com
KASOWITZ BENSON TORRES LLP
1441 Brickell Avenue, Suite 1420
Miami, Florida, 33131
(786) 587-1044 (t) / (305) 675-2601 (f)
*Counsel for Defendant Experian*
*Information Solutions, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 22, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day upon Plaintiff via regular mail as follows:

Mr. John Deatherage
706 Palmer Street
Orlando, FL 32801

*/s/ Maria H. Ruiz*
Maria H. Ruiz